```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
KEVIN D. MEYER, individually and      :
on behalf of all others              :
similarly situated,                  :
                                     :
                Plaintiff,           :
                                     :
    - against -                      :
                                     :
UNITED MICROELECTRONICS              :
CORPORATION, et al.,                 :
                                     :
                Defendants.          :
-------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/30/19

19 Civ. 2304 (VM)

**ORDER**

**VICTOR MARRERO, United States District Judge.**

The Court received a letter motion from Defendants United Microelectronics Corporation (the "Company"), Shan-Chieh Chien, Jason Wang, and Chitung Liu (collectively, "Defendants") requesting a stay of this action pending resolution of a parallel federal criminal proceeding in the Northern District of California against the Company and certain individual defendants, and involving alleged wrongdoing in some respects related to the acts at issue here. See United States v. United Microelectronic Corp., et al., CR 18-465 (N.D. Cal.). (Dkt. No. 45.) The Court also received a letter motion from the Lead Plaintiff, Mark Nelson ("Plaintiff"), opposing Defendants' motion. (See attached letter ("October 28 Letter").)

Upon consideration of the parties' competing motions, the Court declines to issue a stay. Defendants have not

compellingly established that a stay is necessary. The instant action is a "fraud on the market" action brought under the federal securities laws, while the criminal matter pending in California involves allegations of commercial espionage and theft of trade secrets. While the matters have overlapping issues, the claims of misconduct are factually dissimilar. Furthermore, the criminal defendants, Stephen Chen, J.T. Ho, and Kenny Wang, are not named defendants here, and the Company does not enjoy Fifth Amendment privileges. Finally, the public interest weighs against a stay, given the risks of evidence spoliation and, given its international dimensions, the potentially lengthy duration of the criminal matter.

In the event the need for a protective order arises to protect any non-party witness's Fifth Amendment rights, the parties are welcome to submit a stipulated protective order for the Court's consideration.

**SO ORDERED.**

Dated:    New York, New York
          30 October 2019

VICTOR MARRERO
U.S.D.J.