| | |
|---|---|
| KEVIN D. MEYER, Individually and on Behalf of All Others Similarly Situated, | |
| Plaintiff, | |
| v. | No. 19-cv-02304-VM |
| UNITED MICROELECTRONICS CORPORATION, SHAN-CHIEH CHIEN, JASON WANG, PO-WEN YEN, and CHITUNG LIU, | CLASS ACTION |
| Defendants. | |

**DECLARATION OF GREGORY M. NESPOLE IN SUPPORT OF LEAD PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT**

I, Gregory M. Nespole, hereby declare as follows:

1. I am a partner of the law firm of Levi & Korsinsky, LLP ("Levi & Korsinsky" or "Lead Counsel"), attorneys for Lead Plaintiff Mark Nelson ("Lead Plaintiff") in the above-captioned action ("Action"). I am admitted to practice before this Court and have personal knowledge of the various matters set forth herein based on my day-to-day participation in the prosecution and settlement of this Action.

2. I submit this Declaration in support of Lead Plaintiff's Unopposed Motion for Preliminary Approval of Proposed Class Action Settlement.

3. Unless otherwise defined, capitalized terms herein have the same meaning as set forth in the Stipulation of Settlement, dated June 30, 2020 (the "Stipulation"), which is attached hereto as Exhibit 1. A copy of Levi & Korsinsky's firm resume is attached hereto as Exhibit 2.

**Statement of Facts**

4. On March 14, 2019, Kevin D. Meyer filed a securities class action complaint against United Microelectronics Corporation ("UMC" or the "Company") and certain of its current

and former officers and/or directors, including Shan-Chieh Chien, Jason Wang, Po-Wen Yen, and Chitung Liu (all together with UMC, "Defendants") on behalf of himself and all persons or entities who purchased or otherwise acquired UMC American Depositary Shares ("ADSs") between October 28, 2015 and November 1, 2018, inclusive (the "Class Period"). The Action, which was assigned to the Honorable Victor Marrero, alleged violations of 15 U.S.C. §§ 78j(b) and 78t(a) ("Section 10(b)" and "Section 20(a)," respectively) of the Securities Exchange Act of 1934 and 17 C.F.R. §240.10b-5 promulgated thereunder. (ECF No. 1).

5. On March 14, 2019, pursuant to the Private Securities Litigation Reform Act of 1995, counsel for plaintiff Meyer published notice on *Globe Newswire* informing other potential class members of their right to move for appointment as lead plaintiff for the putative Class.

6. On May 13, 2019, Mark Nelson moved to be appointed lead plaintiff and moved for his attorneys, Levi & Korsinsky, to be appointed lead counsel. (ECF No. 12). On May 23, 2019, the Court appointed Mr. Nelson as Lead Plaintiff and Levi & Korsinsky as Lead Counsel (ECF No. 19).

7. From May 23, 2019 to September 27, 2019, Lead Plaintiff, through counsel, diligently investigated the claims, defenses, and underlying events and transactions that are the subject of the Action. This process has included analyzing, among other things, publicly filed documents and records, investigative reports, and news stories; and reviewing and corroborating the allegations and developments. In particular, Lead Plaintiff's counsel reviewed, further researched, and took steps to corroborate the information and averments in (a) *United States v. United Microelectronics Corporation, et al.*, No. 18-cr-0465-MMC (N.D. Cal.) (the "DOJ Criminal Action"); (b) *United States v. United Microelectronics Corporation, et al.*, No. 3:18-cv-6643-MMC (N.D. Cal.), (c) filings in the Courts of Taiwan, including the Indictment Decision of

Taiwan District Prosecutors Office, Case Nos. 106-Zhen-Tzu No. 11035, 4520, 5612, & 5613; and (d) *Micron Technology, Inc. v. United Microelectronics Corporation, et al.*, No. 3:17-cv-6932-MMC (N.D. Cal.). In addition, Lead Counsel consulted with certain experts regarding issues of market efficiency and damages suffered by Lead Plaintiff and the Class resulting from the claims in the Action

8. On September 27, 2019, based on an extensive investigation, Lead Plaintiff filed a 120-page Amended Complaint alleging claims pursuant to §§ 10(b) and 20(a) of the Exchange Act and SEC Rule 10b-5 promulgated thereunder, against the Defendants. (ECF No. 42).

9. On October 23, 2019, Defendants requested a pre-motion conference to address their anticipated motion to stay the Action pending resolution of the DOJ Criminal Action. (ECF No. 45). On October 30, 2019, the Court denied Defendants' request for a stay. (ECF No. 47).

### The Settlement

10. Beginning before the filing of the Amended Complaint and after it was filed, the Parties participated in vigorous arm's-length negotiations concerning whether an early stage resolution was possible. Lead Counsel and Defendants' Counsel discussed the procedural posture of the Action, forthcoming pleadings, and the Parties' initial positions concerning the merits and strength of the allegations and potential defenses. During the months that followed, counsel for the Parties continued to undertake meaningful discussions of their views of the merits, strength, and risks concerning this Action.

11. Defendants' Counsel and Lead Counsel thereafter explored the possibility of resolving the Action through mediation and in December 2019, the Parties, through their counsel, agreed to retain Jed Melnick, Esq. of JAMS (the "Mediator") to help facilitate settlement

3

discussions. In aid of the mediation process, the parties exchanged detailed mediation statements that included preliminary damages calculations.

12. On February 10, 2020, after a full day of intensive negotiations, the Parties agreed to accept, in principle, the Mediator's recommendation to settle all claims in the Action for $3,000,000, subject to the execution of a customary stipulation and agreement of settlement and related papers and contingent on certain Confirmatory Discovery (defined below).

13. Following the parties' entry into the agreement in principle on February 10, 2020, the Parties negotiated the Stipulation. The Stipulation, which sets forth the final terms and conditions of the Settlement, includes, among other things, a release of all claims asserted against Defendants in the Action in return for a cash payment by the Defendants in the amount of $3,000,000 into a Settlement Fund for the benefit of the Settlement Class. The Stipulation is subject to the satisfactory completion of confirmatory discovery, which has been completed.

14. Following the parties' entry into the Stipulation, UMC provided Lead Plaintiff and Lead Counsel with documents previously produced by UMC in connection with litigation commenced by Micron Technology Inc., including motions to dismiss and jurisdictional discovery (the "Confirmatory Discovery"). Lead Counsel having reviewed the Confirmatory Discovery and apprised Lead Plaintiff of its contents, Lead Counsel and Lead Plaintiff believe that such production constitutes sufficient discovery to evaluate the fairness, reasonableness and adequacy of the Settlement.

15. In light of the significant risks of proceeding with further litigation, including the risks that Defendants would be successful in dismissing the action, damages and causation issues, UMC's financial position and uncertainty surrounding the collection of a judgment, and having

reviewed the Confirmatory Discovery, Lead Plaintiff and Lead Counsel determined that the proposed Settlement represents the best possible result for the Settlement Class.

## The Risks in Continuing the Litigation of the Action

16.     Lead Plaintiff and Lead Counsel are cognizant of the fact that assuming success on all issues of liability and damages would be imprudent.

17.     UMC's financial position is currently severely compromised and the Company is under indictment in both the United States and Taiwan.  The Company is a defendant in a multibillion-dollar theft of trade secrets litigation commenced by Micron Technology, Inc. Though that action is temporarily stayed pending the criminal actions, that action presents a serious threat to UMC.

18.     There are also serious issues concerning damages, loss causation, and market efficiency.  UMC ADSs trade on the NYSE on comparatively low volume.  The ADSs trade on a "delay" meaning that news affecting the ADSs' prices that is released in Asia reaches the United States many hours (and in some instances days) later.

19.     Lead Plaintiff and Lead Counsel believe that this Settlement is a favorable outcome for the Class as it secures an immediate benefit in light of the risks to proving liability and collecting on a possible judgment.

## Compensation of Lead Counsel

20.     As compensation for our efforts, Lead Counsel intends to seek an award of attorneys' fees in an amount equal to $900,000, or 30% of the Settlement Fund. Lead Counsel also intends to request reimbursement no more than $75,000 for the expenses it has incurred in prosecuting this Action. This comports with the Second Circuit's precedent on this issue as discussed in greater detail in the accompanying memorandum of law.

21. There are no agreements between Lead Plaintiff and Lead Counsel, on the one hand, and Defendants or Defendants' Counsel, on the other hand, except for those agreements detailed in the Stipulation. Lead Counsel has no fee sharing arrangements with anyone for this Action.

## The Plan of Allocation

22. The Plan of Allocation was created by Lead Counsel with the assistance of a financial consultant and is consistent with the theories of damages alleged in the Complaint.

23. From the beginning of the Class Period until present, UMC ADSs were listed on the NYSE.

24. Lead Counsel is not aware of any individual class member interested in bringing its own action against Defendants for securities fraud.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 27th day of July 2020 at New Rochelle, New York

*/s/ Gregory M. Nespole*
Gregory M. Nespole (GN 6820)