# Exhibit 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KEVIN D. MEYER, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> UNITED MICROELECTRONICS CORPORATION, SHAN-CHIEH CHIEN, JASON WANG, PO-WEN YEN, and CHITUNG LIU, <br><br> Defendants. | No. 19-cv-2304-VM |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement (together with the exhibits hereto, the "Stipulation") is made and entered into by and between Court-appointed Lead Plaintiff Mark Nelson ("Lead Plaintiff") on behalf of himself and the Class (as defined below), and Defendants United Microelectronics Corporation ("UMC" or the "Company") and certain of its current and former officers and/or directors, including Shan-Chieh Chien, Jason Wang, Po-Wen Yen, and Chitung Liu (collectively with UMC, "Defendants"), by and through their respective counsel of record in the above-captioned litigation pending in the United States District Court for the Southern District of New York (the "Court").[1] The Stipulation is intended by Lead Plaintiff and Defendants (collectively, the "Parties" ) to fully, finally, and forever resolve, discharge, release and settle the Settled Claims (as defined below) upon and subject to the terms and conditions hereof and subject to the Court's approval.

---

[1] Additional capitalized terms used in this Stipulation are defined below under the heading "Certain Definitions."

1

WHEREAS:

A.      On March 14, 2019, Kevin D. Meyer filed a securities class action complaint against Defendants on behalf of himself and all persons or entities who purchased or otherwise acquired UMC American Depositary Shares ("ADSs") between October 28, 2015 and November 1, 2018, inclusive (the "Class Period") captioned *Meyer v. United Microelectronics Corporation, et al.*, No.1:19-cv-02304-VM (S.D.N.Y.) (as amended, the "Action"). The Action, which was assigned to the Honorable Victor Marrero, alleged violations of 15 U.S.C. §§ 78j(b) and 78t(a) ("Section 10(b)" and "Section 20(a)," respectively) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder;

B.      On March 14, 2019, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), counsel for plaintiff Meyer published notice on *Globe Newswire* informing other potential class members of their right to move for appointment as lead plaintiff for the putative Class;

C.      On May 13, 2019, Mark Nelson moved to be appointed lead plaintiff and moved for Levi & Korsinsky, LLP ("Levi & Korsinsky") to be appointed Lead Counsel;

D.      On May 23, 2019 the Court appointed Lead Plaintiff as such, and appointed Levi & Korsinsky as Lead Counsel;

E.      From May 23, 2019 to September 27, 2019, Lead Plaintiff, through Lead Counsel, diligently investigated the claims, defenses, and underlying events and transactions that are the subject of the Action. This process has included analyzing, among other things, publicly filed documents and records, investigative reports, and news stories; and reviewing and corroborating the allegations and developments. In particular, Lead Counsel reviewed, further researched, and took steps to corroborate the information and averments in (a) *United States v. United Microelectronics Corporation, et al.*, No. 18-cr-0465-MMC (N.D. Cal.) (the

2

"DOJ Criminal Action"); (b) *United States v. United Microelectronics Corporation, et al.*, No. 3:18-cv-6643-MMC (N.D. Cal.), (c) filings in the courts of Taiwan, including the Indictment Decision of Taiwan District Prosecutors Office, Case Nos. 106-Zhen-Tzu No. 11035, 4520, 5612, & 5613; and (d) *Micron Technology, Inc. v. United Microelectronics Corporation, et al.*, No. 3:17-cv-6932-MMC (N.D. Cal.).  In addition, Lead Counsel consulted with certain experts regarding issues of market efficiency and damages suffered by Lead Plaintiff and the Class resulting from the claims in the Action;

F.      On September 27, 2019, based on an extensive investigation, Lead Plaintiff filed a 120-page Amended Complaint (the "Amended Complaint");

G.      On October 23, 2019, Defendants requested a pre-motion conference to address their anticipated motion to stay the Action pending resolution of the DOJ Criminal Action;

H.      On October 30, 2019, the Court denied Defendants' request without briefing following the exchange of letters;

I.      From time to time during the pendency of the Action, counsel to the Parties discussed whether an early stage resolution may be possible, and in December 2019, the Parties, through their counsel, agreed to retain Jed Melnick, Esq. of JAMS (the "Mediator") to facilitate settlement discussions.  On February 10, 2020, after a full day of negotiations, the Parties agreed to accept, in principle, the Mediator's recommendation to settle all claims in the Action for $3,000,000 subject to the execution of a customary stipulation and agreement of settlement and related papers and certain Confirmatory Discovery;

J.      Defendants have denied and continue to deny that they have committed any act or omission giving rise to any liability and/or violation of law, including the U.S. securities laws.  Defendants have denied and continue to deny each and every one of the claims and allegations asserted in the Action, including all claims in the complaints filed in the Action.

Defendants also have denied and continue to deny that they made any material misstatements or omissions, that Lead Plaintiff or the Class have suffered any damages, or that Lead Plaintiff or the Class were harmed by any conduct alleged in the Action or that could have been alleged therein.  Defendants have asserted and continue to assert that, at all times, they acted in good faith and in a manner they reasonably believed to be in accordance with applicable rules, regulations, and laws.  Neither the Settlement (as defined  below) nor this Stipulation, whether or not consummated, nor any of its terms nor any proceedings relating thereto, shall be construed as, or deemed to be evidence of, an admission or concession on the part of any Defendant with respect to any claim of any fault or wrongdoing or damage whatsoever, or of any infirmity in any defense that Defendants have or could have asserted. Defendants do not admit any liability or wrongdoing in connection with the allegations set forth in the Action, or any facts related thereto;

K.    Defendants have determined that, taking into account the uncertainty and risks inherent in any litigation, especially in complex cases like this Action, it is desirable and beneficial to them that the Action be settled in the manner and upon the terms and conditions set forth in this Stipulation to avoid the further expense, inconvenience, and burden of this Action, the distraction and diversion of personnel and resources, and to obtain the conclusive and final dismissal and/or release of this Action as to them and the Settled Claims;

L.    Based on their investigation and review of the claims, underlying events, and transactions alleged in this Action, Lead Plaintiff and Lead Counsel believe that the claims asserted in the Action have merit. However, Lead Plaintiff and Lead Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against Defendants, including the inherent uncertainties and risks of any complex securities litigation, including enforcing a judgment and collecting damages separate and apart

4

from insurance policies, enforcing a judgment and collecting from UMC, whose primary operations and assets are in Taiwan.  Prosecution of the Action would also require significant discovery overseas with no guarantees that the third parties located there would be willing or allowed to cooperate.   Thus, after weighing the substantial and immediate benefits that the Class will receive under the Settlement against the risks, costs and uncertainties of further litigation, Lead Plaintiff and Lead Counsel believe, subject to Confirmatory Discovery (defined below), that the terms and conditions of this Stipulation are fair, reasonable and adequate to the Settlement Class (defined below) and are in the best interests of Lead Plaintiff and the Settlement Class; and

M.    The Parties agree that certification of the Settlement Class, for settlement purposes only, is appropriate in the Action.  For purposes of this Settlement only, the Class comprises all members of the Settlement Class.  Nothing in this Stipulation shall serve in any fashion, either directly or indirectly, as evidence or support for certification of a class other than for settlement purposes, and the Parties intend that the provisions herein concerning certification of the Settlement Class shall have no effect whatsoever in the event the Settlement does not become Final (as defined below).

**NOW THEREFORE**, without any admission or concession whatsoever on the part of Lead Plaintiff or Lead Counsel of any lack of merit of the Action, and without any admission or concession whatsoever on the part of Defendants of any liability or wrongdoing on their part or of any lack of merit in their defenses, it is hereby STIPULATED AND AGREED, by and among the Parties to this Stipulation through their respective undersigned attorneys, and subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties hereto from the Settlement, all Settled Claims as against the Released Defendant Parties (as defined below) and all Settled

5

Defendants' Claims (as defined below) as against the Released Plaintiff Parties (as defined below) shall be compromised, settled, released, and dismissed with prejudice, and without costs, except for as agreed to herein, upon and subject to the following terms and conditions:

## CERTAIN DEFINITIONS

As used in this Stipulation, the following terms shall have the following meanings:

(a)  "Alternative Judgment" has the meaning ascribed to that term in ¶31(f) below.

(b)  "Authorized Claimant" means a member of the Settlement Class who submits a timely and valid Proof of Claim form to the Claims Administrator that is accepted for payment.

(c)  "Claims Administrator" means the firm to be retained by Lead Counsel or such other entity as the Court shall appoint to provide all notices approved by the Court to Settlement Class members, to process Proofs of Claim, and to administer the Settlement.

(d)  "Class" shall mean, for purposes of the Settlement only, all Persons or entities that purchased or otherwise acquired UMC ADSs between October 28, 2015 and November 1, 2018, inclusive, and that were allegedly damaged thereby.

(e)  "Class Distribution Order" means an order of the Court approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the claims submitted and approving any fees and expenses not previously paid (including the unpaid fees and expenses of the Claims Administrator) and, if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants.

(f)  "Class Plaintiff" means any person or entity that is a member of the Class and not excluded therefrom.

(g)  "Confirmatory Discovery" has the meaning ascribed to that term in ¶5 below.

6

(h) "Defendants' Counsel" means the law firm of Lazare Potter Giacovas & Moyle LLP as counsel for Defendants UMC, Shan-Chieh Chien, Jason Wang, and Chitung Liu and the law firm of Herrick, Feinstein LLP as counsel for Po-Wen Yen.

(i) "Effective Date of Settlement" or "Effective Date" means the date upon which the Settlement contemplated by this Stipulation shall become effective, as set forth in ¶31 below.

(j) "Escrow Account" means the separate escrow account at a national banking institution, chosen by Lead Counsel, that is established to receive the Settlement Amount (defined in ¶3(a) below) for the benefit of the Settlement Class pursuant to this Stipulation and subject to the jurisdiction of the Court.

(k) "Escrow Agent" means Signature Bank.

(l) "Fee and Expense Award" refers to any award of attorneys' fees and expenses by the Court to Lead Counsel as described in ¶13.

(m) "Final" means when the last of the following with respect to the Final Judgment or any Alternative Judgment shall occur: (i) the expiration of the time to file a motion to alter or amend the Final Judgment or Alternative Judgment under Federal Rule of Civil Procedure 59(b) without any such motion having been filed, or if such a motion is filed, the determination of that motion in such a manner as to permit the consummation of the Settlement, in accordance with the terms and conditions of this Stipulation; (ii) if there is an appeal from the Final Judgment or Alternative Judgment, the date of final affirmance on appeal or review of the Final Judgment or Alternative Judgment and the expiration of the time for any further judicial review whether by appeal, reconsideration, or a petition for a writ of certiorari; or (iii) if there is no appeal from the Final Judgment or Alternative Judgment, the expiration of the time for the filing or noticing of any appeal from the Final Judgment or Alternative Judgment.

(n)    "Final Judgment" means the proposed judgment to be entered by the Court approving the Settlement, substantially in the form attached hereto as Exhibit B.

(o)    "Net Settlement Fund" shall have the meaning ascribed to it in ¶8(a) below.

(p)    "Notice" means the Notice of Pendency and Proposed Settlement of Class Action, which is to be provided to Settlement Class members consistent with the terms set forth herein, and which, subject to the approval of the Court, shall be substantially in the form attached as Exhibit A-1 to Exhibit A hereto.

(q)    "Order for Notice and Hearing" means the proposed order to be entered by the Court preliminarily approving the Settlement and directing Notice thereof to the Settlement Class, and which, subject to the approval of the Court, shall be substantially in the form attached as Exhibit A hereto.

(r)    "Person(s)" means any individual, corporation (including all divisions and subsidiaries), general or limited partnership, limited liability partnership, association, joint stock company, limited liability company or corporation, variable interest entity, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any other business or legal entity, including his, her or its spouses, heirs, predecessors, successors, representatives, or assigns.

(s)    "Plan of Allocation" means the plan described in the Notice or any alternate plan approved by the Court whereby the Net Settlement Fund shall be distributed to Authorized Claimants. Any Plan of Allocation is not part of the Stipulation, and the Released Parties shall have no responsibility therefore or liability with respect thereto.

(t)    "Postcard Notice" means the postcard notice of proposed Settlement and hearing for mailing consistent with the terms set forth herein, which, subject to the approval of the Court, shall be substantially in the form attached as Exhibit A-2 to Exhibit A hereto.

8

(u)     "Proof of Claim" means the Proof of Claim and Release to be submitted to Class Plaintiffs, substantially in the form attached as Exhibit A-3 to Exhibit A hereto.

(v)     "Released Defendant Parties" means Defendants, Defendants' Counsel, and their past, present or future directors and officers, employees, partners, insurers, co-insurers, reinsurers, attorneys, advisors, investment advisors, personal or legal representatives, agents, assigns, executors, estates, administrators, related or affiliated Persons or entities, predecessors, successors, parents, subsidiaries, affiliated variable interest entities, divisions and joint ventures; any entity in which any Defendant has a controlling interest; Defendants' immediate family members, spouses and marital communities; and any trust of which any Defendant is the settlor or which is for the benefit of any of their immediate family members.

(w)     "Released Parties" means, collectively, the Released Defendant Parties and the Released Plaintiff Parties.

(x)     "Released Plaintiff Parties" means the Lead Plaintiff, Class Plaintiffs and Lead Counsel, and each and all of their past or present directors, officers, employees, partners, insurers, co-insurers, reinsurers, attorneys, advisors, investment advisors, personal or legal representatives, agents, assigns, executors, estates, administrators, related or affiliated Persons or entities, predecessors, successors, parents, subsidiaries, affiliated variable interest entities, divisions and joint ventures; Lead Plaintiff's and the Class Plaintiffs' immediate family members, spouses and marital communities; and any trust of which the Lead Plaintiff, any Class Plaintiff or Lead Counsel is the settlor or which is for the benefit of any of their immediate family members.  Released Plaintiff Parties does not include any Person who timely and validly seeks exclusion from the Class.

(y) "Releasing Plaintiff Parties" means individually and collectively Lead Plaintiff and each Class Plaintiff, whether or not they object to the Settlement set forth in this Stipulation, and whether or not they make a claim for payment from the Net Settlement Fund.

(z) "Settled Claims" means any and all claims, debts, demands, rights, liabilities, and causes of action of every nature and description whatsoever (including, but not limited to, any claims for damages) interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever, whether known or Unknown (as defined below), whether based on federal, state, local, statutory, common or foreign law or any other law, rule or regulation, whether fixed or contingent, suspected or unsuspected, foreseen or unforeseen, ripened or unripened, accrued or un-accrued, liquidated or unliquidated, and whether matured or unmatured whether arising at law or in equity or under the law of contract, tort, malpractice, statutory breach, or any other legal right or duty, whether direct, class, individual representative, derivative, or in any other capacity, and to the fullest extent that the law permits their releases in this lawsuit that Lead Plaintiff, or any other member of the Settlement Class, (i) asserted in the Amended Complaint, or (ii) could have asserted in the Action or any other forum by the Releasing Plaintiff Parties against any of the Released Defendant Parties, which arise out of, or are based upon or related in any way to, the allegations, transactions, facts, reports, communications, matters or occurrences, representations or omissions involved in the Amended Complaint. Excluded from Settled Claims are claims based upon, relating to, or arising out of the interpretation or enforcement of the Settlement.

(aa) "Settled Defendants Claims" means all claims, debts, demands, rights, liabilities, sanctions, and causes of action of every nature and description whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liabilities whatsoever), whether known or

10

Unknown, whether based on federal, state, local, statutory, common or foreign law or any other law, rule or regulation, whether fixed or contingent, suspected or unsuspected, foreseen or unforeseen, ripened or unripened, accrued or unaccrued, liquidated or unliquidated, and whether matured or unmatured whether arising in equity or under the law of contract, tort, malpractice, statutory breach, or any other legal right or duty, whether direct, class, individual representative, derivative, or in any other capacity, and to the fullest extent that the law permits their releases in this lawsuit that any Released Defendant Party may have against any of the Released Plaintiff Parties that arise out of or relate in any way to the Action or the Settled Claims, the institution, prosecution, settlement or resolution of the Action or the Settled Claims, except claims based upon, relating to, or arising out of the interpretation or enforcement of the Settlement.

(bb)    "Settlement" means settlement of the Action on the terms set forth in this Stipulation.

(cc)    "Settlement Class" means, for the purposes of this Settlement only, all Persons or entities that purchased or otherwise acquired UMC ADSs between October 28, 2015 and November 1, 2018, inclusive, and that were allegedly damaged thereby. Excluded from the Settlement Class are Defendants and members of Defendants' immediate families and any corporation, trust, or other entity in which any of Defendants has or had a controlling interest. Also excluded from the Settlement Class are all current or former officers or directors of UMC, its affiliates, parents or subsidiaries; any corporation, trust or other entity in which any Defendant has or had a controlling interest; the members of the immediate families of the Defendants; the parents, subsidiaries and affiliates of UMC; and the legal representatives, heirs, successors, or assigns of any excluded Person. Also excluded from the Settlement Class

11

will be any Person who timely and validly seeks exclusion from the Settlement Class in accordance with the requirements of the Notice.

(dd)    "Settlement Fairness Hearing" means the hearing to be scheduled by the Court to review the Settlement and determine whether it is fair, reasonable, and adequate and should be approved.

(ee)    "Settlement Fund" means: (i) US $3,000,000 in cash to be paid by or on behalf of UMC and to be held by the Escrow Agent; and (ii) any earnings on any such monies.

(ff)    "Taxes" has the meaning ascribed to that term in ¶10(c) below.

(gg)    "Unknown"  means, as to claims, any and all Settled Claims against the Released Defendant Parties, which the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor as of the Effective Date, and any Settled Defendants' Claims against the Released Plaintiff Parties which the Released Defendant Parties do not know or suspect to exist in his, her, or its favor as of the Effective Date, which if known by the Releasing Plaintiff Parties or Released Defendant Parties might have affected his, her, or its decision(s) with respect to the Settlement.  With respect to any and all Settled Claims and Settled Defendants' Claims, the Parties stipulate and agree that by operation of the Final Judgment, upon the Effective Date, Lead Plaintiff and the Released Parties shall have expressly waived, and each Class Plaintiff shall be deemed to have waived, and by operation of the Final Judgment shall have expressly waived, the provisions, rights and benefits of Cal. Civ. Code §1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

and any and all provisions, rights and benefits conferred by any law of any state or territory of the United States or any foreign jurisdiction, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code §1542.

The Releasing Plaintiff Parties and Released Defendant Parties may hereafter discover facts other than or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Settled Claims and Settled Defendants' Claims. Nevertheless, Lead Plaintiff and the Released Defendant Parties shall expressly, fully, finally and forever settle and release, and each Class Plaintiff, upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released, any and all Settled Claims and Settled Defendants' Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff and the Released Defendant Parties acknowledge, and Class Plaintiffs shall be deemed to have acknowledged, that the inclusion of Unknown claims in the definition of Settled Claims and Settled Defendants' Claims were separately bargained for and were key elements of the Settlement.

## SCOPE AND EFFECT OF SETTLEMENT

1.      The obligations incurred pursuant to this Stipulation shall be in full and final disposition of: (a) the Action against Defendants; (b) any and all Settled Claims; and (c) any and all Settled Defendants' Claims.

2.      (a)      Upon the Effective Date, Lead  Plaintiff and all Class Plaintiffs, on behalf of themselves and each of the Releasing Plaintiff Parties: (i) shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever waived, released, relinquished, and discharged all Settled Claims, regardless of whether such Class Plaintiff executes and delivers a Proof of Claim; (ii) shall forever be enjoined from prosecuting any

13

Settled Claim against any of the Released Defendant Parties; and (iii) agree and covenant not to sue any of the Released Defendant Parties on the basis of any Settled Claims, or, unless required by subpoena or other operation of law, to assist any third party in commencing or maintaining any suit against the Released Defendant Parties related to any Settled Claims.

(b)    Upon the Effective Date of this Settlement, each of Defendants and the Released Defendant Parties: (i) shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released and discharged each and all of the Released Plaintiff Parties from each and every one of the Settled Defendants' Claims; (ii) shall forever be enjoined from prosecuting the Settled Defendants' Claims; and (iii) agrees and covenants not to sue any of the Released Plaintiff Parties on the basis of any Settled Defendants' Claims or, unless required by subpoena or other operation of law,  to assist any third party in commencing or maintaining any suit against the Released Plaintiff Parties related to any Settled Defendants' Claims.

(c)    The releases provided in this Stipulation shall become effective immediately upon occurrence of the Effective Date without the need for any further action, notice, condition, or event.

### THE SETTLEMENT CONSIDERATION

3.    In consideration of the releases provided herein and in full settlement of the Settled Claims, UMC, on behalf of Defendants:

a.    Shall cause US $3,000,000 (the "Settlement Amount") to be transferred to the Escrow Agent within thirty (30) business days after: (i) the Court enters an Order providing for preliminary approval of the Settlement, and (ii) Lead Counsel has provided to Defendants' Counsel an executed W-9 and the name of the payee.

## CONFIRMATORY DISCOVERY

4.      Reasonable Confirmatory Discovery shall be undertaken, pursuant to a stipulated confidentiality agreement, providing that Confirmatory Discovery shall be provided to Lead Counsel and may be used for the purposes of assessing the proposed settlement's fairness.

5.      UMC has agreed to provide Lead Plaintiff with documents previously produced by UMC in connection with litigation commenced by Micron Technology Inc., including motions to dismiss and jurisdictional discovery (the "Confirmatory Discovery"). Under the circumstances, Lead Plaintiff and Lead Counsel agree that such production shall constitute reasonable discovery to allow Lead Counsel to evaluate the fairness, reasonableness and adequacy of the Settlement.

6.      If, as a result of reviewing the Confirmatory Discovery, Lead Plaintiff reasonably and in good faith no longer believes that the Settlement is fair, reasonable and adequate, Lead Plaintiff may terminate the Settlement within 30 days after the production of such Confirmatory Discovery by providing written notice of his election to do so to Defendants' Counsel, all such Confirmatory Discovery will be promptly returned to UMC and/or confirmed to be destroyed.

7.      The Parties will endeavor in good faith to promptly make available, review, and complete the review of the materials produced in Confirmatory Discovery.

## USE OF SETTLEMENT FUND

8.      (a)      The Settlement Fund, net of Taxes, if any, on the income thereof, shall be used to pay: (i) the Notice and administration costs of the Settlement referred to in ¶12 hereof; (ii) any Fee and Expense Award made by the Court; and (iii) any remaining administration expenses referred to in ¶25 hereof and any other attorney and administrative

15

costs, fees, payments, or awards subsequently approved by the Court. The balance of the Settlement Fund after the above payments shall be the "Net Settlement Fund," which shall be distributed to the Authorized Claimants as provided in ¶¶15-18 hereof. Any portions of the Settlement Fund required to be held in escrow prior to the Effective Date shall be held by the Escrow Agent for the Settlement Fund. The Settlement Fund held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the Net Settlement Fund shall be distributed to Authorized Claimants, or returned to the Defendants pursuant to this Stipulation and/or further order of the Court. The Escrow Agent shall not disburse the Settlement Fund, or any portion thereof, except as provided in this Stipulation, or upon Order of the Court. The Escrow Agent shall be responsible for investing the Settlement Fund in short-term (up to one- year maturity) United States agency or Treasury securities or other instruments backed by the full faith and credit of the United States government or an agency thereof, or fully insured by the United States government or an agency thereat: including a United States Treasury money market fund or a bank account that is either (i) fully insured by the Federal Deposit Insurance Corporation ("FDIC") or (ii) secured by instruments backed by the full faith and credit of the United States government. The proceeds of these instruments or accounts shall be reinvested in similar instruments or accounts at their then-current market rates as they mature. In the event that the yield on securities identified herein is negative, in lieu of purchasing such securities all or any portion of the Settlement Fund held may be deposited in a non-interest-bearing account that is fully insured by the FDIC. All risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund and not by the Released Defendant Parties.

16

(b)    If there is any balance remaining in the Settlement Fund after six months from the date of distribution of the Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), or as reasonably soon thereafter, the Claims Administrator shall, if logistically feasible and economically justifiable, make a further distribution of such balance among Authorized Claimants in an equitable fashion. After any reallocation, or if a reallocation is not undertaken, any balance that remains in the Settlement Fund shall be donated to The Legal Aid Society of New York, a non-sectarian, §50l(c)(3) non-profit organization.

9.    Lead Plaintiff and Class Plaintiffs shall look solely to the Settlement Fund and the other consideration provided for herein as full, final, and complete satisfaction of all Settled Claims against the Released Defendant Parties. Except as set forth herein below, Defendants and Defendants' Counsel shall have no obligation under this Stipulation or the Settlement to pay or cause to be paid any additional amount of money, nor any responsibility for, interest in, or liability whatsoever with respect to any fees, expenses, costs, liability, losses, taxes, or damages whatsoever alleged or incurred by Lead Plaintiff, by any Class Plaintiff, or by any Releasing Plaintiff Party, including but not limited to their attorneys, experts, advisors, agents, or representatives, with respect to the Action and Lead Plaintiff and Class Plaintiffs shall be deemed to acknowledge that, as of the Effective Date, the releases given herein shall become effective immediately by operation of the Final Judgment and shall be permanent, absolute, and unconditional.

### TAX TREATMENT OF SETTLEMENT FUNDS

10.    (a)    The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation §l.468B-1 and agree not to take any position for tax purposes inconsistent therewith. The Settlement Fund, less any amounts incurred for Notice, administration, and/or taxes, plus any accrued interest thereon, shall revert

17

to the Person(s) making the deposits, as provided below, if the Settlement does not become effective for any reason, including by reason of a termination of the Settlement pursuant to ¶¶33 or 34 herein. The Settlement Fund includes any interest earned thereon.

(b)    For the purpose of §1.468B of the Code and the Treasury regulations thereunder, the Escrow Agent shall be designated as the "administrator" of the Settlement Fund. The Escrow Agent shall timely and properly file all income, informational, and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treasury Regulation § l.468B-2(k)). Such returns shall be consistent with this provision and in all events shall reflect that all taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.

(c)    All (i) taxes or other similar imposts or charges (including any estimated taxes, interest, penalties, or additions to tax) arising with respect to the income earned by the Settlement Fund, including any taxes that may be imposed upon the Released Defendant Parties with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "Qualified Settlement Fund" within the meaning of Treasury Regulation §l.468B-l (or any relevant equivalent for state tax purposes); and (ii) other taxes or tax expenses imposed on or in connection with the Settlement Fund including expenses of tax attorneys and accountants (collectively "Taxes"), shall promptly be paid out of the Settlement Fund by the Escrow Agent without prior order from the Court. The Escrow Agent shall also be obligated to, and shall be responsible for, withholding from distribution to Class Plaintiffs any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes. The Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this paragraph.

18

(d)     Neither the Parties nor their counsel shall have any responsibility for or liability whatsoever with respect to: (i) any act, omission, or determination of the Escrow Agent or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement Fund or otherwise; (ii) the Plan of Allocation; (iii) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (iv) any losses suffered by, or fluctuations in the value of, the Settlement Fund; or (v) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns. The Escrow Agent shall indemnify and hold harmless the Released Defendant Parties from and against any claims, liabilities, or losses relating to the matters addressed in the preceding sentence. The Escrow Agent may use funds from the Settlement Fund to indemnify the Released Defendant Parties but any indemnification obligation by the Escrow Agent shall not be limited by the amounts available in the Settlement Fund.

## CLAIMS ADMINISTRATOR

11.     The Claims Administrator shall administer and calculate the claims that shall be allowed and shall oversee distribution of the Settlement Fund subject to the jurisdiction of the Court. The Claims Administrator agrees to be subject to the jurisdiction of the Court with respect to the administration of the Settlement and the distribution of the Settlement Fund pursuant to the terms of this Stipulation. The Released Defendant Parties shall have no role in, or responsibility for, the administration of the Settlement and shall have no liability to Lead Plaintiff, the Class, or any other Person in connection with, as a result of or arising out of such administration.

## PAYMENT OF ADMINISTRATION EXPENSES

12.     Lead Counsel may pay from the Settlement Fund, without further approval from Defendants or the Court, the reasonable costs and expenses associated with Notice to the Class and the administration of the Settlement, including, without limitation, the actual costs of Notice (including the actual costs of publishing, printing, and mailing the Postcard Notice, reimbursement to nominee owners for forwarding the Postcard Notice to their beneficial purchasers/owners), and the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing Notice and processing the submitted claims; and the fees, if any, related to the Escrow Account and the investment of the Settlement Fund. All other costs and expenses incurred in connection with the administration of the Settlement shall be paid from the Settlement Fund subject to approval from the Court.

## ATTORNEYS' FEES AND EXPENSES

13.     Lead Counsel will submit an application or applications (the "Fee and Expense Application") to the Court for an award from the Settlement Fund of: (a) attorneys' fees not to exceed 30% of the Settlement Fund; (b) reimbursement of litigation expenses; and (c) the reasonable costs and expenses (including lost wages) incurred by Lead Plaintiff in conjunction with his representation of the Class. Defendants will take no position regarding the Fee and Expense Application. Attorneys' fees, expenses, and interest as are awarded by the Court to Lead Counsel shall be paid from the Settlement Fund to Lead Counsel immediately upon entry by the Court of an order awarding such amounts, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof.  Any payment of attorneys' fees and expenses pursuant to this paragraph shall be subject to Lead Counsel's obligation to make refunds or repayments to the Settlement Fund of any paid amounts, plus accrued earnings at the same net rate as is earned by the

Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or fails to become effective for any reason, or if, as a result of any appeal or further proceedings on remand or successful collateral attack, the award of attorneys' fees and/or expenses is reduced or reversed by Final non-appealable court order.  In such event, Lead Counsel shall, within ten (10) business days from the event which requires repayment of the fee or expense award, refund to the Settlement Fund the fee and expense award paid to it, along with interest, as described above.

14.    Notwithstanding any other provision of this Stipulation to the contrary, the Fee and Expense Application to be paid out of the Settlement Fund shall be considered by the Court separate and apart from its consideration of the fairness, reasonableness, and adequacy of the Settlement, and any order or proceeding relating to the Fee and Expense Application, or any appeal of any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Stipulation or the Settlement of the Action, or affect the finality or binding nature of any of the releases granted hereunder. Lead Counsel may determine and distribute the attorneys' fees among other plaintiff's counsel in a manner which, in Lead Counsel's sole discretion, they believe reflects the contributions of such counsel to the prosecution and settlement of the Action with Defendants and the benefits conferred on the Class. The Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, any payment or allocation of attorneys' fees or expenses to Lead Counsel, or to any other plaintiffs' counsel.

## DISTRIBUTION TO AUTHORIZED CLAIMANTS

15.    The Claims Administrator, subject to such supervision and direction of Lead Counsel and/or the Court as may be necessary or as circumstances may require, shall

21

administer the Settlement in accordance with the terms of this Stipulation, the Court-approved Plan of Allocation, and subject to the jurisdiction of the Court.

16. The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim (as defined in the Plan of Allocation described in the Notice annexed as Exhibit A-1 to Exhibit A hereto), or in such other Plan of Allocation as the Court approves.

17. The Plan of Allocation set forth in the Notice is not a necessary term of this Stipulation and it is not a condition of this Stipulation that any particular Plan of Allocation be approved. The Released Defendant Parties will take no position with respect to the proposed Plan of Allocation or such Plan of Allocation as may be approved by the Court. The Plan of Allocation is a matter separate and apart from the Settlement between the Parties, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement.

18. Each Authorized Claimant shall be allocated a pro rata share of the Net Settlement Fund based on his, her, or its Recognized Claim compared to the total Recognized Claims of all accepted claimants, as those terms are defined in the Plan of Allocation. The Settlement is non-recapture, *i.e.*, it is not a claims-made settlement. Defendants shall not be entitled to get back any of the settlement monies, or interest earned thereon, once the Settlement becomes final. The Released Defendant Parties shall have no involvement in reviewing, evaluating, approving, or challenging claims, and shall have no responsibility, liability, or authority for determining the allocation of any payments to any Class Plaintiffs or for any other matters pertaining to the Plan of Allocation.

## ADMINISTRATION OF THE SETTLEMENT

19.     Any member of the Class who fails to timely submit a valid Proof of Claim will not be entitled to receive any of the proceeds from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Final Judgment to be entered in the Action and the releases provided for herein, and will be barred from bringing any action against the Released Defendant Parties concerning the Settled Claims.

20.     The Claims Administrator shall process the Settlement based upon the Proofs of Claim, which may be submitted in connection with this Settlement, and, after entry of the Class Distribution Order, shall distribute the Net Settlement Fund in accordance with the Class Distribution Order. Lead Counsel shall have the right, but not the obligation, to advise the Claims Administrator to waive what Lead Counsel may reasonably deem to be formal or technical defects in any Proofs of Claim submitted, including, without limitation, failure to submit a document by the submission deadline, in the interests of achieving substantial justice.

21.     For purposes of determining the extent, if any, to which a Class Plaintiff shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

a.     Each Class Plaintiff shall be required to submit a Proof of Claim (in substantially the form set forth in Exhibit A-3 to Exhibit A hereto) which, *inter alia*, releases all of that Class Plaintiff's Settled Claims, is signed under penalty of perjury, and is supported by such documents or proof as Lead Counsel and/or the Claims Administrator, in their discretion, may deem acceptable;

b.     All Proofs of Claim must be submitted by the date specified in the Postcard Notice and Notice, unless such period is extended by Order of the Court. Any Class Plaintiff who fails to submit a Proof of Claim by such date shall be forever barred from

23

receiving any payment pursuant to this Stipulation (unless, by Order of the Court, a later submitted Proof of Claim by such Class Plaintiff is approved), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Final Judgment to be entered in the Action and the releases provided for herein, and shall be barred from bringing any action against the Released Defendant Parties concerning the Settled Claims. Provided that it is received before the motion for the Class Distribution Order is filed, a Proof of Claim shall be deemed to have been submitted when posted, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all other cases, the Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator;

c.    Each Proof of Claim shall be submitted to and reviewed by the Claims Administrator, who shall determine, in accordance with this Stipulation, the approved Plan of Allocation, and any applicable orders of the Court, the extent, if any, to which each claim shall be allowed , subject to review by the Court pursuant to subparagraph (e) below. The Released Defendant Parties shall not have any role in, or responsibility or liability to any Person or entity for, the solicitation, review, evaluation, approval, or rejection of any Proofs of Claim;

d.    Proofs of Claim that do not meet the submission requirements may be rejected. Prior to rejection of a Proof of Claim, the Claims Administrator shall communicate with the claimant in order to remedy the curable deficiencies in that claimant's submitted Proof of Claim. The Claims Administrator shall notify, in a timely fashion and in writing, all claimants whose Proofs of Claim they propose to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the claimant whose claim is to be rejected has the right to a review by the Court if the claimant so desires and complies with the requirements of subparagraph 21(e) below;

24

e.      If any claimant whose claim has been rejected in whole or in part desires to contest such rejection, the claimant must, within ten (10) days after the date of mailing of the notice required in subparagraph 21(d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court; and

f.      The administrative determinations of the Claim Administrator accepting and rejecting claims shall be presented to the Court, on notice to Defendants' Counsel, for approval by the Court in the Class Distribution Order.

22.     Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's claim, and the claim will be subject to investigation and discovery pursuant to the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that claimant's status as a Class Plaintiff and the validity and amount of the claimant's claim. No discovery shall be allowed to be directed to Defendants or any of the Released Defendant Parties, and no discovery shall be allowed on the merits of the Action or Settlement in connection with processing of the Proofs of Claim.

23.     Payment pursuant to this Stipulation shall be deemed final and conclusive against all Class Plaintiffs. All Class Plaintiffs whose claims are not approved by the Court shall be barred from any participation in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Final Judgment to be entered in the Action and the releases provided for herein, and will be barred from bringing any action against the Released Defendant Parties concerning the Settled Claims. No Person shall have any claim against the Lead Plaintiff or Lead Counsel,

the Claims Administrator, or other agent designated by Lead Counsel, based on the distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or any order(s) of the Court.

24.     All proceedings with respect to the administration, processing, and determination of claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court, but shall not delay or affect the finality of the Final Judgment.

## DISTRIBUTION OF NET SETTLEMENT FUND

25.     The Net Settlement Fund shall be distributed by the Claims Administrator to, or for the account of, Authorized Claimants, as the case may be, only after the Effective Date and after: (a) the Net Settlement Fund has been fully funded, pursuant to ¶3(a), above; (b) all claims have been processed, and all claimants whose claims have been rejected or disallowed, in whole or in part, have been notified and provided the opportunity to be heard concerning such rejection or disallowance; (c) all objections with respect to all rejected or disallowed claims have been resolved by the Court, and all appeals therefrom have been resolved or the time therefor has expired; (d) all matters with respect to the Fee and Expense Application have been resolved by the Court, all appeals therefrom have been resolved or the time therefore has expired; and (e) all fees and costs of administration have been paid.

26.     Lead Counsel will apply to the Court for entry of a Class Distribution Order approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the claims submitted herein and approving any fees and expenses not previously applied for, including the fees and expenses of the Claims Administrator, and, if the Effective Date has occurred, directing payment of the Net Settlement Fund to or for the account of Authorized Claimants, as the case may be.

## TERMS OF ORDER FOR NOTICE OF HEARINGS

27. Promptly after this Stipulation has been fully executed, Lead Counsel shall apply to the Court by motion on notice for entry of the Order for Notice and Hearing, substantially in the form annexed hereto as Exhibit A, and Defendants shall join (upon Lead Counsel's request) in requesting entry of such an Order. The Order for Notice and Hearing will, *inter alia*, preliminarily approve the Settlement, set the date for the settlement hearing, approve the form of notice, and prescribe the method for giving notice of the Settlement to the Settlement Class. Lead Counsel and Defendants shall jointly request that the postmark deadline for objecting and/or submitting exclusions from this Settlement be set at least thirty (30) calendar days prior to the Settlement Fairness Hearing. Upon receiving any objection(s) and/or request(s) for exclusion ("Requests for Exclusion"), the Claims Administrator shall promptly notify Lead Counsel and Defendants' Counsel of such objection(s) and/or Requests for Exclusion.

28. UMC shall provide, or cause to be provided, to Lead Counsel or the Claims Administrator, no later than fourteen (14) calendar days after entry of the Order for Notice and Hearing, whatever information it possesses, or with reasonable effort can obtain, listing the names and last known addresses of the Persons and entities who were UMC shareholders of record during the Class Period.  Except for this obligation and their obligation to fund the Settlement or cause it to be funded, Defendants shall have no liability, obligation, or responsibility for the administration of the Settlement or disbursement of the Net Settlement Fund.

## TERMS OF FINAL JUDGMENT

29.    If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall jointly request that the Court enter a Final Judgment substantially in the form annexed as Exhibit B hereto.

30.    The Final Judgment shall include a settlement discharge provision barring claims brought by any other Persons and arising out of the Action against Defendants to the fullest extent permitted by the PSLRA.

## EFFECTIVE DATE OF SETTLEMENT, WAIVER, OR TERMINATION

31.    The Effective Date of Settlement shall be the date when all the following shall have occurred and shall be conditioned on the occurrence of all of the following events:

(a)    the Settlement Amount has been paid into the Settlement Fund by or on behalf of the Defendants as required by the Stipulation;

(b)    entry of the Order for Notice and Hearing in all material respects in the form attached hereto as Exhibit A;

(c)    final approval by the Court of the Settlement, following notice to the Settlement Class and a hearing;

(d)    UMC has not exercised its option to terminate the Stipulation pursuant to ¶¶33 and 34 below;

(e)    no Party has exercised his, her, or its rights to terminate the Stipulation pursuant to ¶¶ 33 and 34 below;

(f)    entry by the Court of a Final Judgment, substantially in the form of Exhibit B annexed hereto, and the Final Judgment becomes Final, or, in the event that the Court enters a final judgment in a form other than that provided above ("Alternative Judgment") and

28

neither Lead Plaintiff nor any Defendant elects to terminate this Settlement; the date that such Alternative Judgment becomes Final.

32. Notwithstanding any other provision herein, no proceeding or order, or motion for reconsideration, appeal, petition for a writ of certiorari or its equivalent pertaining solely to any Plan of Allocation and/or Fee and Expense Application, shall in any way delay or preclude the Effective Date.

33. Lead Plaintiff and Defendants, through their respective counsel, shall, in each of their separate discretions, have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so to all other Parties hereto within thirty (30) days of the date on which: (a) the Court files an order declining to enter the Order for Notice and Hearing in any material respect; (b) the Court files an order refusing to approve this Stipulation or any material part of it; (c) the Court files an order declining to enter the Final Judgment in any material respect; (d) the Final Judgment is modified or reversed by a court of appeal or any higher court in any material respect; or (e) an Alternative Judgment is modified or reversed by a court of appeal or any higher court in any material respect. Notwithstanding this paragraph, and for the avoidance of doubt, the Court's determination as to the Fee and Expense Application and/or any Plan of Allocation, or any determination on appeal from any such order, shall not provide grounds for termination of the Stipulation or Settlement.

34. In addition to the foregoing, Defendants shall also have the right to withdraw from the Settlement in the event the Termination Threshold (defined below) has been reached.

a. Simultaneously herewith, Defendants' Counsel and Lead Counsel are executing a confidential Supplemental Agreement Regarding Requests for Exclusion ("Supplemental Agreement"). The Supplemental Agreement sets forth certain conditions under which Defendants shall have the right, which must be exercised collectively by all of

29

the Defendants, to terminate the Settlement and render this Stipulation null and void in the event that requests for exclusion from the Settlement Class exceed certain agreed-upon criteria (the "Termination Threshold"). The Parties agree to maintain the confidentiality of the Supplemental Agreement, which shall not be filed with the Court unless a dispute arises as to its terms, or as otherwise ordered by the Court, nor shall the Supplemental Agreement otherwise be disclosed unless ordered by the Court. If submission of the Supplemental Agreement is required for resolution of a dispute or is otherwise ordered by the Court, the Parties will undertake to have the Termination Threshold submitted to the Court *in camera* or under seal. In the event of a termination of this Settlement pursuant to the Supplemental Agreement, this Stipulation shall become null and void and of no further force and effect, with the exception of the provisions of ¶¶ 36-37 and 39 which shall continue to apply.

35. The Order for Notice and Hearing, attached hereto as Exhibit A, shall provide that requests for exclusion shall be received no later than twenty-one (21) calendar days prior to the settlement hearing. Upon receiving any request for exclusion, Lead Counsel and/or the Claims Administrator shall promptly, and certainly no later than five (5) calendar days after receiving a request for exclusion or fifteen (15) calendar days prior to the settlement hearing, whichever is earlier, notify Defendants' Counsel of such request for exclusion and provide copies of such request for exclusion and any documentation accompanying it by email.

36. Except as otherwise provided herein, in the event the Settlement is terminated in accordance herewith, is vacated, is not approved, or the Effective Date fails to occur for any reason, then the Parties to this Stipulation shall be deemed to have reverted to their respective litigation positions in the Action as of September 27, 2019, and, except as otherwise expressly provided herein, the Parties shall proceed in all respects as if this Stipulation and any related orders had not been entered. In such event, this Stipulation, and any aspect of the discussions

30

or negotiations leading to this Stipulation shall not be admissible in this Action and shall not be used against or to the prejudice of Defendants or against or to the prejudice of Lead Plaintiff, in any court filing, deposition, at trial, or otherwise.

37. In the event the Settlement is terminated or fails to become effective for any reason, any portion of the Settlement Fund previously paid by or on behalf of Defendants, together with any interest earned thereon (and, if applicable, re-payment of any attorneys' fee and expense award referred to in herein), less any Taxes due with respect to such income, and less costs of administration and Notice actually incurred and paid or payable from the Settlement Fund, shall be returned to any Person who funded the Settlement Fund in proportion to the amount paid within ten (10) business days from the date of the event causing such termination. At the request of Defendants' Counsel, the Escrow Agent shall apply for any tax refund owed on the Settlement Fund and pay the proceeds to such Persons that paid into the Settlement Fund, pro rata, in accordance with the amounts paid by such Persons.

## NO ADMISSION OF WRONGDOING

38. Nothing in this Stipulation constitutes or reflects a waiver or release of any rights or claims of any Defendants against their insurers, or their insurers' subsidiaries, predecessors, successors, assigns, affiliates, or representatives. Nothing in this Stipulation constitutes or reflects a waiver or release of any rights or claims relating to indemnification, advancement, or any undertakings by an indemnified party to repay amounts advanced or paid by way of indemnification or otherwise.

39. Defendants deny that they have committed any act or omission giving rise to any liability and/or violation of law, and state that they are entering into this Settlement to eliminate the burden and expense of further litigation. This Stipulation, whether or not

31

consummated, including any and all of its terms, provisions, exhibits, and prior drafts, and any negotiations or proceedings related or taken pursuant to it:

    (a)    shall not be offered or received against any Defendant as evidence of a presumption, concession, or admission by any Defendant with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that has been or could have been asserted in the Action or any litigation; or the deficiency of any defense that has been or could have been asserted in the Action or any litigation;

    (b)    shall not be offered or received against any Defendant as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against any Defendant in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court and becomes effective pursuant to its terms, Defendants may refer to it to effectuate the liability protection granted them hereunder;

    (c)    shall not be construed as or received in evidence as an admission, concession, or presumption against Lead Plaintiff or any of the Class Plaintiffs that any of their claims are without merit, or that any defenses asserted by Defendants have any merit, or that damages recoverable under the Amended Complaint would not have exceeded the Settlement Fund; and

    (d)    notwithstanding the foregoing, Defendants, Lead Plaintiff, Class Plaintiffs, and/or the Released Defendant Parties may file the Stipulation and/or the Final Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, offset or any other theory of claim preclusion or issue

preclusion or similar defense or counterclaim. This ¶ 39 shall survive the termination of this Stipulation.

**MISCELLANEOUS PROVISIONS**

40.    All the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein and are material and integral parts hereof.

41.    UMC represents, based on current knowledge, information and belief, that at the time UMC will make payment or cause payment to be made pursuant ¶3 above, UMC will not be insolvent, nor will such payment render UMC insolvent.

42.    If a case is commenced in respect of UMC or any Insurer contributing funds to the Settlement Fund on behalf of Defendants under Title 11 of the United States Code (Bankruptcy) or similar domestic or foreign law, or if a trustee, receiver, conservator, or other fiduciary is appointed under any similar domestic or foreign law, and in the event of the entry of a final order of a court of competent jurisdiction determining that the transfer of money or any portion thereof to the Settlement Fund by or on behalf of the Defendants to be a preference; voidable transfer, fraudulent transfer, or similar transaction and any portion thereof is required to be returned, and such amount is not promptly re-deposited into the Settlement Fund by others on behalf of the Defendants, then, at the sole discretion of Lead Counsel, the Parties shall jointly move the Court to vacate and set aside the releases given and any Final Judgment entered in favor of the Defendants and the other Released Defendant Parties pursuant to this Stipulation, which releases and Final Judgment shalt then be null and void *ab initio*, and the Parties shall be restored to their respective positions in the Action as of September 27, 2019, and the provisions above regarding the return of funds in the event of termination shall apply.

43.    The Parties to this Stipulation intend the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Lead Plaintiff and/or any Class

33

Plaintiff against the Released Defendant Parties with respect to the Action and the Settled Claims. Accordingly, Lead Plaintiff and Defendants agree not to assert in any forum that the Action was brought by Lead Plaintiff or defended by Defendants in bad faith or without a reasonable basis, although Defendants retain their right to deny that any claims advanced in the Action had merit. The Parties and their respective counsel hereto further agree that each has complied fully with Rule 11 of the Federal Rules of Civil Procedure, and agree not to assert in any judicial proceeding that any Party violated Rule 11 of the Federal Rules of Civil Procedure in connection with the commencement, maintenance, defense, litigation, and/or resolution of the Action. The Parties agree that the amount to be paid and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties and their respective counsel and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.

44.     All agreements made and orders entered during this Action relating to the confidentiality of documents and information shall survive the Stipulation pursuant to their terms.

45.     This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all Parties hereto or their respective successors.

46.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

47.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders relating to the award of attorneys' fees and expenses, the Plan of Allocation, and the implementation and the enforcement of the terms of this Stipulation.

48.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other breach of this Stipulation.

49.     This Stipulation, its exhibits, and the Supplemental Agreement constitute the entire agreement among the Parties hereto concerning the Settlement of the Action, and no representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation and its exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.

50.     This Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Stipulation shall exchange among themselves original signed counterparts. Signatures sent by facsimile or pdf via email by Lead Counsel or Defendants' Counsel shall be deemed originals.

51.     Lead Plaintiff and Defendants represent and warrant that they have not assigned, pledged, loaned, hypothecated, conveyed, or otherwise transferred, voluntarily or involuntarily, to any other person or entity, the Settled Claims, or any interest in or part or portion thereof, specifically including any rights arising out of the Settled Claims.

52.     This Stipulation shall be binding upon, and inure to the benefit of, the successors, assigns, executors, administrators, heirs, and legal representatives of the Parties hereto. No assignment shall relieve any Party hereto of obligations hereunder.

53.     Without further order of the Court the Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation.

54.     The construction, interpretation, operation, effect, and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the laws of the

state of New York, without regard to conflicts of laws, except to the extent that federal law requires that federal law governs.

55.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

56.     Each counsel and each other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

57.     Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Order for Notice and Hearing, of the Stipulation, and of the Settlement, and in consummating the Settlement in accordance with its terms, and further agree to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

58.     Neither UMC nor any other Defendant nor any of their counsel shall, directly or indirectly, solicit or encourage any Person to request exclusion from the Class.

59.     Pending approval by the Court of this Stipulation, all proceedings in this Action against the Defendants shall be stayed.

60.     Except as otherwise provided herein, each Party shall bear its own costs.

61.     By entering into this Stipulation, Defendants accept service of the Amended Complaint, agree to submit to the jurisdiction of this Court, and waive any potential defenses

relating to service of process in connection with the effectuation of this Settlement of this Action.

***The Next Page is the Signature Page***

Dated: June 30, 2020

                              LEVI & KORSINKSKY, LLP

                              Joseph E. Levi
                              Gregory Mark Nespole
                              55 Broadway, 10th Floor
                              New York, NY 10006
                              T: (212) 363-7500
                              F: (212) 363-7171
                              E: jlevi@zlk.com
                                 gnespole@zlk.com

                              *Lead Counsel and attorneys for Lead Plaintiff,
                              Mark Nelson*

                              **LAZARE POTTER GIACOVAS & MOYLE
                              LLP**

                              James F. Moyle
                              Anna Pia D. Felix
                              747 Third Avenue, 16th Floor
                              New York, NY 10017
                              T: (212) 758-9300
                              F: (212) 888-0919
                              E: jmoyle@lpgmlaw.com
                                 afelix@lpgmlaw.com

                              *Attorneys for Defendants United
                              Microelectronics Corporation, Shan-Chieh
                              Chien, Jason Wang and Chitung Liu*

                              **HERRICK, FEINSTEIN LLP**

                              Jason A. D'Angelo
                              Two Park Avenue
                              New York, NY 10016
                              T: (212) 592-1400
                              F: (212) 592-1500
                              E: jdangelo@herrick.com

                              *Attorneys for Defendant Po-Wen Yen*

Dated: June 30, 2020

LEVI & KORSINKSKY, LLP

_____

Joseph E. Levi
Gregory Mark Nespole
55 Broadway, 10th Floor
New York, NY 10006
T: (212) 363-7500
F: (212) 363-7171
E: jlevi@zlk.com
   gnespole@zlk.com

*Lead Counsel and attorneys for Lead Plaintiff,
Mark Nelson*

**LAZARE POTTER GIACOVAS & MOYLE
LLP**

_____

James F. Moyle
Anna Pia D. Felix
747 Third Avenue, 16th Floor
New York, NY 10017
T: (212) 758-9300
F: (212) 888-0919
E: jmoyle@lpgmlaw.com
   afelix@lpgmlaw.com

*Attorneys for Defendants United
Microelectronics Corporation, Shan-Chieh
Chien, Jason Wang and Chitung Liu*

**HERRICK, FEINSTEIN LLP**

_____

Jason A. D'Angelo
Two Park Avenue
New York, NY 10016
T: (212) 592-1400
F: (212) 592-1500
E: jdangelo@herrick.com

*Attorneys for Defendant Po-Wen Yen*

38

# Exhibit A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KEVIN D. MEYER, Individually and on Behalf of All Others Similarly Situated, | |
| Plaintiff, | No. 19-cv-2304-VM |
| v. | |
| UNITED MICROELECTRONICS CORPORATION, SHAN-CHIEH CHIEN, JASON WANG, PO-WEN YEN, and CHITUNG LIU, | |
| Defendants. | |

**[PROPOSED] ORDER FOR HEARING AND NOTICE DIRECTING: (A) ISSUANCE OF NOTICE OF PROPOSED CLASS ACTION SETTLEMENT; AND (B) SETTING DATE FOR FINAL SETTLEMENT FAIRNESS HEARING**

**[EXHIBIT A]**

WHEREAS, on June 30, 2020, Court-appointed Lead Plaintiff Mark Nelson ("Lead Plaintiff") in the above-entitled action (the "Action"), on behalf of himself and the Class (as defined below), and Defendants United Microelectronics Corporation ("UMC" or the "Company") and certain of its current and former officers and/or directors, including Shan-Chieh Chien , Jason Wang , Po-Wen Yen and Chitung Liu  (collectively with UMC, "Defendants"), entered into a Stipulation and Agreement of Settlement (the "Stipulation") which is subject to review by this Court under Rule 23 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement of the claims alleged in the Amended Complaint ("Amended Complaint") against Defendants with prejudice (the "Settlement"); and

WHEREAS, the Court has read and considered the Stipulation and the accompanying exhibits; and

WHEREAS, the Parties to the Stipulation have consented to the entry of this Order; and

WHEREAS, all capitalized terms used herein that are not otherwise defined have the meanings defined in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED, this _____ day of _____, 2020 that:

1.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, this Action is hereby preliminarily certified as a class action on behalf of Lead Plaintiff and all persons or entities who purchased or otherwise acquired UMC American Depositary Shares ("ADSs") between October 28, 2015 and November 1, 2018, inclusive (the "Class Period"), and that were allegedly damaged thereby (the "Class"). Excluded from the Class are: all Defendants; all current or former officers, directors or partners of UMC, its affiliates, parents or subsidiaries; any corporation, trust or other entity in which any Defendant has or had a controlling interest; and the members of the immediate families of the Individual Defendants.  Also excluded from the Class will be any person who timely and validly seeks exclusion from the Class in accordance with the requirements of the Notice.

(a)    The Court preliminarily finds, for the purposes of the Settlement only, that the prerequisites for a class action under Rule 23 of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) Lead Plaintiff's claims are typical of the claims of the Class he seeks to represent; (d) Lead Plaintiff and Lead Counsel have fairly and adequately represented and protected the interests of the Class; (e) the questions of law and fact, common to the members of the Class, predominate

2

over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

2.       For purposes of the Settlement only, the Lead Plaintiff is conditionally certified as Class Representative for the Class, and Levi & Korsinsky, LLP ("Levi & Korsinsky") is conditionally appointed as Lead Counsel for the Class.

3.       The Court preliminarily finds that:

(a)       The proposed Settlement resulted from informed, arm's-length negotiations, by counsel well-versed in securities litigation;

(b)       Lead Counsel has concluded that the proposed Settlement is fair, reasonable and adequate; and

(c)       The proposed Settlement is within the range of what could be determined to be fair, reasonable, and adequate. *See In re Warner Chilcott Ltd. Sec. Litig.,* No. 06 Civ. 11515 (WHP), 2008 WL 5110904, at *2 (S.D.N.Y. Nov. 20, 2008) ("Although a complete analysis of [*City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974)] factors is required for final approval, at the preliminary approval stage, the Court need only find that the proposed settlement fits within the range of possible approval to proceed" (citations and internal quotations marks omitted)).

4.       A hearing (the "Settlement Fairness Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on _____, 2020, at __:___ __.m., at the United States District Court, Southern District of New York, 500 Pearl Street, New York, New York 10007, for the following purposes:

(a)       to finally determine whether this Action satisfies the applicable prerequisites for class action treatment under Rule 23 of the Federal Rules of Civil Procedure;

3

whether Lead Plaintiff should be finally certified as Class Representative for the Class; and whether the law firm of Levi & Korsinsky should be finally appointed as Lead Counsel for the Class;

(b)    to determine whether the proposed Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(c)    to determine whether the Final Judgment as provided under the Stipulation should be entered, dismissing the Amended Complaint filed herein against the Defendants, with prejudice, and to determine whether the releases contemplated by the Stipulation should become effective;

(d)    to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable, and should be approved by the Court;

(e)    to consider Lead Counsel's application for an award of attorneys' fees and expenses;

(f)    to consider Lead Plaintiff's requests for the reimbursement of the costs and expenses (including lost wages) he incurred in prosecuting this Action on behalf of the Class;

(g)    to determine whether an order should be entered barring and enjoining Lead Plaintiffs and all Class Members from instituting, commencing, assisting, maintaining or prosecuting, either directly, indirectly, or in a representative capacity, any action in any court or tribunal asserting any Settled Claims; and

(h)    to rule upon such other matters as the Court may deem appropriate.

5.    The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Class and may adjourn the Settlement

4

Fairness Hearing without further notice to the Class. The Court reserves the right to enter its Final Judgment approving the Stipulation and dismissing the Amended Complaint with prejudice as against Defendants regardless of whether it has approved the Plan of Allocation, Lead Plaintiff's request for the reimbursement of costs and expenses, or Lead Counsel's application for an award of attorneys' fees and expenses.

6.    The Court approves the form, substance and requirements of the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Summary Notice of Pendency and Proposed Settlement of Class Action (the "Postcard Notice") and the Proof of Claim and Release (the "Proof of Claim"), annexed hereto as Exhibits A-1, A-2 and A-3, respectively.

7.    The Court approves the appointment of Analytics Consulting, LLC as the Claims Administrator.

(a)    The Claims Administrator shall cause the Notice and the Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first class mail, postage prepaid, within thirty-one (31) calendar days of this Order, to all Class Members who can be identified with reasonable effort from the books and records regularly maintained by UMC. No later than fourteen (14) calendar days after entry of this Order, UMC shall provide to the Claims Administrator whatever information it possesses, or with reasonable effort can obtain, listing the last known names and addresses of Persons and entities who were UMC shareholders of record, and/or beneficial holders during the Class Period for the purpose of assisting in identifying and giving notice to Class Members.

(b)    The Claims Administrator shall cause the Postcard Notice to be published once on a national wire service, such as GlobeNewswire, within ten (10) calendar days after the mailing of the Notice.

(c)    The Claims Administrator shall post on its website at www.umcsecuritieslitigation.com the Stipulation, Notice, Postcard Notice and Proof of Claim form within ten (10) calendar days of this Order.

(d)    Lead Counsel shall, at or before the Settlement Fairness Hearing, file with the Court proof of mailing of the Notice and Proof of Claim form and proof of publication of the Postcard Notice.

8.    The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other Persons or entities who purchased or otherwise acquired UMC shares during the Class Period as record owners but not as beneficial owners. Such nominee purchasers are directed, within seven (7) calendar days of their receipt of the Notice, to either (i) provide the Claims Administrator with lists of the names and last known addresses of the beneficial owners (in which case the Claims Administrator is ordered to thereafter send the Notice and Proof of Claim promptly to such identified beneficial owners by first-class mail); or (ii) request additional copies (from the Claims Administrator) of the Notice and Proof of Claim form for each beneficial owner it has identified, and to thereafter, within seven (7) calendar days of receipt of such copies, send a copy of the Notice and Proof of Claim form by first-class mail directly to each such beneficial owner. Nominee purchasers who elect to send the Notice and Proof of Claim themselves to their beneficial owners shall also send a statement to the Claims Administrator confirming that the mailing was made as directed. Additional copies of the Notice shall be made available to any record holder, requesting such, for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Settlement Fund, after receipt by the Claims Administrator of proper documentation, for their reasonable out-of-pocket expenses incurred in sending the Notices and Proofs of Claim to beneficial owners.

9.      The form and content of the Notice and the Summary Notice, and the method set forth herein for notifying the Class of the Settlement and its terms and conditions, meet (a) the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, and due process, (b) constitute the best notice practicable under the circumstances, and (c) shall constitute due and sufficient notice to all Persons and entities entitled thereto.

10.      In order to be entitled to participate in the Net Settlement Fund, in the event the Settlement is consummated in accordance with its terms set forth in the Stipulation, each Class Member shall take the following actions and be subject to the following conditions:

(a)      A properly executed Proof of Claim, substantially in the form attached hereto at Exhibit A-3, must be submitted to the Claims Administrator, at the Post Office box indicated in the Notice, not later than _____, 2020. Such deadline may be further extended by Court Order. Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first class mail, postage prepaid), provided such Proof of Claim is actually received prior to the motion for an order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice.

(b)      The Proof of Claim submitted by each Class Member must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker

7

containing the transactional information found in a broker confirmation slip, or such other documentation or proof as Lead Counsel and the Claims Administrator, in their discretion, may deem acceptable; (iii) if the Person executing the Proof of Claim is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)    As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted and shall (subject to effectuation of the Settlement) release all Settled Claims as provided in the Stipulation.

11.    Class Members shall be bound by the Stipulation, and all orders, determinations, and judgments in this Action concerning the Settlement, including, but not limited to, the releases provided therein, whether favorable or unfavorable, unless they request exclusion from the Class in a timely and proper manner, as hereinafter provided. A Class Member wishing to make such request shall, no later than thirty (30) calendar days prior to the date scheduled herein for the Settlement Fairness Hearing, mail a request for exclusion in written form by first class mail postmarked to the address designated in the Notice. Such request for exclusion shall clearly indicate the name, address and telephone number of the person seeking exclusion, state that the sender requests to be excluded from the Class and the Settlement in *Meyer v. United Microelectronics Corporation, et al.*, 1:19-cv-02304-VM (S.D.N.Y.) and must be signed by such person. Such persons requesting exclusion are also directed to state the date(s), price(s), and number(s) of shares of all purchases, acquisitions, and sales of UMC shares during the Class Period, and to provide documentation showing proof of purchase, acquisition or sale, or such

8

other documents evidencing such transactions. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Class Members requesting exclusion from the Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

12.    The Court will consider any Class Member's objection(s) to the Settlement, the Plan of Allocation, any request for reimbursement of Lead Plaintiff's costs and expenses (including lost wages), and/or Lead Counsel's application for a Fee and Expense Award only if (a) such objection(s), together with any supporting papers, is/are filed in writing with the Clerk of Court, United States District Court - Southern District of New York, 500 Pearl Street, New York, New York 10007, and (b) copies of all such papers are served not later than thirty (30) calendar days prior to the date scheduled herein for the Settlement Fairness Hearing on both: (i) Gregory Nespole, Levi & Korsinsky, LLP, 55 Broadway, New York, NY 10006, on behalf of the Lead Plaintiff and the Class; and (ii) James F. Moyle, Lazare Potter Giacovas & Moyle LLP, 747 Third Avenue, 16th Fl., New York, NY 10017, on behalf of Defendants. The written objections must: (i) demonstrate, via brokerage statements, affidavits, confirmation slips or other documentation, the objecting Person's membership in the Class, including the number of UMC shares purchased, acquired and sold during the Class Period and the dates of any such purchase(s), acquisition(s) and sale(s), the price(s) at which the UMC shares were purchased, acquired and/or sold; and (ii) contain a statement of the reasons for objection. Attendance at the Settlement Fairness Hearing is not necessary to object; however, Persons wishing to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, and/or Lead Counsel's application for a Fee and Expense Award, are required to indicate in their written

9

objection their intention to appear at the hearing. Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for a Fee and Expense Award and desire to present evidence at the Settlement Fairness Hearing must include in their written objections copies of any exhibits and the identity of any witnesses they intend to introduce into evidence at the Settlement Fairness Hearing. If an objector hires an attorney to represent him, her or it for the purposes of making an objection, the attorney must both effect service of a notice of appearance on counsel listed above and file it with the Court by no later than thirty (30) calendar days before the Settlement Fairness Hearing. Any Class Member or other Person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising (in this proceeding or on any appeal), any objection to the Settlement, and any untimely objection shall be barred. Class Members do not need to appear at the hearing or take any other action to indicate their approval of the Settlement.

13.    Defendants' Counsel and Lead Counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

14.    All motions and papers in support of the Settlement, the Plan of Allocation, and any application by Lead Counsel for a Fee and Expense Award (or by Lead Plaintiff for reimbursement of his costs and expenses (including lost wages)) shall be filed and served no later than fourteen (14) calendar days prior to the objection deadline in ¶12. All proceedings in the Action against the Defendants are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation. Pending final determination of whether the Settlement should be approved, Lead Plaintiff, all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence, assist, maintain or prosecute, and are hereby barred and enjoined from

10

instituting, commencing, assisting, maintaining or prosecuting, any action in any court or tribunal that asserts Settled Claims against Released Parties.

15.     As provided in the Stipulation, Lead Counsel may pay the Claims Administrator the reasonable and customary costs associated with giving Notice to the Class and the review of claims and administration of the Settlement out of the Settlement Fund without further order of the Court. Such costs include, without limitation, the actual costs of Notice (including the actual costs of publishing, printing, and mailing the Postcard Notice, reimbursement to nominee owners for forwarding the Postcard Notice to their beneficial purchasers/owners), and the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing Notice and processing the submitted claims; and the fees, if any, related to the escrow account and the investment of the Settlement Fund as contemplated in the Stipulation.

16.     Neither Defendants nor their counsel shall have any responsibility for the Plan of Allocation or any application for (i) a Fee and Expense Award or (ii) expenses by Lead Plaintiff, as such matters shall be considered separately from the fairness, reasonableness and adequacy of the Settlement.

17.     If any specified condition to the Settlement set forth in the Stipulation is not satisfied and Lead Counsel or the Defendants elect to terminate the Settlement, or if the Settlement is not finally approved or otherwise fails to become effective for any reason, then, in any such event, the Stipulation, including any amendment(s) thereof, and this Order conditionally certifying the Class and the Class Representative for purposes of the Settlement shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any Action or proceedings by any person or entity for any purpose,

11

and each party shall be restored to his, her or its respective litigation position as it existed on September 27, 2019 and the provisions of ¶¶ 36-37 of the Stipulation shall apply.

18.    The Court may adjourn or continue the Settlement Fairness Hearing without further written notice.

19.    The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

Dated: _____, 2020    _____

HON. VICTOR MARRERO
UNITED STATES DISTRICT COURT JUDGE

12

# Exhibit A-1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

KEVIN D. MEYER, Individually and on Behalf of All Others Similarly Situated,

                Plaintiff,

        v.

UNITED MICROELECTRONICS CORPORATION, SHAN-CHIEH CHIEN, JASON WANG, PO-WEN YEN, and CHITUNG LIU,

                Defendants.

No. 19-cv-02304-VM

<u>CLASS ACTION</u>

JURY TRIAL DEMANDED

**NOTICE OF PENDENCY AND PROPOSED**
**<u>SETTLEMENT OF CLASS ACTION</u>**

**[EXHIBIT A-1]**

**<u>*A Federal Court Authorized This Notice. This is not a solicitation from a lawyer.*</u>**

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT (THE "ACTION") IF, DURING THE PERIOD FROM OCTOBER 28, 2015 TO NOVEMBER 1, 2018, INCLUSIVE (THE "CLASS PERIOD") YOU PURCHASED OR OTHERWISE ACQUIRED THE AMERICAN DEPOSITARY SHARES OF UNITED MICROELECTRONICS CORPORATION ("UMC" OR THE "COMPANY") (CUSIP NO. 910873405). AMERICAN DEPOSITARY SHARES OF UMC ARE REFERRED TO IN THIS NOTICE AS "UMC ADSs".[1]**

**PLEASE ALSO BE ADVISED THAT THE COURT-APPOINTED LEAD PLAINTIFF MARK NELSON HAS REACHED A PROPOSED SETTLEMENT OF THE ACTION FOR A TOTAL OF: (I) US $3,000,000 IN CASH; AND (II) ANY EARNINGS ON ANY SUCH MONIES THAT WILL RESOLVE ALL CLAIMS IN THE LITIGATION (THE "SETTLEMENT").**

**IF YOU DO NOT WISH TO BE INCLUDED IN THE CLASS AND YOU DO NOT WISH TO PARTICIPATE IN THE PROPOSED SETTLEMENT DESCRIBED IN THIS**

---

[1] This Notice of Pendency and Proposed Class Action Settlement ("Notice") incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated June 30, 2020 (the "Stipulation"). All capitalized terms used, but not defined herein, shall have the same meanings the terms defined as in the Stipulation. The Stipulation is posted on the Claims Administrator's settlement website, www.umcsecuritieslitigation.com.

**NOTICE, YOU MAY REQUEST TO BE EXCLUDED. TO DO SO, YOU MUST SUBMIT A WRITTEN REQUEST FOR EXCLUSION THAT MUST BE RECEIVED ON OR BEFORE _____.**

## SUMMARY OF THIS NOTICE

### I.   Description of the Action and the Class

This Notice relates to the proposed Settlement of a class action lawsuit pending against Defendants UMC and certain of its current and former officers and/or directors, including Shan-Chieh Chien, Jason Wang, Po-Wen Yen, and Chitung Liu (together with UMC, the "Defendants"). The proposed Settlement, if approved by the Court, will settle all claims against Defendants of all persons and entities who purchased or otherwise acquired UMC ADSs during the Class Period, and were allegedly damaged thereby (the "Settlement Class" or "Class").

### II.   Statement of Recovery by the Class

Subject to Court approval, and as described more fully in Section III below, Lead Plaintiff, on behalf of the Class, has agreed to settle all claims related to the purchase or sale of UMC ADSs during the Class Period that were or could have been asserted against the Defendants and the other Released Parties in this Action in exchange for a settlement payment of US $3,000,000 in cash (the "Settlement Amount") and any earnings on any such monies, which has been deposited into an interest-bearing escrow account held by the Escrow Agent [2] (the "Settlement Fund").  Based on the number of UMC ADSs at issue, and assuming that all eligible Class members participate in the Settlement, Lead Plaintiff's damages expert estimates that the average recovery would be approximately $0.0179 per UMC ADS, or approximately 0.94% of the closing price at the end of the class period, less costs as described herein. Class Members should note, however, that the average recovery per share is only an estimate and that due to the trading history within the class period, reflects extended periods of low per-ADS damages, and that recoveries per ADS will be based on what period they were purchased in. Some Class Members may recover more or less depending on, among other factors, when and what price they purchased or sold their ADSs and the total number and value of valid claims submitted. ADSs purchased between July 28, 2017 and November 1, 2018 are anticipated to receive the greatest share of recovery. Class Members should also note that the estimated average recovery per ADS is based on the total number of potentially affected UMC ADSs in the Class and the number of potential Class members. Some Class members may recover more or less than this estimated amount depending on, among other factors, how many Class members file claims, and the timing and prices at which their UMC ADSs were acquired or sold. Historically, actual claim rates in class actions are less than 100%, which results in higher distributions per share. The Net Settlement Fund (the Settlement Fund less taxes, notice and administration costs, and expenses including attorneys' fees and litigation expenses awarded to Lead Counsel) will be distributed in accordance with a plan of allocation (the "Plan of Allocation") that will be approved by the Court and will determine how the Net Settlement Fund shall be allocated to the members of the Class who submit valid Proof of Claim and Release forms

---

[2] The "Escrow Agent" is Signature Bank, member FDIC.

("Proof of Claim"). The proposed Plan of Allocation is included in this Notice.

### III.  Reasons for Settlement

For Lead Plaintiff, the principal reason for the Settlement is the immediate benefit of a cash recovery for the Settlement Class. This benefit must be compared to the risk that no recovery or a smaller recovery might be achieved following the Court's decision on the Defendants' anticipated motion to dismiss, the completion of fact and expert discovery if the case was not dismissed, and the briefing of summary judgment motions. Even if the case advanced to trial, Lead Plaintiff would face the risk of losing at trial and the risk that a class might not be certified, as well as the risk of likely appeals which could last one or more additional years even if Plaintiff prevailed at trial. For the Defendants (who deny all allegations of liability and deny that any Class members were damaged) the principal reason for the Settlement is to eliminate the burden, expense, uncertainty and risk of further litigation.

### IV.  Statement of Potential Outcome of the Case

Lead Plaintiff and Defendants do not agree on whether Lead Plaintiff would have prevailed on the claims against Defendants. Nor do they agree on the average amount of damages per UMC ADS that might be recoverable if Lead Plaintiff were to prevail on the claims. The Court has not reached any final decisions in connection with Lead Plaintiff's claims against the Defendants. Instead, Lead Plaintiff and the Defendants (collectively, the "Settling Parties") have agreed to this Settlement, which was reached after extensive arm's-length negotiations.

The parties do not agree on the average amount of damages per share, if any, that would be recoverable if Lead Plaintiff was to prevail. The issues on which the Settling Parties disagree include, but are not limited to: (1) whether the statements made or facts allegedly omitted were false, material, or otherwise actionable under the federal securities laws; (2) whether any of the allegedly false or misleading statements were made knowingly or recklessly; (3) the extent to which the various matters that Lead Plaintiff alleged were materially false or misleading influenced (if at all) the trading price of UMC ADSs at various times during the Class Period; (4) the extent to which external factors, such as general market conditions, influenced the trading price of UMC ADSs at various times during the Class Period; (5) the appropriate economic model for determining the amount by which UMC ADSs were allegedly artificially inflated (if at all) during the Class Period; and (6) the extent to which Class members were damaged (if at all).

The Defendants deny that they did anything wrong, deny any liability to Lead Plaintiff, and deny that Lead Plaintiff and the Class members have suffered any damages attributable to the Defendants' actions. Contrary to the Defendants' assertion, Lead Plaintiff believes that he and the Class suffered damages as a result of Defendants' actions.

### V.  Statement of Attorneys' Fees and Expenses Sought

Court-appointed Lead Counsel (as defined in Section VI) below) will apply to the Court for an award of attorneys' fees in an amount not to exceed 30% of the Settlement Fund. In addition, Lead Counsel will also apply for the reimbursement of litigation expenses paid or incurred in

3

connection with the prosecution and resolution of this action, approximately $_____, plus interest. Lead Counsel's overall request for reimbursement of litigation expenses may include a request for an award to Lead Plaintiff for time and expenses (including lost wages) he incurred in representing the Class and expenses directly related to his representation of the Settlement Class. If the Court approves the fee and expense application in full, the average amount of fees and expenses per allegedly damaged UMC ADS will be approximately _____ based on the estimated total number of affected UMC ADSs in the Class . Lead Counsel have not received any payment for their work investigating the facts, prosecuting this Action, and negotiating this Settlement on behalf of the Lead Plaintiff and the Class. The Court will decide what constitutes a reasonable fee award and may award less than the amounts requested by Lead Counsel and Lead Plaintiff. Class members are not personally liable for any such fees or expenses. Rather, they will be paid from the Settlement Fund.

## VI.    Identification of Attorney's Representatives

Lead Plaintiff and the Settlement Class are being represented by Gregory M. Nespole of Levi & Korsinsky, LLP ("Levi & Korsinsky"), the Court-appointed Lead Counsel. Any questions regarding the Settlement may be addressed to Mr. Nespole at Levi & Korsinsky, LLP, 55 Broadway, New York, NY 10006, Tel. (212) 363-7500. Class Members may also obtain additional information on the Settlement Website (www.umcsecuritieslitigation.com), or by contacting the Settlement Administrator at:

> Analytics Consulting, LLC
> Attn: UMC Securities Litigation
> PO Box 2007
> Chanhassen, MN 55317-2007

| Your Legal Rights and Options in this Settlement, and Important Deadlines | |
| --- | --- |
| **REMAIN A MEMBER OF THE SETTLEMENT CLASS AND SUBMIT A CLAIM FORM** | This is the only way to get a payment. If you wish to be eligible to obtain a payment as a Class member, you will need to file a Claim Form (which is included with this Notice) postmarked no later than _____, 2020) |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2020** | Get no payment. This is the only option that allows you to ever participate in another lawsuit against any of the Defendants or other Released Parties relating to the legal claims that were, or could have been, asserted in this case. This is the only option for Class members to remove themselves from the Settlement Class. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2020** | You may write to the Court and object if you do not like the Settlement, the Plan of Allocation or the request for attorneys' fees and reimbursement of expenses. You cannot object unless you are a Class member and do not exclude yourself |

4

| GO TO THE HEARING ON _____, 2020 at ___ : ___ .M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2020 | You may ask to speak in Court about the fairness of the settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of expenses. |
|---|---|
| **DO NOTHING** | You will not be eligible to receive a payment from the Settlement, you will give up your rights, your pro rata share of the Net Settlement Fund will be allocated among Authorized Claimants, and you will still be bound by the Settlement. |

These rights and options, and the deadlines to exercise them, are further explained in this Notice.

## BASIC INFORMATION

### 1. Why did I get this Notice package?

You or someone in your family may have purchased or otherwise acquired UMC ADSs between October 28, 2015 and November 1, 2018, inclusive , and may be a Class member in this Action. This package explains the lawsuit, the Settlement, Class members' legal rights, what benefits are available, who is eligible for them and how to get them.

If approved, the Settlement will end all the Settlement Class' claims against the Released Parties, as defined in the Stipulation of Settlement. This Settlement has no effect on the Class' right to seek further remuneration from other potential defendants aside from the Released Parties, which may result in additional recoveries. The Court will consider whether to approve the Settlement at a Settlement Hearing on _____, 2020 at ___:_____ ___.m. If the Court approves the Settlement, and after any appeals are resolved and the Settlement administration is completed, the Claims Administrator appointed by the Court will make the payments that the Settlement allows.

The Court in charge of the case is the United States District Court for the Southern District of New York, and the case is known as *Meyer v. United Microelectronics Corporation*, No. 1:19-cv-02304-VM. This case was assigned to United States District Judge Victor Marrero. The persons who are suing are called "plaintiffs" and the company and the persons being sued are called "defendants."

### 2. What is this lawsuit about and what has happened so far?

Defendant UMC is a Taiwanese corporation with its principal executive office located at No. 3 Li-Hsin Road II, Hsinchu Science Park, Hsinchu, Taiwan, R.O.C. and its common shares were listed on the Taiwan Stock Exchange. UMC ADSs have been listed on the NYSE under the

5

symbol "UMC" since September 19, 2000.  UMC is a company engaged in semiconductor process technology and manufacturing.

On March 14, 2019,  Kevin D. Meyer filed a securities class action complaint  against Defendants on behalf of himself and all persons or entities who purchased or otherwise acquired UMC ADSs during the Class Period, captioned  *Meyer v. United Microelectronics Corporation, et al.*, 1:19-cv-02304-VM (S.D.N.Y.), in the United States District Court for the District of New York.  The Action alleged violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 and  Rule 10b-5 promulgated thereunder. Judge Marrero is in charge of this case.

On March 14, 2019, pursuant to the Private Securities Litigation Reform Act of 1995, counsel for plaintiff Meyer published notice on *Globe Newswire* informing other potential class members of their right to move for appointment as lead plaintiff for the putative Class.

On May 13, 2019 Mark Nelson moved to be appointed lead plaintiff and moved for Levi & Korsinsky, LLP ("Levi & Korsinsky"), to be appointed Lead Counsel.

On May 23, 2019 the Court appointed Lead Plaintiff as such, and appointed Levi & Korsinsky as Lead Counsel.

From May 23, 2019 to September 27, 2019, Lead Plaintiff, through Lead Counsel, diligently investigated and the claims, defenses, and underlying events and transactions that are the subject of this action.    This process has included analyzing, among other things, publicly filed documents and records, investigative reports, and news stories; and reviewing and corroborating the allegations and developments. In particular, Lead Counsel reviewed, further researched, and took steps to corroborate the information and averments in (a) *United States v. United Microelectronics Corporation, et al.*, No. 18-cr-0465-MMC (N.D. Cal.) (the "DOJ Criminal Action");  (b) *United States v. United Microelectronics Corporation, et al.*, No. 3:18-cv-6643-MMC (N.D. Cal.), (c) filings in the courts of Taiwan, including the Indictment Decision of Taiwan District Prosecutors Office, Case Nos. 106-Zhen-Tzu No. 11035, 4520, 5612, & 5613; and (d) *Micron Technology, Inc. v. United Microelectronics Corporation, et al.*, No. 3:17-cv-6932-MMC (N.D. Cal.).  In addition, Lead Counsel consulted with certain experts regarding issues of market efficiency and damages suffered by Lead Plaintiff and the Class resulting from the claims in the Action.

On September 27, 2019, based on an extensive investigation, Lead Plaintiff filed a 120-page Amended Complaint (the "Amended Complaint").

On October 23, 2019, Defendants requested a pre-motion conference to address their anticipated motion to stay the Action pending resolution of the DOJ Criminal Action.

On October 30, 2019, the Court denied Defendants' request without briefing.

From time to time during the pendency of the Action, counsel to the Parties discussed whether an early stage resolution may be possible, and in December 2019, the Parties, through their counsel, agreed to retain Jed Melnick, Esq. of JAMS (the "Mediator") to facilitate settlement

6

discussions.  On February 10, 2020, after a full day of negotiations, the Parties agreed to accept, in principle, the Mediator's recommendation to settle all claims in the Action for $3,000,000.

The Parties subsequently negotiated and entered into the formal Stipulation on June 30, 2020.  On ▓▓▓▓▓, 2020, the Court preliminarily approved the Settlement, authorized the dissemination of this Notice to potential Class members, and scheduled the upcoming Settlement Fairness Hearing to consider whether to grant final approval to the Settlement.

### 3.  Why is this a class action?

In a class action, one or more people called class representatives (in this case, the Court-appointed Lead Plaintiff) sue on behalf of people or entities, known as "class members," who have similar claims.  A class action allows one court to resolve in a single case many similar claims that, if brought separately by individuals, might be economically so small that they would never be brought.  One court resolves the issues for all class members, except for those who exclude themselves, or "opt out," from the Class (discussed below).

### 4.  Why is there a settlement?

The Court has not decided the Action in favor of Lead Plaintiff or Defendants. The Settlement will end all the claims against Defendants in the Action and avoid the uncertainties and costs of further litigation and any future trial. Assuming the Settlement is approved, affected investors will be eligible to receive cash compensation once the claims made against the Net Settlement Fund are validated and calculated.

Lead Plaintiff, through Lead Counsel, conducted an extensive investigation of the claims and transactions relating to the Action, vigorously pursued discovery from Defendants related to the claims, underlying events, and transactions, and an expert to assist and evaluate the claims. Further, Lead Counsel participated in hard-fought arm's-length negotiations and mediation before an experienced mediator prior to entering into the Settlement.

Defendants denied and continue to deny all allegations of liability contained in the Amended Complaint and deny that they are liable to the Class. The Settlement should not be seen as an admission or concession on the part of Defendants regarding the truth or validity of the allegations, claims, and/or defenses in the Action, or their fault or liability for alleged damages allegedly suffered by any Class member.

### WHO GETS MONEY FROM THE SETTLEMENT?

To see if you will get money from the Settlement, you first must determine if you are a Class member.

### 5.  How do I know if I am part of the settlement?

The Court determined, for the purposes of the proposed Settlement only, that everyone who fits the following description and is not excluded by definition from the class (*see* Question

6 below) is a member of the Class, or a "Class Member," unless they take steps to exclude themselves:

> All persons or entities that purchased or otherwise acquired UMC ADSs between October 28, 2015 and November 1, 2018, inclusive (the "Class Period"), and that were allegedly damaged thereby.

Receipt of this Notice does not mean that you are a Class Member. Please check your records or contact your broker to see if you purchased or otherwise acquired UMC ADS during the Class Period.

**6. Are there exceptions to being included in the Class?**

There are some people and entities that are excluded from the Class by definition including the individual Defendants; all current or former officers or directors of UMC, its affiliates, parents or subsidiaries; any corporation, trust or other entity in which any Defendant has or had a controlling interest; the members of the immediate families of the individual Defendants. Also excluded from the Class will be any Person who timely and validly seeks exclusion from the Class in accordance with the requirements of the Notice.

If you do not want to be a Class Member – for example if you want to bring your own lawsuit against the Defendants at your own expense for the claims that are being released as part of the Settlement – you must exclude yourself by filing a request for exclusion in accordance with the requirements explained below.

If you own shares in a mutual fund that purchased or otherwise acquired UMC ADSs during the Class Period, that alone does not make you a Class Member. You are a Class Member only if you (or your broker on your behalf) directly purchased or otherwise acquired UMC ADSs during the Class Period. If you are still not sure whether you are included, you can ask for free help by writing to or calling the Claims Administrator: Analytics Consulting, LLC, Attn: UMC Securities Litigation, PO Box 2007, Chanhassen, MN 55137-2007, tel.: (855) 917-4986.  Or you can fill out and return the Proof of Claim and Release form described in Question 9 below, to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU MAY RECEIVE

**7. What does the settlement provide?**

In the Settlement, UMC has agreed to pay: i) US $3,000,000 in cash; and (ii) any earnings on any such monies, which will be deposited in an interest-bearing escrow account for the benefit of the Class (the "Settlement Fund"). The Settlement Fund will be divided, after deduction of court-awarded attorneys' fees and expenses, settlement administration costs and any applicable taxes, among all Class Members who timely submit valid proofs of claim that are accepted for payment by the Court ("Authorized Claimants").

**8. How much will my payment be?**

The Plan of Allocation discussed below explains how claimants' "Recognized Claims" will be calculated. Your share of the Net Settlement Fund will depend on several things, including: (a) how many UMC ADSs you bought; (b) how much you paid for the UMC ADSs; (c) when you bought them; (d) whether or when you sold them (and, if so, for how much you sold them); and (e) the amount of Recognized Claims of other Authorized Claimants.

It is unlikely that you will get a payment for your entire Recognized Claim, given the number of potential Class Members. After all Class Members have sent in their Proofs of Claim, the payment any Authorized Claimant will get will be their *pro rata* share of the Net Settlement Fund. An Authorized Claimant's share will be his, her or its Recognized Claim divided by the total of all Authorized Claimants' Recognized Claims and then multiplied by the total amount in the Net Settlement Fund. *See* the Plan of Allocation below for more information.

## HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

### 9. How can I get a payment?

To qualify for a payment, you must timely send in a valid Proof of Claim with supporting documents (***DO NOT SEND ORIGINALS*** of your supporting documents). A Proof of Claim is enclosed with this Notice. You may also get copies of the Proof of Claim on the Internet at the Claims Administrator's website: www.umcsecuritieslitigation.com. Please read the instructions carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it, and mail it to the Claims Administrator by First-Class Mail, postmarked on or before _____, 2020. The Claims Administrator needs all of the information requested in the Proof of Claim in order to determine if you are eligible to receive a distribution from the Net Settlement Fund.

If the Court approves the Settlement, there may still be appeals which would delay payment, perhaps for more than a year. It also takes time for all the Proofs of Claim to be processed. Please be patient.

### 10. What am I giving up by staying in the Class?

Unless you exclude yourself, you will stay in the Class, which means that as of the date that the Settlement becomes effective under the terms of the Stipulation (the "Effective Date"), you will forever give up and release all "Settled Claims" (as defined below) against the Released Parties. You will not in the future be able to bring a case asserting any Released Claim against any Released Party.

"Settled Claims" means any and all claims, debts, demands, rights, liabilities, and causes of action of every nature and description whatsoever (including, but not limited to, any claims for damages) interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever, whether known or Unknown (as defined below), whether based on federal, state, local, statutory, common or foreign law or any other law, rule or regulation, whether fixed or contingent, suspected or unsuspected, foreseen or unforeseen, ripened or unripened, accrued or un-accrued, liquidated or unliquidated, and whether matured or unmatured whether arising at law or in equity or under the law of contract, tort, malpractice, statutory breach, or any other legal

9

right or duty, whether direct, class, individual representative, derivative, or in any other capacity, and to the fullest extent that the law permits their releases in this lawsuit that Lead Plaintiff, or any other member of the Settlement Class,  (i) asserted in the Amended Complaint, or (ii) could have asserted in the Action or any other forum by the Releasing Plaintiff Parties against any of the Released Defendant Parties, which arise out of, or are based upon or related in any way to, the allegations, transactions, facts, reports, communications, matters or occurrences, representations or omissions involved in the Amended Complaint.  Excluded from Settled Claims are claims based upon, relating to, or arising out of the interpretation or enforcement of the Settlement.

"Released Defendant Parties" means Defendants, Defendants' Counsel, and their past, present or future directors and officers, employees, partners, insurers, co-insurers, reinsurers, attorneys, advisors, investment advisors, personal or legal representatives, agents, assigns, executors, estates, administrators, related or affiliated Persons or entities, predecessors, successors, parents, subsidiaries, affiliated variable interest entities, divisions and joint ventures; any entity in which any Defendant has a controlling interest; Defendants' immediate family members, spouses and marital communities; and any trust of which any Defendant is the settlor or which is for the benefit of any of their immediate family members.

"Releasing Plaintiff Parties" means individually and collectively Lead Plaintiff and each Class member, whether or not they object to the Settlement set forth in the Stipulation, and whether or not they make a claim for payment from the Net Settlement Fund.

"Settled Defendants Claims" means all claims, debts, demands, rights, liabilities, sanctions, and causes of action of every nature and description whatsoever (including,  but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liabilities whatsoever), whether known or Unknown, whether based on federal, state, local, statutory, common or foreign law or any other law, rule or regulation, whether fixed or contingent, suspected or unsuspected, foreseen or unforeseen, ripened or unripened, accrued or unaccrued, liquidated or unliquidated, and whether matured or unmatured whether arising in equity or under the law of contract, tort, malpractice, statutory breach, or any other legal right or duty, whether direct, class, individual representative, derivative, or in any other capacity, and to the fullest extent that the law permits their releases in this lawsuit that any Released Defendant Party may have against any of the Released Plaintiff Parties that arise out of or relate in any way to the Action or the Settled Claims, the institution, prosecution, settlement or resolution of the Action or the Settled Claims, except claims based upon, relating to, or arising out of the interpretation or enforcement of the Settlement.

"Unknown"  means, as to claims, any and all Settled Claims against the Released Defendant Parties, which the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor as of the Effective Date, and any Settled Defendants' Claims against the Released Plaintiff Parties which the Released Defendant Parties do not know or suspect to exist in his, her, or its favor as of the Effective Date, which if known by the Releasing Plaintiff Parties or Released Defendant Parties might have affected his, her, or its decision(s) with respect to the Settlement.  With respect to any and all Settled Claims and Settled Defendants' Claims, the Parties stipulate and agree that by operation of the Final Judgment, upon the Effective Date,

10

Lead Plaintiff and the Released Parties shall have expressly waived, and each Class Plaintiff shall be deemed to have waived, and by operation of the Final Judgment shall have expressly waived, the provisions, rights and benefits of Cal. Civ. Code §1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

and any and all provisions, rights and benefits conferred by any law of any state or territory of the United States or any foreign jurisdiction, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code §1542.

The Releasing Plaintiff Parties and Released Defendant Parties may hereafter discover facts other than or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Settled Claims and Settled Defendants' Claims. Nevertheless, Lead Plaintiff and the Released Defendant Parties shall expressly, fully, finally and forever settle and release, and each Class Plaintiff, upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released, any and all Settled Claims and Settled Defendants' Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff and the Released Defendant Parties acknowledge, and Class Plaintiffs shall be deemed to have acknowledged, that the inclusion of Unknown claims in the definition of Settled Claims and Settled Defendants' Claims were separately bargained for and were key elements of the Settlement.

The above description of the proposed Settlement is only a summary. The complete terms may be obtained at www.umcsecuritieslitigation.com. The Court may not approve the Settlement or it may be terminated as outlined in the Stipulation. If the Settlement is not approved, or is terminated, the certification of the Class for settlement purposes will be vacated, and the Action will proceed as if the Stipulation had not been entered into.

### EXCLUDING YOURSELF FROM THE SETTLEMENT

If you want to keep any right you may have to sue or continue to sue the Released Defendant Parties on your own about the Settled Claims, then you must take steps to exclude yourself from the Class. Excluding yourself is also known as "opting out" of the Class. The Defendants may withdraw from and terminate the Settlement if potential Class Members who purchased in excess of a certain amount of UMC ADSs during the Class Period opt out of the Class.

**11. How do I "opt out" (exclude myself) from the proposed Settlement?**

To "opt out" (exclude yourself) from the Class, you must send a signed letter by First-

Class Mail stating that you "request exclusion from the Class in *Meyer v. United Microelectronics Corporation et al.*, No. 1:19-cv-02304-VM (S.D.N.Y.)." Your letter must state the date(s), price(s) and number of UMC ADSs you purchased, acquired and sold during the Class Period.  You must also include documents evidencing such purchases, acquisitions and sales, such as brokerage statements or confirmation slips. This information is needed to determine whether you are a Class Member. In addition, you must include your name, address, telephone number, and your signature. You must mail your exclusion request by First-Class Mail, addressed to Analytics Consulting, LLC*, Attn: UMC Securities Litigation – EXCLUSIONS, PO Box 2007, Chanhassen, MN 55317-2007. The exclusion request must be received no later than _____, 2020. ***You cannot exclude yourself or opt out by telephone or by e-mail.***  Your exclusion request must comply with these requirements in order to be valid. If you are excluded, you will not be eligible to get any payment from the Settlement proceeds and you cannot object to the Settlement, the proposed Plan of Allocation or the application for attorneys' fees and reimbursement of expenses.

**12.    If I do not exclude myself, can I sue the Defendants and the other Released Parties for the same thing later?**

No. Unless you exclude yourself, you give up any rights to sue the Defendants and the other Released Parties for all Settled Claims. If you have a pending lawsuit, speak to your lawyer in that case ***immediately***. You must exclude yourself from the Class in this case to continue your own lawsuit.  Remember, the exclusion deadline is _____, 2020.

## THE LAWYERS REPRESENTING YOU

**13. Do I have a lawyer in this case?**

The Court appointed the law firm of Levi & Korsinsky, LLP to represent you and other Class Members. These lawyers are called Lead Counsel. You will not be separately charged for these lawyers. The Court will determine the amount of Lead Counsel's fees and expenses. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

**14. How will the lawyers be paid?**

Lead Counsel have not received any payment for their services in pursuing the claims against the Defendants on behalf of the Class, nor have they been reimbursed for their litigation expenses. At the Settlement Hearing described below, or at such other time as the Court may order, Lead Counsel will ask the Court for an award of attorneys' fees of no more than 30% of the Settlement Fund, and to reimburse them for their litigation expenses, such as the cost of experts, that they have incurred in pursuing the Action.  The request for reimbursement of expenses will be approximately $_____, plus interest on the expenses from the date of funding at the same rate as may be earned by the Settlement Fund. In addition, Lead Plaintiff may seek reimbursement from the Settlement Fund for time and expenses (including lost wages) incurred in representing the Class.

Court approved attorneys' fees, costs and expenses will be paid from the Settlement

Fund. Class Members are not personally liable for any such fees, costs or expenses. The requested attorneys' fees will compensate Lead Counsel for their work in achieving the Settlement Fund and is within the range of fees awarded to class counsel under similar circumstances in other cases of this type. The Court may award less than the requested amount.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

**15.     How do I tell the Court that I do not like the proposed Settlement, the proposed Plan of Allocation, and/or the application by Lead Counsel for attorneys' fees and reimbursement of expenses?**

If you are a Class Member (and you have not excluded yourself), you can object to the Settlement, the request for attorneys' fees, costs and expenses, or the Plan of Allocation if you do not like any part of them. You can give reasons why you think the Court should not approve the settlement, the request for attorneys' fees, costs and expenses, or the Plan of Allocation. The Court will consider your views.

To object, you must send to Lead Counsel and Defendants' Counsel, and file with the Court, a signed notice of objection saying that you object to the proposed settlement in *Meyer v. United Microelectronics Corporation et al.*, No. 1:19-cv-02304-VM (S.D.N.Y.). Be sure to include your name, address, telephone number, your signature, the date(s), price(s) and number of all UMC ADSs purchased, acquired and sold by you during the Class Period, documents evidencing your purchase(s), acquisition(s) and sale(s) of UMC ADSs, such as brokerage statements or confirmation slips, and the reasons you object to the Settlement, the requested attorneys' fees, costs and expenses, or the Plan of Allocation. This information is needed to demonstrate your membership in the Class. Your objection, and all supporting papers and briefs, must be mailed or delivered such that it is *received* by each of the following no later than _____, 2020:

*Lead Counsel*:
Gregory Nespole, Esq.
LEVI & KORSINSKY, LLP
55 Broadway
New York, NY 10006

*Defendants' Counsel*:

James F. Moyle, Esq.
Anna Pia D. Felix, Esq.
LAZARE POTTER GIACOVAS & MOYLE LLP
747 Third Avenue, 16th Floor
New York, NY 10017

-and-

13

Jason A. D'Angelo, Esq.
HERRICK, FEINSTEIN LLP
Two Park Avenue
New York, NY 10016

Your objection, and all supporting papers and briefs, must also be filed with the Court at the address below no later than _____, 2020:

Clerk of the Court
U.S. District Court for the Southern District of N.Y.
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Attendance at the Settlement Fairness Hearing discussed below is not necessary; however, persons wishing to be heard orally at the hearing are required to indicate in their objection their intention to appear at the hearing and the identity of any witnesses they may call to testify and exhibits, if any, they intend to introduce into evidence. Unless otherwise ordered by the Court, any Class Member who does not object in the manner described in this Notice will be deemed to have waived any objection and will not be able to make any objection to the Settlement, the proposed Plan of Allocation, and/or the application for attorneys' fees and reimbursement of expenses in the future.

## THE COURT'S SETTLEMENT FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement. You may attend, but you do not have to.

**16. When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Settlement Fairness Hearing on _____, at _____ in Courtroom 15B of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court may listen to people who have asked to speak at the hearing. The Court will also decide whether to: (a) award Lead Counsel attorneys' fees and expenses; (b) reimburse Lead Plaintiff the costs and expenses (including lost wages) he incurred in prosecuting this Action on behalf of the Class; and (c) approve the Plan of Allocation as fair, reasonable and adequate. We do not know how long the hearing will take or whether the Court will make its decision on the day of the hearing or sometime later. The Court may adjourn or continue the hearing without further notice to Class Members. If you want to come to the hearing, you should check with Lead Counsel before coming to be sure that the date and/or time has not changed.

**17. Do I have to come to the hearing?**

No. Lead Counsel will answer any questions the Court may have. However, you are welcome to come at your own expense. If you validly submit an objection, it will be considered by the Court and you do not have to come to Court to talk about it. You may also pay your own lawyer to attend, but you are not required to do so.

**18. May I speak at the hearing and submit additional evidence?**

You may ask the Court for permission to speak at the hearing. To do so, you must include with your objection (*see* Question 15 above) a statement that it is your "intention to appear in the *Meyer v. United Microelectronics Corporation et al.*, No. 1:19-cv-02304-VM (S.D.N.Y.)." Be sure to include your name, address, telephone number, your signature, the date(s), price(s) and number of all UMC ADSs purchased, acquired and sold by you during the Class Period, and documents evidencing your purchase(s), acquisition(s) and sale(s) of UMC ADSs, such as brokerage statements or confirmation slips. Your notice of intention to appear must be **received** by Lead Counsel and Defendants' Counsel, and filed with the Clerk of Court, at the addresses listed in Question 15 no later than _____, 2020.

Persons who object and want to present evidence at the Settlement Hearing must also include in their written objection the identity of any witness they may call to testify and exhibits they intend to introduce at the Settlement Fairness Hearing. You cannot speak at the hearing if you excluded yourself from the Class or if you have not provided written notice of your intention to speak at the Settlement Fairness Hearing according to the procedures described above and in the answer to Question 15.

**<u>IF YOU DO NOTHING</u>**

If you do nothing, you will be a Settlement Class Member. However, you will get no money from this Settlement and you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants and the other Released Defendant Parties about the Settled Claims in this case. To be eligible to share in the Net Settlement Fund you must submit a Proof of Claim (*see* Question 9). To start, continue or be a part of any other lawsuit against the Defendants and the other Released Defendant Parties about the Settled Claims in this case you must exclude yourself from the Settlement Class (*see* Question 11).

**<u>GETTING MORE INFORMATION</u>**

This Notice summarizes the proposed Settlement. More details are in the Stipulation, which can be obtained from the Claims Administrator or from the Settlement Website, www.umcsecuritieslitigation.com, where you can also download copies of this Notice, the Proof of Claim form, and the Stipulation, and also locate other information to help you determine whether you are a Class Member and whether you may be eligible for a payment. ***Please do not call the Court or the Clerk of the Court for additional information about the Settlement.***

## SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased or otherwise acquired UMC ADSs (NYSE symbol: "UMC") between October 28, 2015 and November 1, 2018, inclusive, for the beneficial interest of a person or organization other than yourself, the Court has directed that, ***WITHIN SEVEN (7) CALENDAR DAYS OF YOUR RECEIPT OF THIS NOTICE***, you either: (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased or otherwise acquired UMC ADSs during such time period (preferably in an MS Excel data table, setting forth: (i) title/registration, (ii) street address, (iii) city/state/zip; or electronically in MS Word files; or on computer-generated mailing labels) or; (b) request additional copies of this Notice and the Proof of Claim form, which will be provided to you free of charge, and within seven (7) calendar days of receipt of such copies, send them by First-Class directly to the beneficial owners of those UMC ADSs.

If you choose to follow alternative procedure (b), the Court has directed that, upon such mailing, you send a statement to the Claims Administrator confirming that the mailing was made as directed. You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners. Those expenses will be paid after request and submission of appropriate supporting documentation. All communications concerning the foregoing should be addressed to the Claims Administrator at:

> Analytics Consulting, LLC
> Attn: UMC Securities Litigation
> PO Box 2007
> Chanhassen, MN 55317-2007

## INJUNCTION

The Court has issued an order enjoining Lead Plaintiff and all Class Members, either directly, representatively, or in any other capacity, from instituting, commencing, assisting, maintaining or prosecuting any action in any court that asserts Settled Claims, pending final determination by the Court of whether the Settlement should be approved.

## PLAN OF ALLOCATION OF NET SETTLEMENT
## FUND AMONGST CLASS MEMBERS

The Plan of Allocation (the "Plan of Allocation") is the plan by which the Net Settlement Fund is distributed to Class Members. The Plan of Allocation set forth herein is being proposed by Lead Plaintiff and Lead Counsel to the Court for approval. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Class. All Orders regarding a modification of the Plan of Allocation will be posted on the settlement website, www.umcsecuritieslitigation.com.

16

### I.    General Provisions

The $3,000,000 Settlement Amount plus any earnings on any such monies is referred to as the "Settlement Fund." The "Net Settlement Fund" means the Settlement Fund less (i) all taxes on the income of the Settlement Fund and expenses and costs incurred in connection with the taxation of the Settlement Fund (including, without limitation, interest, penalties and the expenses of tax attorneys and accountants); (ii) all fees, costs and expenses paid or incurred in connection with the notice and administration of the Settlement; (iii) any attorneys' fees and expenses awarded by the Court to Lead Counsel; and (iv) any award by the Court to Lead Plaintiff for reimbursement of their reasonable costs and expenses directly related to h i s representation of the Class.

The Net Settlement Fund shall be distributed to each Class Member who timely submits a valid Proof of Claim to the Claims Administrator that is accepted for payment by the Court ("Authorized Claimant"). The Net Settlement Fund will not be distributed to Authorized Claimants until the Court has approved a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, of the order approving the plan of allocation has expired.

The Defendants are not entitled to get back any portion of the Settlement Fund once the Effective Date of the Settlement has occurred. The Defendants shall not have any liability, obligation or responsibility for the administration of the Settlement or disbursement of the Net Settlement Fund or the Plan of Allocation.

Approval of the Settlement is independent from approval of the Plan of Allocation. Any determination with respect to the Plan of Allocation will not affect the Settlement, if approved.

Only those persons and entities that purchased or otherwise acquired UMC ADSs during the Class Period **AND WERE DAMAGED AS A RESULT OF SUCH PURCHASES OR ACQUISITIONS**, will be eligible to share in the distribution of the Net Settlement Fund. Each person or entity wishing to participate in the distribution must timely submit a valid Proof of Claim form establishing membership in the Class, including all required documentation, postmarked no later than _____, 2020, to the address set forth in the Proof of Claim form that accompanies this Notice. Unless the Court otherwise orders, any Class Member who fails to submit a Proof of Claim form postmarked no later than _____, 2020, shall be forever barred from receiving payments pursuant to the Settlement set forth in the Stipulation but will in all other respects remain a Class Member and be subject to the provisions of the Stipulation, including the terms of any judgment entered and releases given. This means that each Class Member releases the Settled Claims (as defined above) against the Released Parties (as defined above) and is barred and enjoined from commencing, instituting, assisting, prosecuting or maintaining any of the Settled Claims, regardless of whether or not such Class Member submits a Proof of Claim form. The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the claim of any Class Member.

Payment pursuant to the Plan of Allocation approved by the Court shall be conclusive against all Authorized Claimants. No person shall have any claim against Lead Plaintiff, Lead

Counsel, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation, or further orders of the Court. Lead Plaintiff, Defendants, their respective counsel, Lead Plaintiff's damages expert(s), and all other Released Parties shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any Proof of Claim or nonperformance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

A "Recognized Loss Amount" will be calculated for each purchase or other acquisition of the UMC ADSs listed in the Proof of Claim form, and for which adequate documentation is provided. The calculation of the Recognized Loss Amount will depend upon several factors, including: (i) when the UMC ADSs were purchased or otherwise acquired; and (ii) whether they were held until the conclusion of the Class Period or sold during the Class Period and, if so, when they were sold.

The Recognized Loss Amount formula set forth below is not intended to be an estimate of the amount that a Class Member might have been able to recover after a trial, nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss Amount formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants.

## II.    <u>**Information Required on the Proof of Claim Form**</u>:

Each Proof of Claim form must state and provide sufficient documentation for each Authorized Claimant's position in UMC ADSs as of the close of trading on October 27, 2015, the day before the first day of the Class Period, and the closing position in UMC ADSs as of the close of trading on November 1, 2018, the last day of the Class Period. Each Claim Form also must list and provide sufficient documentation for all transactions in UMC ADSs, including all purchases or other acquisitions and sales, made during the Class Period.

The objective of the Plan of Allocation is to equitably distribute the settlement proceeds to those Class Members who suffered economic losses as a result of the alleged fraud, as opposed to losses caused by market or industry factors or other non-fraud-related, Company-specific factors. The Plan of Allocation reflects Lead Plaintiff's determination of potentially recoverable losses based on an analysis undertaken by Lead Plaintiff's damages expert. Lead Plaintiff's damages expert's analysis included a review of publicly available information regarding UMC and statistical analyses of the price movements of UMC ADSs during the Class Period.

Recognized Loss Amounts are based on the level of alleged artificial inflation in the price of UMC ADSs at the time of purchase or other acquisition. For market losses to be compensable damages under the federal securities laws, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of the stock. In this case, Lead Plaintiff alleges that Defendants made false statements and omitted material facts from October 28, 2015 through and including November 1, 2018, which were allegedly

corrected, in whole or in part, by subsequent disclosures. The various Recognized Loss Amount described below are based on the timing of trades in UMC ADSs relative to these alleged "Corrective Disclosure" dates.

## III.    Specific Loss Amounts

The Recognized Loss Amount per share, which is based on the daily per share amount of alleged artificial inflation present in the price of UMC ADSs set forth below, shall be calculated as follows, and cannot be less than zero:

1. **For Each ADS Purchased Between 10/28/15 and 7/27/17 ("Period 1")**
   a. Sold prior to the close on 11/1/18, the recognized loss is zero.
   b. Sold on or retained beyond 11/1/18, the recognized loss shall be the lesser of: i) $0.03; or ii) the purchase price minus $1.90 (the closing price of ADSs on 11/1/18, at which point the inflation in the price of ADSs due to the alleged fraud is assumed to have completely dissipated).

2. **For Each ADS Purchased Between 7/28/17 and 3/7/18 ("Period 2")**
   a. Sold prior to the close on 11/1/18, the recognized loss is zero.
   b. Sold on or retained beyond 11/1/18, the recognized loss shall be the lesser of: i) $0.59; or ii) the purchase price minus $1.90 (the closing price of ADSs on 11/1/18, at which point the inflation in the price of ADSs due to the alleged fraud is assumed to have completely dissipated).

3. **For Each ADS Purchased Between 3/7/18 and 7/3/18 ("Period 3")**
   a. Sold prior to the close on 7/3/18, the recognized loss is zero.
   b. Sold on or after 7/4/18 prior to the close on 11/1/18, the recognized loss is the lesser of the investment loss (see **NOTE** below) and $0.15.
   c. Sold on or retained beyond 11/1/18, the recognized loss shall be the lesser of: i) $0.82; or ii) the purchase price minus $1.90 (the closing price of ADSs on 11/1/18, at which point the inflation in the price of ADSs due to the alleged fraud is assumed to have completely dissipated).

4. **For Each ADS Purchased Between 7/4/18 – 11/1/18 ("Period 4")**
   a. Sold prior to the close on 11/1/18, the recognized loss equal to the investment loss (see **NOTE** below).
   b. Sold on or retained beyond 11/1/18, the recognized loss shall be the lesser of: i) $0.67; or ii) the purchase price minus $1.90 (the closing price of ADSs on 11/1/18, at which point the inflation in the price of ADSs due to the alleged fraud is assumed to have completely dissipated).

**NOTE:** For purposes of determining investment loss, the Claims Administrator shall determine the difference between: a) the total amount the claimant paid for all ADSs purchased or acquired during Period 3 or Period 4, as the case may be; and b) the sum of "Sales Proceeds" (defined below) and a $1.89 per ADS holding value for the number of ADSs purchased or acquired during Period 3 or Period 4, as the case may be, and still held as of the close of business on 11/1/18. To determine "Sales Proceeds," the

19

Claims Administrator shall match any sales of ADSs prior to the close on 11/1/18, first against the Authorized Claimant's opening position in ADSs (the proceeds of those sales will not be considered for purposes of calculating market gains or losses). The total amount received for sales of the remaining ADSs sold prior to the close on 11/1/18 is the "Sales Proceeds."

The Recognized Loss Amount for each purchase will be calculated by multiplying the number of UMC ADSs purchased by the respective Recognized Loss Amount per share. Each Authorized Claimant's "Recognized Claim" shall be the total of his, her or its Recognized Loss Amounts. As indicated above, an Authorized Claimant who did not hold UMC ADSs over an alleged "Corrective Disclosure" date will have no Recognized Loss Amount with respect to those UMC ADSs.

## IV.    Additional Provisions

The Net Settlement Fund will be distributed to Authorized Claimants who have a Recognized Claim greater than $10.00. Each Authorized Claimant shall recover his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share shall be the Authorized Claimant's Recognized Claim divided by the total of all Recognized Claims to be paid from the Net Settlement Fund, multiplied by the total amount in the Net Settlement Fund.

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. All checks shall become stale one hundred and twenty (120) calendar days from the date of issuance, at which time all funds remaining for such stale checks shall be irrevocably forfeited and such funds shall be made available to be redistributed if economically feasible. Subsequent to the passage of six (6) months from the distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator will conduct a redistribution of any funds remaining in the Net Settlement Fund by reason of tax refunds, uncashed checks or otherwise, to Authorized Claimants who have cashed their initial distribution checks, after payment from the Net Settlement Fund of any unpaid costs or fees incurred in administering the funds, including for such re-distribution. After any redistribution, or if a redistribution is not undertaken, any balance that still remains in the Settlement Fund shall be donated to a non-sectarian, §501(c)(3) non-profit organization.

If a Class Member has more than one purchase/acquisition or sale of UMC ADSs during the Class Period, all purchases/acquisitions and sales shall be matched on a First In, First Out ("FIFO") basis. Class Period sales will be matched first against any UMC ADSs held at the beginning of the Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period. Class Period Sales matched to UMC ADSs held at the beginning of the Class Period shall be excluded from the calculation of Recognized Claims. Purchases or acquisitions and sales of UMC ADSs shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of UMC ADS during the Class Period shall not be deemed a purchase, acquisition or sale of these UMC ADS for the calculation of an Authorized Claimant's Recognized Loss Amount for these ADS, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such UMC ADSs unless: (i) the donor or decedent purchased or

20

otherwise acquired such UMC ADS during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such UMC ADSs; and (iii) the assignment is specifically provided for in the instrument of gift or assignment.

The date of covering a "short sale" is deemed to be the date of purchase or other acquisition of UMC ADSs. The date of a "short sale" is deemed to be the date of sale of UMC ADSs. The Recognized Loss Amount for "short sales" is zero. In the event that there is an opening short position in UMC ADSs, the earliest Class Period purchases shall be matched against such opening short position, and not be matched against sales, until that short position is fully covered. To the extent an Authorized Claimant had a market gain from his, her, or its overall transactions in UMC ADSs during the Class Period, the value of the Recognized Claim will be zero. Such Authorized Claimants will in any event be bound by the Settlement. To the extent that an Authorized Claimant suffered an overall market loss on his, her, or its overall transactions in UMC ADSs during the Class Period, but that market loss was less than the total Recognized Claim calculated above, then the Authorized Claimant's Recognized Claim shall be limited to the amount of the actual market loss, which shall be determined by the Claims Administrator as explained in the **NOTE** at Point III above.

Option contracts are not securities eligible to participate in the Settlement. With respect to UMC ADSs purchased or sold through the exercise of an option, the purchase/sale date is the date of the exercise of the option and the purchase/sale price of the share is the exercise price of the option.

> THE COURT IN CHARGE OF THIS CASE MUST DECIDE WHETHER TO APPROVE THE SETTLEMENT. PAYMENTS WILL BE MADE IF THE COURT APPROVES THE SETTLEMENT AND, IF THERE ARE ANY APPEALS, AFTER APPEALS ARE RESOLVED. PLEASE BE PATIENT.

Each Authorized Claimant shall be deemed to have submitted to the jurisdiction of the United States District Court for the Southern District of New York with respect to his, her or its Claim Form.

**PLEASE DO _NOT_ CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.**

Dated:_____, 2020                    BY ORDER OF THE COURT
                                        HON. VICTOR MARRERO
                                        UNITED STATES DISTRICT COURT FOR THE
                                        SOUTHERN DISTRICT OF NEW YORK

21

# Exhibit A-2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KEVIN D. MEYER, Individually and on Behalf of All Others Similarly Situated,<br><br><br>Plaintiff,<br><br>v.<br><br><br>UNITED MICROELECTRONICS CORPORATION, SHAN-CHIEH CHIEN, JASON WANG, PO-WEN YEN, and CHITUNG LIU,<br><br><br>Defendants. | No. 19-cv-2304-VM |

**SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION**

TO:   ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED UNITED MICROELECTRONICS CORPORATION AMERICAN DEPOSITARY SHARES DURING THE PERIOD OCTOBER 28, 2015 AND NOVEMBER 1, 2018, INCLUSIVE, AND WERE ALLEGEDLY DAMAGED THEREBY (THE "CLASS")

**YOU ARE HEREBY NOTIFIED,** pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York, that Court-appointed Lead Plaintiff  Mark Nelson ("Lead Plaintiff") on behalf of himself and all members of the Class, and Defendants United Microelectronics Corporation ("UMC" or the "Company") and certain of its current and former officers and/or directors, including Shan-Chieh Chien, Jason Wang, Po-Wen Yen, and Chitung Liu (collectively with UMC, "Defendants"), have reached a proposed settlement of the above-captioned action (the "Action") in the amount of $3,000,000 (the "Settlement Amount").

1

A hearing will be held before the Honorable Victor Marrero, United States District Judge of the Southern District of New York, in Courtroom 15B of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007 at ___ .m. on _____ at _____ (the "Settlement Hearing") for, among other things, the purpose of determining: (i) whether the proposed Settlement should be approved by the Court as fair, reasonable, and adequate; (ii) whether the proposed plan to distribute the Settlement proceeds is fair, reasonable, and adequate; (iii) whether the application for an award of attorneys' fees of 30% of the Settlement Amount, reimbursement of litigation expenses of approximately $_____, and an award to the Lead Plaintiff Mark Nelson should be approved; and (iv) whether the Class Action should be dismissed with prejudice. The Court may change the date of the Settlement Hearing without providing further notice. You do NOT need to attend the Settlement Hearing to receive a distribution from the Net Settlement Fund.

**IF YOU PURCHASED OR OTHERWISE ACQUIRED UMC AMERICAN DEPOSITARY SHARES BETWEEN THE PERIOD OCTOBER 28, 2015 AND NOVEMBER 1, 2018, INCLUSIVE (THE "CLASS PERIOD"), YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THIS CLASS ACTION AND YOU MAY BE ENTITLED TO A MONETARY PAYMENT.** If you have not received a detailed Notice of Pendency and Settlement of Class Action (the "Notice") and a copy of the Proof of Claim and Release, you may obtain copies by writing to the Claims Administrator at: Analytics Consulting, LLC, Attn: UMC Securities Litigation, PO Box 2007, Chanhassen, MN 55317-2007. If you are a member of the Class, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release *postmarked no later than _____, 2020* to the Claims Administrator, establishing that you are entitled to recovery. Unless you submit a written

2

exclusion request, you will be bound by any judgment rendered in the Action whether or not you make a claim.  If you would like to be excluded from the Class, you must submit a request for exclusion so that it is *received no later than* _____*, 2020*, in the manner and form explained in the detailed Notice.  Any objection to the Settlement, Plan of Allocation, Class Counsel's request for an award of attorneys' fees and reimbursement of expenses, or payment to Lead Plaintiffs must be in the manner and form explained in the detailed Notice and *received no later than* _____*, 2020* by each of the following:

| Clerk of the Court<br>United States District Court<br>Southern District of New York<br>500 Pearl Street<br>New York, NY 10007 | Gregory M. Nespole<br>LEVI & KORSINSKY, LLP<br>55 Broadway<br>New York, NY 10006<br>Tel.: (212) 363-7500<br>Fax: (212) 363-7171 | James F. Moyle<br>LAZARE POTTER<br>GIACOVAS & MOYLE LLP<br>747 Third Ave., 16th Fl.<br>New York, NY 10017<br>Tel:  (212) 758-9300<br>Fax:  (212) 888-0919<br><br>Jason A. D'Angelo<br>HERRICK, FEINSTEIN LLP<br>Two Park Avenue<br>New York, NY 10016<br>Tel:  (212) 592-1400<br>Fax:  (212) 592-1500 |

**If you have any questions about the Settlement, you may call or write to Class Counsel:**

Gregory M. Nespole
LEVI & KORSINSKY, LLP
55 Broadway
New York, NY 10006
Tel.: (212) 363-7500
Fax: (212) 363-7171

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.**

3

# Exhibit A-3

**PROOF OF CLAIM AND RELEASE**

**Deadline for Submission:** _____

IF YOU PURCHASED OR OTHERWISE ACQUIRED UNITED MICROELECTRONICS CORPORATION AMERICAN DEPOSITARY SHARES DURING THE PERIOD FROM OCTOBER 28, 2015 TO NOVEMBER 1, 2018, INCLUSIVE (THE "CLASS PERIOD"), YOU ARE A "CLASS MEMBER" AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT PROCEEDS.

IF YOU ARE A CLASS MEMBER, YOU MUST COMPLETE AND SUBMIT THIS FORM IN ORDER TO BE ELIGIBLE FOR ANY SETTLEMENT BENEFITS.

YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND RELEASE ("PROOF OF CLAIM") AND MAIL IT BY FIRST CLASS MAIL, POSTMARKED NO LATER THAN _____ TO ANALYTICS CONSULTING, LLC, THE CLAIMS ADMINISTRATOR, AT THE FOLLOWING ADDRESS:

Analytics Consulting, LLC
Attn: UMC Securities Litigation
PO Box 2007
Chanhassen, MN 55317-2007

YOUR FAILURE TO SUBMIT YOUR CLAIM BY _____, 2020 WILL SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOUR RECEIVING ANY MONEY IN CONNECTION WITH THE SETTLEMENT OF THIS ACTION. DO NOT MAIL OR DELIVER YOUR CLAIM TO THE COURT OR TO ANY OF THE PARTIES OR THEIR COUNSEL AS ANY SUCH CLAIM WILL BE DEEMED NOT TO HAVE BEEN SUBMITTED. SUBMIT YOUR CLAIM ONLY TO THE CLAIMS ADMINISTRATOR.

**CLAIMANT'S STATEMENT**

1.  I (we) purchased or otherwise acquired United Microelectronics Corporation ("UMC") American Depositary Shares ("ADSs") and was (were) damaged thereby. (Do not submit this Proof of Claim if you did not purchase UMC ADSs during the designated Class Period).

2.  By submitting this Proof of Claim, I (we) state that I (we) believe in good faith that I am (we are) a Class Member as defined above and in the Notice of Pendency and Settlement of Class Action (the "Notice"), or am (are) acting for such person(s); that I am (we are) not a Defendant in the Action or anyone excluded from the Class; that I (we) have read and understand the Notice; that I (we) believe that I am (we are) entitled to receive a share of the Net Settlement Fund, as defined in the Notice; that I (we) elect to participate in the proposed Settlement described in the Notice; and that I (we) have not filed a request for exclusion. (If you are acting in a representative capacity on behalf of a Class Member [e.g., as an executor, administrator, trustee, or other representative], you must submit evidence of your current authority to act on behalf of that Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.)

3.  I (we) consent to the jurisdiction of the Court with respect to all questions concerning the validity of this Proof of Claim. I (we) understand and agree that my (our) claim may be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to my (our) status as a Class Member(s) and the validity and amount of my (our) claim. No discovery shall be allowed on the merits of the Action or Settlement in connection with processing of the Proof of Claim.

4.  I (we) have set forth where requested below all relevant information with respect to each purchase of UMC ADSs during the Class Period, and each sale, if any, of such securities. I (we) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.

5.  I (we) have enclosed photocopies of the stockbroker's confirmation slips, stockbroker's statements, or other documents evidencing each purchase, sale or retention of UMC ADSs listed below in support of my (our) claim. (IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR BROKER BECAUSE THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM.)

6.  I (we) understand that the information contained in this Proof of Claim is subject to such verification as the Claims Administrator may request or as the Court may direct, and I (we) agree to cooperate in any such verification. (The information requested herein is designed to provide the minimum amount of information necessary to process most simple claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your recognized claim. In some cases, the Claims Administrator may condition acceptance of the claim based upon the production of additional information, including, where applicable, information concerning transactions in any derivatives securities such as options.)

7.  Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a full and complete release, remise and discharge by me (us) and my (our) heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, predecessors, successors, attorneys, insurers and assigns (or, if I am (we are) submitting this Proof of Claim on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their heirs, executors, administrators, predecessors, successors, and assigns) of each of the "Released Defendant Parties" of all "Settled Claims," as defined in the Notice.

8.  NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. All Claimants MUST submit a manually signed paper Proof of Claim form listing all their transactions whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the Claims Administrator at 1-855-917-4968 or visit their website at www.umcsecuritieslitigation.com to obtain the required file layout. No electronic files will be considered to have been properly submitted

unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

### I. CLAIMANT INFORMATION

| | |
|---|---|
| Name: | |
| | |
| Address: | |
| | |

| City | State | ZIP |
|---|---|---|
| Foreign Provence | Foreign Country | |
| Day Phone | Evening Phone | |
| Email | | |

| Social Security Number (for individuals): | OR | Taxpayer Identification Number (for estates, trusts, corporations, etc.) |
|---|---|---|
| | | |

### II.    SCHEDULE OF TRANSACTIONS IN UMC AMERICA DEPOSITORY SHARES

**Beginning Holdings:**

A.  State the total number of shares of UMC ADSs owned at the close of trading on October 27, 2015 (*must be documented*).

**Purchases:**

B.  Separately list each and every purchase or acquisition of UMC ADSs during the period from October 28, 2015 through November 1, 2018, inclusive, and provide the following information (*must be documented*):

| Trade Date (List Chronologically) (Month/Day/Year) | Number of ADSs Purchased | Price per ADS | Total Cost (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

**Sales:**

C.  Separately list each and every sale of UMC ADSs during the period from October 28, 2015 through November 1, 2018, inclusive, and provide the following information (*must be documented*):

| Trade Date (List Chronologically) (Month/Day/Year) | Number of ADSs | Price per ADS | Amount Received (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**Ending Holdings:**

D.  State the total number of American Depository Shares of UMC owned at the close of trading on November 1, 2018(*must be documented)*.

**If additional space is needed, attach separate, numbered sheets, giving all required information, substantially in the same format, and print your name and Social Security or Taxpayer Identification number at the top of each sheet.**

### III. SUBSTITUTE FORM W-9

Request for Taxpayer Identification Number:

Enter taxpayer identification number below for the Beneficial Owner(s). For most individuals, this is your Social Security Number. The Internal Revenue Service ("I.R.S.") requires such taxpayer identification number. If you fail to provide this information, your claim may be rejected.

| Social Security Number (for individuals) | or | Taxpayer Identification Number (for estates, trusts, corporations, etc.) |
|---|---|---|
|  |  |  |

### IV. CERTIFICATION

I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(c) of the Internal Revenue Code because: (a) I am (We are) exempt from backup withholding, or (b) I (We) have not been notified by the I.R.S. that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE: If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

UNDER THE PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES, I (WE) CERTIFY THAT ALL OF THE INFORMATION I (WE) PROVIDED ON THIS PROOF OF CLAIM AND RELEASE FORM IS TRUE, CORRECT AND COMPLETE.

Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign):

_____
(Signature)


_____
(Signature)

_____
(Capacity of person(s) signing, e.g.

beneficial purchaser(s), executor, administrator, trustee, etc.)

☐ Check here if proof of authority to file is enclosed. (See Item 2 under Claimant's Statement)

Date: _____

**THIS PROOF OF CLAIM MUST BE POSTMARKED NO LATER THAN         ,
2020 AND MUST BE MAILED TO:**

Analytics Consulting, LLC
Attn: UMC Securities Litigation
PO Box 2007
Chanhassen, MN 55317-2007

A Proof of Claim received by the Claims Administrator shall be deemed to have been submitted when posted, if mailed by       , 2020 and if a postmark is indicated on the envelope and it is mailed first class and addressed in accordance with the above instructions. In all other cases, a Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to process fully all of the Proofs of Claim and to administer the Settlement. This work will be completed as promptly as time permits, given the need to investigate and tabulate each Proof of Claim. Please notify the Claims Administrator of any change of address.

**REMINDER CHECKLIST**

o   Please be sure to sign this Proof of Claim on page      . If this Proof of Claim is submitted on behalf of joint claimants, then both claimants must sign.

o   Please remember to attach supporting documents. Do NOT send any stock certificates. Keep copies of everything you submit.

o   Do NOT use red pen or highlighter on the Proof of Claim or any supporting documents.

o   If you desire an acknowledgement of receipt of your Proof of Claim, please send it Certified Mail, Return Receipt Requested.

o   If you move after submitting this Proof of Claim, please notify the Claims Administrator of the change in your address.

# Exhibit B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KEVIN D. MEYER, Individually and on Behalf of All Others Similarly Situated, <br><br><br> Plaintiff, <br><br> v. <br><br><br> UNITED MICROELECTRONICS CORPORATION, SHAN-CHIEH CHIEN, JASON WANG, PO-WEN YEN, and CHITUNG LIU, <br><br><br> Defendants. | No. 19-cv-2304-VM |

On the _____ day of _____, 2020, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated June 30, 2020 (the "Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Settlement Class against (Defendants United Microelectronics Corporation ("UMC" or the "Company") and certain of its current and former officers and/or directors, including Shan-Chieh Chien, Jason Wang, Po-Wen Yen, and Chitung Liu (collectively with UMC, "Defendants"); and (2) whether to approve the proposed Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund among members of the Settlement Class; and

The Court having considered all matters submitted to it at the hearing and otherwise being fully informed of the pending matters and good cause appearing therefor; and

It appearing that the Notice substantially in the form approved by the Court in the Court's Order for Hearing and Notice Directing: (A) Issuance of Notice of Proposed Class Action Settlement; and (B) Setting Date for Final Settlement Fairness Hearing (the "Preliminary Approval Order") was mailed to all reasonably identifiable members of the Class; and

It appearing that the Postcard Notice substantially in the form approved by the Court in the Preliminary Approval Order was published in accordance with that Order and the specifications of the Court;

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.     This Final Judgment incorporates by reference the definitions in the Stipulation and all capitalized terms used herein have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2.     The Court has jurisdiction over the subject matter of the Action, Lead Plaintiff, all members of the Settlement Class and Defendants.

3.     The Court finds that the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Lead Plaintiff are typical of the claims of the Settlement Class they seek to represent; (d) Lead Plaintiff fairly and adequately represents the interests of the Settlement Class; (e) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of this Action. The Settlement Class is being certified for settlement purposes only.

4.      Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court hereby certifies this action as a class action for settlement purposes only, and certifies as the Settlement Class all Persons or entities that purchased or otherwise acquired UMC American Depositary Shares ("ADSs") between October 28, 2015 and November 1, 2018, inclusive, and that were allegedly damaged thereby. Excluded from the Settlement Class are:

a.      Defendants, and all current and former officers, directors or partners of UMC, its affiliates, parents, or subsidiaries; any corporation, trust or other entity in which any Defendant has or had a controlling interest; and the members of the immediate families of the Defendants, and Defendants' legal representatives, heirs, successors and assigns, any entity in which any excluded person has or has had a controlling interest, and UMC predecessors; and

b.      Those persons who excluded themselves by filing timely and valid requests for exclusion in accordance with the Preliminary Approval Order, a list of whom is attached to this Order as Exhibit A.

c.      Persons who have a net profit in purchases and sales of UMC ADSs or otherwise suffered no compensable damages during the Class Period.

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby approves the Settlement set forth in the Stipulation and finds that in light of the benefits of the Settlement Class, the complexity and expense of further litigation, the Settlement is, in all respects, fair, reasonable, and adequate, having considered and found that: (a) Lead Plaintiff and Lead Counsel have adequately represented the Settlement Class; (b) the proposal was negotiated at arm's length; (c) the relief provided for the Settlement Class is adequate, having taken into account (i) the costs, risk, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Class Plaintiffs'

claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (d) the proposed Plan of Allocation treats Class Plaintiffs equitably relative to each other.

6. Accordingly, Mark Nelson, previously appointed by the Court as Lead Plaintiff, is certified as class representative; and the law firm of Levi & Korsinsky, LLP, previously appointed by the Court as Lead Counsel, is hereby appointed counsel for the Settlement Class ("Class Counsel").

7. The Court hereby finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions met the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all persons entitled to such notice. No Class Plaintiff is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Class Plaintiff failed to receive actual or adequate notice. A full opportunity has been offered to Class Plaintiffs to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Settlement Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged. Thus, it is hereby determined that all Class Plaintiffs are bound by this Order and Final Judgment except those persons listed on Exhibit A to this Order and Final Judgment.

8.    The Settlement is approved as fair, reasonable and adequate, and in the best interests of the Settlement Class. Lead Plaintiff and Defendants are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

9.    The Action is hereby dismissed with prejudice and without costs, except as provided for in the Stipulation.

10.    Upon the Effective Date, Lead Plaintiff and all Class Plaintiffs, on behalf of themselves, their current and former heirs, executors, administrators, successors, attorneys, legal representatives, insurers, and assigns, hereby forever release and discharge the Released Defendant Parties from any and all Settled Claims. Lead Plaintiff and the Class Plaintiffs, and anyone acting or purporting to act for any of them, are hereby permanently and forever enjoined from prosecuting, attempting to prosecute, or assisting others in the prosecution of the Settled Claims.

11.    Upon the Effective Date, Defendants and their successors in interest or assigns, hereby forever release and discharge any and all of the Settled Defendants' Claims against Lead Plaintiff, any of the Class Plaintiffs and any of their counsel, including Class Counsel and any counsel working under Class Counsel's direction.

12.    All Class Plaintiffs are hereby forever barred and enjoined from prosecuting any of the Released Claims against any of the Released Defendant Parties.

13.    The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Class Plaintiffs.

14.    In accordance with 15 U.S.C. § 78u-4(f)(7) and any other applicable law or regulation, any and all claims which are brought by any person or entity against the Released Parties (a) for contribution or indemnification arising out of any Settled Claim, or (b) where the

5

damage to the claimant is measured by reference to the claimant's liability to the Lead Plaintiff or the Settlement Class, are hereby permanently barred and discharged.

15.    The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

16.    Neither this Order and Final Judgment, the Stipulation, nor any of the negotiations, documents or proceedings connected with them shall be:

a.    referred to or used against the Released Defendant Parties or against the Lead Plaintiff or the Settlement Class as evidence of wrongdoing by anyone;

b.    construed against the Released Defendant Parties or against the Lead Plaintiff or the Settlement Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

c.    construed as, or received in evidence as, an admission, concession or presumption against the Settlement Class or any of them, that any of their claims are without merit or that damages recoverable under the Amended Complaint would not have exceeded the Settlement Fund; or

d.    used or construed as an admission of any fault, liability or wrongdoing by any person or entity, or offered or received in evidence as an admission, concession, presumption or inference against any of the Released Defendant Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal, other than such proceedings as may be necessary to consummate or enforce the Stipulation.  Defendants and/or their respective Released Defendant Parties may file the Stipulation and/or this Judgment in any other action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, statute of limitations, statute of repose,

6

good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

17.    Class Counsel are hereby awarded _____% of the Settlement Fund in fees, which sum the Court finds to be fair and reasonable, and $_____ in reimbursement of expenses, which shall be paid to Class Counsel from the Settlement Fund.

18.    In making this award of fees and expenses to be paid from the Settlement Fund, the Court has considered and found that:

a.    the Settlement has resulted in the creation of the Settlement Fund of $3,000,000 that is already on deposit, and that numerous Class Plaintiffs who submit valid Proofs of Claim will benefit from the Settlement achieved by Class Counsel;

b.    the Notice that was distributed to putative Class members explained that Class Counsel was moving for attorneys' fees in an amount not to exceed 30% of the Settlement Fund and for reimbursement of actual expenses, and _____ objections were filed against the terms of the proposed Settlement or the ceiling on the fees and expenses to be requested as disclosed in the Notice;

c.    Class Counsel have conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

d.    the Action involves complex legal and factual issues and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of these complex issues;

e.    had Class Counsel not achieved the Settlement, there would remain a significant risk that the Class may have recovered less or nothing from the Defendants; and

7

f.      the amount of Counsel Fees and Expenses reimbursed from the Settlement Fund is fair and reasonable and consistent with awards in similar cases.

19.    Exclusive jurisdiction is hereby retained over Defendants and the Class Plaintiffs for all matters relating to the Action, including the administration, interpretation, effectuation or enforcement of the Stipulation or Settlement and this Order and Final Judgment.

20.    Without further order of the Court, Defendants and Lead Plaintiff may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

21.    The finality of this Order and Final Judgment shall not be affected, in any manner, by rulings that the Court may make on Class Counsel's application for an award of Attorneys' Fees and Expenses.

22.    In the event that the Settlement does not become final and effective in accordance with the terms and conditions set forth in the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the funder(s), then this Order and Final Judgment shall be rendered null and void and be vacated and the Settlement and all orders entered in connection therewith shall be rendered null and void (except as provided in paragraphs 13, and 36-37 in the Stipulation), and the parties shall be deemed to have reverted to their respective status prior to the execution of this Stipulation, and they shall proceed in all respects as if the Stipulation had not been executed and the related orders had not been entered, preserving in that event all of their respective claims and defenses in the Action, and shall revert to their respective positions in the Action as at September 27, 2019.

23.    There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

8

**IT IS SO ORDERED.**

Dated:_____                    _____
                                     HON. VICTOR MARRERO
                                     UNITED STATES DISTRICT JUDGE

9