USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: July 28, 2020

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

KEVIN D. MEYER, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

UNITED MICROELECTRONICS CORPORATION, SHAN-CHIEH CHIEN, JASON WANG, PO-WEN YEN, and CHITUNG LIU,

Defendants.

No. 19-cv-2304-VM

**ORDER FOR HEARING AND NOTICE DIRECTING: (A) ISSUANCE OF NOTICE OF PROPOSED CLASS ACTION SETTLEMENT; AND (B) SETTING DATE FOR FINAL SETTLEMENT FAIRNESS HEARING**

**[EXHIBIT A]**

WHEREAS, on June 30, 2020, Court-appointed Lead Plaintiff Mark Nelson ("Lead Plaintiff") in the above-entitled action (the "Action"), on behalf of himself and the Class (as defined below), and Defendants United Microelectronics Corporation ("UMC" or the "Company") and certain of its current and former officers and/or directors, including Shan-Chieh Chien, Jason Wang, Po-Wen Yen and Chitung Liu (collectively with UMC, "Defendants"), entered into a Stipulation and Agreement of Settlement (the "Stipulation") which is subject to review by this Court under Rule 23 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement of the claims alleged in the Amended Complaint ("Amended Complaint") against Defendants with prejudice (the "Settlement"); and

WHEREAS, the Court has read and considered the Stipulation and the accompanying exhibits; and

WHEREAS, the Parties to the Stipulation have consented to the entry of this Order; and

WHEREAS, all capitalized terms used herein that are not otherwise defined have the meanings defined in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED, this 28 day of July, 2020 that:

1.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, this Action is hereby preliminarily certified as a class action on behalf of Lead Plaintiff and all persons or entities who purchased or otherwise acquired UMC American Depositary Shares ("ADSs") between October 28, 2015 and November 1, 2018, inclusive (the "Class Period"), and that were allegedly damaged thereby (the "Class"). Excluded from the Class are: all Defendants; all current or former officers, directors or partners of UMC, its affiliates, parents or subsidiaries; any corporation, trust or other entity in which any Defendant has or had a controlling interest; and the members of the immediate families of the Individual Defendants. Also excluded from the Class will be any person who timely and validly seeks exclusion from the Class in accordance with the requirements of the Notice.

    (a)  The Court preliminarily finds, for the purposes of the Settlement only, that the prerequisites for a class action under Rule 23 of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) Lead Plaintiff's claims are typical of the claims of the Class he seeks to represent; (d) Lead Plaintiff and Lead Counsel have fairly and adequately represented and protected the interests of the Class; (e) the questions of law and fact, common to the members of the Class, predominate

over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

2.  For purposes of the Settlement only, the Lead Plaintiff is conditionally certified as Class Representative for the Class, and Levi & Korsinsky, LLP ("Levi & Korsinsky") is conditionally appointed as Lead Counsel for the Class.

3.  The Court preliminarily finds that:

    (a)  The proposed Settlement resulted from informed, arm's-length negotiations, by counsel well-versed in securities litigation;

    (b)  Lead Counsel has concluded that the proposed Settlement is fair, reasonable and adequate; and

    (c)  The proposed Settlement is within the range of what could be determined to be fair, reasonable, and adequate. *See In re Warner Chilcott Ltd. Sec. Litig.,* No. 06 Civ. 11515 (WHP), 2008 WL 5110904, at *2 (S.D.N.Y. Nov. 20, 2008) ("Although a complete analysis of [*City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974)] factors is required for final approval, at the preliminary approval stage, the Court need only find that the proposed settlement fits within the range of possible approval to proceed" (citations and internal quotations marks omitted)).

4.  A hearing (the "Settlement Fairness Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on January 15, 2021, at 10:00 a.m., at the United States District Court, Southern District of New York, 500 Pearl Street, New York, New York 10007, for the following purposes:

    (a)  to finally determine whether this Action satisfies the applicable prerequisites for class action treatment under Rule 23 of the Federal Rules of Civil Procedure;

3

whether Lead Plaintiff should be finally certified as Class Representative for the Class; and whether the law firm of Levi & Korsinsky should be finally appointed as Lead Counsel for the Class;

        (b)    to determine whether the proposed Settlement is fair, reasonable, and adequate, and should be approved by the Court;

        (c)    to determine whether the Final Judgment as provided under the Stipulation should be entered, dismissing the Amended Complaint filed herein against the Defendants, with prejudice, and to determine whether the releases contemplated by the Stipulation should become effective;

        (d)    to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable, and should be approved by the Court;

        (e)    to consider Lead Counsel's application for an award of attorneys' fees and expenses;

        (f)    to consider Lead Plaintiff's requests for the reimbursement of the costs and expenses (including lost wages) he incurred in prosecuting this Action on behalf of the Class;

        (g)    to determine whether an order should be entered barring and enjoining Lead Plaintiffs and all Class Members from instituting, commencing, assisting, maintaining or prosecuting, either directly, indirectly, or in a representative capacity, any action in any court or tribunal asserting any Settled Claims; and

        (h)    to rule upon such other matters as the Court may deem appropriate.

    5.    The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Class and may adjourn the Settlement

Fairness Hearing without further notice to the Class. The Court reserves the right to enter its Final Judgment approving the Stipulation and dismissing the Amended Complaint with prejudice as against Defendants regardless of whether it has approved the Plan of Allocation, Lead Plaintiff's request for the reimbursement of costs and expenses, or Lead Counsel's application for an award of attorneys' fees and expenses.

6. The Court approves the form, substance and requirements of the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Summary Notice of Pendency and Proposed Settlement of Class Action (the "Postcard Notice") and the Proof of Claim and Release (the "Proof of Claim"), annexed hereto as Exhibits A-1, A-2 and A-3, respectively.

7. The Court approves the appointment of Analytics Consulting, LLC as the Claims Administrator.

    (a) The Claims Administrator shall cause the Notice and the Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first class mail, postage prepaid, within thirty-one (31) calendar days of this Order, to all Class Members who can be identified with reasonable effort from the books and records regularly maintained by UMC. No later than fourteen (14) calendar days after entry of this Order, UMC shall provide to the Claims Administrator whatever information it possesses, or with reasonable effort can obtain, listing the last known names and addresses of Persons and entities who were UMC shareholders of record, and/or beneficial holders during the Class Period for the purpose of assisting in identifying and giving notice to Class Members.

    (b) The Claims Administrator shall cause the Postcard Notice to be published once on a national wire service, such as GlobeNewswire, within ten (10) calendar days after the mailing of the Notice.

(c) The Claims Administrator shall post on its website at www.umcsecuritieslitigation.com the Stipulation, Notice, Postcard Notice and Proof of Claim form within ten (10) calendar days of this Order.

(d) Lead Counsel shall, at or before the Settlement Fairness Hearing, file with the Court proof of mailing of the Notice and Proof of Claim form and proof of publication of the Postcard Notice.

8. The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other Persons or entities who purchased or otherwise acquired UMC shares during the Class Period as record owners but not as beneficial owners. Such nominee purchasers are directed, within seven (7) calendar days of their receipt of the Notice, to either (i) provide the Claims Administrator with lists of the names and last known addresses of the beneficial owners (in which case the Claims Administrator is ordered to thereafter send the Notice and Proof of Claim promptly to such identified beneficial owners by first-class mail); or (ii) request additional copies (from the Claims Administrator) of the Notice and Proof of Claim form for each beneficial owner it has identified, and to thereafter, within seven (7) calendar days of receipt of such copies, send a copy of the Notice and Proof of Claim form by first-class mail directly to each such beneficial owner. Nominee purchasers who elect to send the Notice and Proof of Claim themselves to their beneficial owners shall also send a statement to the Claims Administrator confirming that the mailing was made as directed. Additional copies of the Notice shall be made available to any record holder, requesting such, for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Settlement Fund, after receipt by the Claims Administrator of proper documentation, for their reasonable out-of-pocket expenses incurred in sending the Notices and Proofs of Claim to beneficial owners.

9. The form and content of the Notice and the Summary Notice, and the method set forth herein for notifying the Class of the Settlement and its terms and conditions, meet (a) the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, and due process, (b) constitute the best notice practicable under the circumstances, and (c) shall constitute due and sufficient notice to all Persons and entities entitled thereto.

10. In order to be entitled to participate in the Net Settlement Fund, in the event the Settlement is consummated in accordance with its terms set forth in the Stipulation, each Class Member shall take the following actions and be subject to the following conditions:

(a) A properly executed Proof of Claim, substantially in the form attached hereto at Exhibit A-3, must be submitted to the Claims Administrator, at the Post Office box indicated in the Notice, not later than __January 8__, 2021. Such deadline may be further extended by Court Order. Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first class mail, postage prepaid), provided such Proof of Claim is actually received prior to the motion for an order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice.

(b) The Proof of Claim submitted by each Class Member must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker

containing the transactional information found in a broker confirmation slip, or such other documentation or proof as Lead Counsel and the Claims Administrator, in their discretion, may deem acceptable; (iii) if the Person executing the Proof of Claim is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c) As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted and shall (subject to effectuation of the Settlement) release all Settled Claims as provided in the Stipulation.

11. Class Members shall be bound by the Stipulation, and all orders, determinations, and judgments in this Action concerning the Settlement, including, but not limited to, the releases provided therein, whether favorable or unfavorable, unless they request exclusion from the Class in a timely and proper manner, as hereinafter provided. A Class Member wishing to make such request shall, no later than thirty (30) calendar days prior to the date scheduled herein for the Settlement Fairness Hearing, mail a request for exclusion in written form by first class mail postmarked to the address designated in the Notice. Such request for exclusion shall clearly indicate the name, address and telephone number of the person seeking exclusion, state that the sender requests to be excluded from the Class and the Settlement in *Meyer v. United Microelectronics Corporation, et al.*, 1:19-cv-02304-VM (S.D.N.Y.) and must be signed by such person. Such persons requesting exclusion are also directed to state the date(s), price(s), and number(s) of shares of all purchases, acquisitions, and sales of UMC shares during the Class Period, and to provide documentation showing proof of purchase, acquisition or sale, or such

other documents evidencing such transactions. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Class Members requesting exclusion from the Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

12. The Court will consider any Class Member's objection(s) to the Settlement, the Plan of Allocation, any request for reimbursement of Lead Plaintiff's costs and expenses (including lost wages), and/or Lead Counsel's application for a Fee and Expense Award only if (a) such objection(s), together with any supporting papers, is/are filed in writing with the Clerk of Court, United States District Court - Southern District of New York, 500 Pearl Street, New York, New York 10007, and (b) copies of all such papers are served not later than thirty (30) calendar days prior to the date scheduled herein for the Settlement Fairness Hearing on both: (i) Gregory Nespole, Levi & Korsinsky, LLP, 55 Broadway, New York, NY 10006, on behalf of the Lead Plaintiff and the Class; and (ii) James F. Moyle, Lazare Potter Giacovas & Moyle LLP, 747 Third Avenue, 16th Fl., New York, NY 10017, on behalf of Defendants. The written objections must: (i) demonstrate, via brokerage statements, affidavits, confirmation slips or other documentation, the objecting Person's membership in the Class, including the number of UMC shares purchased, acquired and sold during the Class Period and the dates of any such purchase(s), acquisition(s) and sale(s), the price(s) at which the UMC shares were purchased, acquired and/or sold; and (ii) contain a statement of the reasons for objection. Attendance at the Settlement Fairness Hearing is not necessary to object; however, Persons wishing to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, and/or Lead Counsel's application for a Fee and Expense Award, are required to indicate in their written

objection their intention to appear at the hearing. Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for a Fee and Expense Award and desire to present evidence at the Settlement Fairness Hearing must include in their written objections copies of any exhibits and the identity of any witnesses they intend to introduce into evidence at the Settlement Fairness Hearing. If an objector hires an attorney to represent him, her or it for the purposes of making an objection, the attorney must both effect service of a notice of appearance on counsel listed above and file it with the Court by no later than thirty (30) calendar days before the Settlement Fairness Hearing. Any Class Member or other Person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising (in this proceeding or on any appeal), any objection to the Settlement, and any untimely objection shall be barred. Class Members do not need to appear at the hearing or take any other action to indicate their approval of the Settlement.

13. Defendants' Counsel and Lead Counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

14. All motions and papers in support of the Settlement, the Plan of Allocation, and any application by Lead Counsel for a Fee and Expense Award (or by Lead Plaintiff for reimbursement of his costs and expenses (including lost wages)) shall be filed and served no later than fourteen (14) calendar days prior to the objection deadline in ¶12. All proceedings in the Action against the Defendants are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation. Pending final determination of whether the Settlement should be approved, Lead Plaintiff, all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence, assist, maintain or prosecute, and are hereby barred and enjoined from

10

instituting, commencing, assisting, maintaining or prosecuting, any action in any court or tribunal that asserts Settled Claims against Released Parties.

15. As provided in the Stipulation, Lead Counsel may pay the Claims Administrator the reasonable and customary costs associated with giving Notice to the Class and the review of claims and administration of the Settlement out of the Settlement Fund without further order of the Court. Such costs include, without limitation, the actual costs of Notice (including the actual costs of publishing, printing, and mailing the Postcard Notice, reimbursement to nominee owners for forwarding the Postcard Notice to their beneficial purchasers/owners), and the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing Notice and processing the submitted claims; and the fees, if any, related to the escrow account and the investment of the Settlement Fund as contemplated in the Stipulation.

16. Neither Defendants nor their counsel shall have any responsibility for the Plan of Allocation or any application for (i) a Fee and Expense Award or (ii) expenses by Lead Plaintiff, as such matters shall be considered separately from the fairness, reasonableness and adequacy of the Settlement.

17. If any specified condition to the Settlement set forth in the Stipulation is not satisfied and Lead Counsel or the Defendants elect to terminate the Settlement, or if the Settlement is not finally approved or otherwise fails to become effective for any reason, then, in any such event, the Stipulation, including any amendment(s) thereof, and this Order conditionally certifying the Class and the Class Representative for purposes of the Settlement shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any Action or proceedings by any person or entity for any purpose,

and each party shall be restored to his, her or its respective litigation position as it existed on September 27, 2019 and the provisions of ¶¶ 36-37 of the Stipulation shall apply.

18. The Court may adjourn or continue the Settlement Fairness Hearing without further written notice.

19. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

Dated: July 28, 2020, 2020

_____
Victor Marrero
U.S.D.J.