**EXHIBIT A**

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KEVIN D. MEYER, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED MICROELECTRONICS CORPORATION, SHAN-CHIEH CHIEN, JASON WANG, PO-WEN YEN, and CHITUNG LIU,<br><br>    Defendants. | No. 19-cv-02304-VM<br><br>CLASS ACTION<br><br>JURY TRIAL DEMANDED |

## NOTICE OF PENDENCY AND PROPOSED
## SETTLEMENT OF CLASS ACTION

*A Federal Court Authorized This Notice. This is not a solicitation from a lawyer.*

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT (THE "ACTION") IF, DURING THE PERIOD FROM OCTOBER 28, 2015 TO NOVEMBER 1, 2018, INCLUSIVE (THE "CLASS PERIOD") YOU PURCHASED OR OTHERWISE ACQUIRED THE AMERICAN DEPOSITARY SHARES OF UNITED MICROELECTRONICS CORPORATION ("UMC" OR THE "COMPANY") (CUSIP NO. 910873405). AMERICAN DEPOSITARY SHARES OF UMC ARE REFERRED TO IN THIS NOTICE AS "UMC ADSs". [1]**

**PLEASE ALSO BE ADVISED THAT THE COURT-APPOINTED LEAD PLAINTIFF MARK NELSON HAS REACHED A PROPOSED SETTLEMENT OF THE ACTION FOR A TOTAL OF: (I) US $3,000,000 IN CASH; AND (II) ANY EARNINGS ON ANY SUCH MONIES THAT WILL RESOLVE ALL CLAIMS IN THE LITIGATION (THE "SETTLEMENT").**

**IF YOU DO NOT WISH TO BE INCLUDED IN THE CLASS AND YOU DO NOT WISH TO PARTICIPATE IN THE PROPOSED SETTLEMENT DESCRIBED IN THIS NOTICE, YOU MAY REQUEST TO BE EXCLUDED. TO DO SO, YOU MUST SUBMIT A WRITTEN REQUEST FOR EXCLUSION THAT MUST BE RECEIVED ON OR BEFORE DECEMBER 16, 2020.**

### SUMMARY OF THIS NOTICE

I.    <u>Description of the Action and the Class</u>

This Notice relates to the proposed Settlement of a class action lawsuit pending against Defendants UMC and certain of its current and former officers and/or directors, including Shan-Chieh Chien, Jason Wang, Po-Wen Yen, and Chitung Liu (together with UMC, the "Defendants"). The proposed Settlement, if approved by the Court, will settle all claims against Defendants of all persons and entities who purchased or otherwise acquired UMC ADSs during the Class Period, and were allegedly damaged thereby (the "Settlement Class" or "Class").

---

[1]    This Notice of Pendency and Proposed Class Action Settlement ("Notice") incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated June 30, 2020 (the "Stipulation"). All capitalized terms used, but not defined herein, shall have the same meanings the terms defined as in the Stipulation. The Stipulation is posted on the Claims Administrator's settlement website, www.umcsecuritieslitigation.com.

## II.    Statement of Recovery by the Class

Subject to Court approval, and as described more fully in Section III below, Lead Plaintiff, on behalf of the Class, has agreed to settle all claims related to the purchase or sale of UMC ADSs during the Class Period that were or could have been asserted against the Defendants and the other Released Parties in this Action in exchange for a settlement payment of US $3,000,000 in cash (the "Settlement Amount") and any earnings on any such monies, which has been deposited into an interest-bearing escrow account held by the Escrow Agent[2] (the "Settlement Fund"). Based on the number of UMC ADSs at issue, and assuming that all eligible Class members participate in the Settlement, Lead Plaintiff's damages expert estimates that the average recovery would be approximately $0.0179 per UMC ADS, or approximately 0.94% of the closing price at the end of the class period, less costs as described herein. Class Members should note, however, that the average recovery per share is only an estimate and that due to the trading history within the class period, reflects extended periods of low per-ADS damages, and that recoveries per ADS will be based on what period they were purchased in. Some Class Members may recover more or less depending on, among other factors, when and what price they purchased or sold their ADSs and the total number and value of valid claims submitted. ADSs purchased between July 28, 2017 and November 1, 2018 are anticipated to receive the greatest share of recovery. Class Members should also note that the estimated average recovery per ADS is based on the total number of potentially affected UMC ADSs in the Class and the number of potential Class members. Some Class members may recover more or less than this estimated amount depending on, among other factors, how many Class members file claims, and the timing and prices at which their UMC ADSs were acquired or sold. Historically, actual claim rates in class actions are less than 100%, which results in higher distributions per share. The Net Settlement Fund (the Settlement Fund less taxes, notice and administration costs, and expenses including attorneys' fees and litigation expenses awarded to Lead Counsel) will be distributed in accordance with a plan of allocation (the "Plan of Allocation") that will be approved by the Court and will determine how the Net Settlement Fund shall be allocated to the members of the Class who submit valid Proof of Claim and Release forms ("Proof of Claim"). The proposed Plan of Allocation is included in this Notice.

## III.    Reasons for Settlement

For Lead Plaintiff, the principal reason for the Settlement is the immediate benefit of a cash recovery for the Settlement Class. This benefit must be compared to the risk that no recovery or a smaller recovery might be achieved following the Court's decision on the Defendants' anticipated motion to dismiss, the completion of fact and expert discovery if the case was not dismissed, and the briefing of summary judgment motions. Even if the case advanced to trial, Lead Plaintiff would face the risk of losing at trial and the risk that a class might not be certified, as well as the risk of likely appeals which could last one or more additional years even if Plaintiff prevailed at trial. For the Defendants (who deny all allegations of liability and deny that any Class members were damaged) the principal reason for the Settlement is to eliminate the burden, expense, uncertainty and risk of further litigation.

## IV.    Statement of Potential Outcome of the Case

Lead Plaintiff and Defendants do not agree on whether Lead Plaintiff would have prevailed on the claims against Defendants. Nor do they agree on the average amount of damages per UMC ADS that might be recoverable if Lead Plaintiff were to prevail on the claims. The Court has not reached any final decisions in connection with Lead Plaintiff's claims against the Defendants. Instead, Lead Plaintiff and the Defendants (collectively, the "Settling Parties") have agreed to this Settlement, which was reached after extensive arm's-length negotiations.

The parties do not agree on the average amount of damages per share, if any, that would be recoverable if Lead Plaintiff was to prevail. The issues on which the Settling Parties disagree include, but are not limited to: (1) whether the statements made or facts allegedly omitted were false, material, or otherwise actionable under the federal securities laws; (2) whether any of the allegedly false or misleading statements were made knowingly or recklessly; (3) the extent to which the various matters that Lead Plaintiff alleged were materially false or misleading influenced (if at all) the trading price of UMC ADSs at various times during the Class Period; (4) the extent to which external

---

[2]    The "Escrow Agent" is Signature Bank, member FDIC.

2

factors, such as general market conditions, influenced the trading price of UMC ADSs at various times during the Class Period; (5) the appropriate economic model for determining the amount by which UMC ADSs were allegedly artificially inflated (if at all) during the Class Period; and (6) the extent to which Class members were damaged (if at all).

The Defendants deny that they did anything wrong, deny any liability to Lead Plaintiff, and deny that Lead Plaintiff and the Class members have suffered any damages attributable to the Defendants' actions. Contrary to the Defendants' assertion, Lead Plaintiff believes that he and the Class suffered damages as a result of Defendants' actions.

## V.    Statement of Attorneys' Fees and Expenses Sought

Court-appointed Lead Counsel (as defined in Section VI below) will apply to the Court for an award of attorneys' fees in an amount not to exceed 30% of the Settlement Fund. In addition, Lead Counsel will also apply for the reimbursement of litigation expenses paid or incurred in connection with the prosecution and resolution of this action, approximately $75,000, plus interest. Lead Counsel's overall request for reimbursement of litigation expenses may include a request for an award to Lead Plaintiff for time and expenses (including lost wages) he incurred in representing the Class and expenses directly related to his representation of the Settlement Class. If the Court approves the fee and expense application in full, the average amount of fees and expenses per allegedly damaged UMC ADS will be approximately $0.0068 based on the estimated total number of affected UMC ADSs in the Class. Lead Counsel have not received any payment for their work investigating the facts, prosecuting this Action, and negotiating this Settlement on behalf of the Lead Plaintiff and the Class. The Court will decide what constitutes a reasonable fee award and may award less than the amounts requested by Lead Counsel and Lead Plaintiff. Class members are not personally liable for any such fees or expenses. Rather, they will be paid from the Settlement Fund.

## VI.    Identification of Attorney's Representatives

Lead Plaintiff and the Settlement Class are being represented by Gregory M. Nespole of Levi & Korsinsky, LLP ("Levi & Korsinsky"), the Court-appointed Lead Counsel. Any questions regarding the Settlement may be addressed to Mr. Nespole at Levi & Korsinsky, LLP, 55 Broadway, New York, NY 10006, Tel. (212) 363-7500. Class Members may also obtain additional information on the Settlement Website (www.umcsecuritieslitigation. com), or by contacting the Settlement Administrator at:

UMC Securities Litigation
Claims Administrator, Analytics Consulting LLC
P.O. Box 2007
Chanhassen, MN 55317-2007

| Your Legal Rights and Options in this Settlement, and Important Deadlines | |
|---|---|
| **REMAIN A MEMBER OF THE SETTLEMENT CLASS AND SUBMIT A CLAIM FORM** | This is the only way to get a payment. If you wish to be eligible to obtain a payment as a Class member, you will need to file a Claim Form (which is included with this Notice) **postmarked no later than January 8, 2021**. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS RECEIVED NO LATER THAN DECEMBER 16, 2020** | Get no payment. This is the only option that allows you to ever participate in another lawsuit against any of the Defendants or other Released Parties relating to the legal claims that were, or could have been, asserted in this case. This is the only option for Class members to remove themselves from the Settlement Class. |

| | |
|---|---|
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS RECEIVED NO LATER THAN DECEMBER 16, 2020** | You may write to the Court and object if you do not like the Settlement, the Plan of Allocation or the request for attorneys' fees and reimbursement of expenses. You cannot object unless you are a Class member and do not exclude yourself. |
| **GO TO THE HEARING ON JANUARY 15, 2021 AT 10:00 A.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS RECEIVED NO LATER THAN DECEMBER 16, 2020** | You may ask to speak in Court about the fairness of the settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of expenses. |
| **DO NOTHING** | You will not be eligible to receive a payment from the Settlement, you will give up your rights, your *pro rata* share of the Net Settlement Fund will be allocated among Authorized Claimants, and you will still be bound by the Settlement. |

These rights and options, and the deadlines to exercise them, are further explained in this Notice.

## BASIC INFORMATION

### 1.  Why did I get this Notice package?

You or someone in your family may have purchased or otherwise acquired UMC ADSs between October 28, 2015 and November 1, 2018, inclusive, and may be a Class member in this Action. This package explains the lawsuit, the Settlement, Class members' legal rights, what benefits are available, who is eligible for them and how to get them.

If approved, the Settlement will end all the Settlement Class' claims against the Released Parties, as defined in the Stipulation of Settlement. This Settlement has no effect on the Class' right to seek further remuneration from other potential defendants aside from the Released Parties, which may result in additional recoveries. The Court will consider whether to approve the Settlement at a Settlement Hearing on January 15, 2021 at 10:00 a.m. If the Court approves the Settlement, and after any appeals are resolved and the Settlement administration is completed, the Claims Administrator appointed by the Court will make the payments that the Settlement allows.

The Court in charge of the case is the United States District Court for the Southern District of New York, and the case is known as *Meyer v. United Microelectronics Corporation*, No. 1:19-cv-02304-VM. This case was assigned to United States District Judge Victor Marrero. The persons who are suing are called "plaintiffs" and the company and the persons being sued are called "defendants."

### 2.  What is this lawsuit about and what has happened so far?

Defendant UMC is a Taiwanese corporation with its principal executive office located at No. 3 Li-Hsin Road II, Hsinchu Science Park, Hsinchu, Taiwan, R.O.C. and its common shares were listed on the Taiwan Stock Exchange. UMC ADSs have been listed on the NYSE under the symbol "UMC" since September 19, 2000. UMC is a company engaged in semiconductor process technology and manufacturing.

On March 14, 2019, Kevin D. Meyer filed a securities class action complaint against Defendants on behalf of himself and all persons or entities who purchased or otherwise acquired UMC ADSs during the Class Period, captioned *Meyer v. United Microelectronics Corporation, et al.*, 1:19-cv-02304-VM (S.D.N.Y.), in the United States District Court for the District of New York. The Action alleged violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder. Judge Marrero is in charge of this case.

On March 14, 2019, pursuant to the Private Securities Litigation Reform Act of 1995, counsel for plaintiff Meyer published notice on *Globe Newswire* informing other potential class members of their right to move for appointment as lead plaintiff for the putative Class.

On May 13, 2019, Mark Nelson moved to be appointed lead plaintiff and moved for Levi & Korsinsky, LLP ("Levi & Korsinsky") to be appointed Lead Counsel.

On May 23, 2019, the Court appointed Lead Plaintiff as such, and appointed Levi & Korsinsky as Lead Counsel.

From May 23, 2019 to September 27, 2019, Lead Plaintiff, through Lead Counsel, diligently investigated and the claims, defenses, and underlying events and transactions that are the subject of this action. This process has included analyzing, among other things, publicly filed documents and records, investigative reports, and news stories; and reviewing and corroborating the allegations and developments. In particular, Lead Counsel reviewed, further researched, and took steps to corroborate the information and averments in (a) *United States v. United Microelectronics Corporation, et al.*, No. 18-cr-0465-MMC (N.D. Cal.) (the "DOJ Criminal Action"); (b) *United States v. United Microelectronics Corporation, et al.*, No. 3:18-cv-6643-MMC (N.D. Cal.); (c) filings in the courts of Taiwan, including the Indictment Decision of Taiwan District Prosecutors Office, Case Nos. 106-Zhen-Tzu No. 11035, 4520, 5612, & 5613; and (d) *Micron Technology, Inc. v. United Microelectronics Corporation, et al.*, No. 3:17-cv-6932-MMC (N.D. Cal.). In addition, Lead Counsel consulted with certain experts regarding issues of market efficiency and damages suffered by Lead Plaintiff and the Class resulting from the claims in the Action.

On September 27, 2019, based on an extensive investigation, Lead Plaintiff filed a 120-page Amended Complaint (the "Amended Complaint").

On October 23, 2019, Defendants requested a pre-motion conference to address their anticipated motion to stay the Action pending resolution of the DOJ Criminal Action.

On October 30, 2019, the Court denied Defendants' request without briefing.

From time to time during the pendency of the Action, counsel to the Parties discussed whether an early stage resolution may be possible, and in December 2019, the Parties, through their counsel, agreed to retain Jed Melnick, Esq. of JAMS (the "Mediator") to facilitate settlement discussions. On February 10, 2020, after a full day of negotiations, the Parties agreed to accept, in principle, the Mediator's recommendation to settle all claims in the Action for $3,000,000.

The Parties subsequently negotiated and entered into the formal Stipulation on June 30, 2020. On July 28, 2020, the Court preliminarily approved the Settlement, authorized the dissemination of this Notice to potential Class members, and scheduled the upcoming Settlement Fairness Hearing to consider whether to grant final approval to the Settlement.

### 3.  Why is this a class action?

In a class action, one or more people called class representatives (in this case, the Court-appointed Lead Plaintiff) sue on behalf of people or entities, known as "class members," who have similar claims. A class action allows one court to resolve in a single case many similar claims that, if brought separately by individuals, might be economically so small that they would never be brought. One court resolves the issues for all class members, except for those who exclude themselves, or "opt out," from the Class (discussed below).

### 4.  Why is there a settlement?

The Court has not decided the Action in favor of Lead Plaintiff or Defendants. The Settlement will end all the claims against Defendants in the Action and avoid the uncertainties and costs of further litigation and any future trial. Assuming the Settlement is approved, affected investors will be eligible to receive cash compensation once the claims made against the Net Settlement Fund are validated and calculated.

Lead Plaintiff, through Lead Counsel, conducted an extensive investigation of the claims and transactions relating to the Action, vigorously pursued discovery from Defendants related to the claims, underlying events, and transactions,

and an expert to assist and evaluate the claims. Further, Lead Counsel participated in hard-fought arm's-length negotiations and mediation before an experienced mediator prior to entering into the Settlement.

Defendants denied and continue to deny all allegations of liability contained in the Amended Complaint and deny that they are liable to the Class. The Settlement should not be seen as an admission or concession on the part of Defendants regarding the truth or validity of the allegations, claims, and/or defenses in the Action, or their fault or liability for alleged damages allegedly suffered by any Class member.

## WHO GETS MONEY FROM THE SETTLEMENT?

To see if you will get money from the Settlement, you first must determine if you are a Class member.

### 5.   How do I know if I am part of the settlement?

The Court determined, for the purposes of the proposed Settlement only, that everyone who fits the following description and is not excluded by definition from the class (*see* Question 6 below) is a member of the Class, or a "Class Member," unless they take steps to exclude themselves:

All persons or entities that purchased or otherwise acquired UMC ADSs between October 28, 2015 and November 1, 2018, inclusive (the "Class Period"), and that were allegedly damaged thereby.

Receipt of this Notice does not mean that you are a Class Member. Please check your records or contact your broker to see if you purchased or otherwise acquired UMC ADSs during the Class Period.

### 6.   Are there exceptions to being included in the Class?

There are some people and entities that are excluded from the Class by definition including the individual Defendants; all current or former officers or directors of UMC, its affiliates, parents or subsidiaries; any corporation, trust or other entity in which any Defendant has or had a controlling interest; the members of the immediate families of the individual Defendants. Also excluded from the Class will be any Person who timely and validly seeks exclusion from the Class in accordance with the requirements of the Notice.

If you do not want to be a Class Member – for example if you want to bring your own lawsuit against the Defendants at your own expense for the claims that are being released as part of the Settlement – you must exclude yourself by filing a request for exclusion in accordance with the requirements explained below.

If you own shares in a mutual fund that purchased or otherwise acquired UMC ADSs during the Class Period, that alone does not make you a Class Member. You are a Class Member only if you (or your broker on your behalf) directly purchased or otherwise acquired UMC ADSs during the Class Period. If you are still not sure whether you are included, you can ask for free help by writing to Claims Administrator: UMC Securities Litigation, Claims Administrator, Analytics Consulting LLC, P.O. Box 2007, Chanhassen, MN 55317-2007, or by calling the Claims Administrator toll-free at 1-855-917-4968. Or you can fill out and return the Proof of Claim and Release form described in Question 9 below, to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU MAY RECEIVE

### 7.   What does the settlement provide?

In the Settlement, UMC has agreed to pay: (i) US $3,000,000 in cash; and (ii) any earnings on any such monies, which will be deposited in an interest-bearing escrow account for the benefit of the Class (the "Settlement Fund"). The Settlement Fund will be divided, after deduction of court-awarded attorneys' fees and expenses, settlement administration costs and any applicable taxes, among all Class Members who timely submit valid proofs of claim that are accepted for payment by the Court ("Authorized Claimants").

### 8.  How much will my payment be?

The Plan of Allocation discussed below explains how claimants' "Recognized Claims" will be calculated. Your

share of the Net Settlement Fund will depend on several things, including: (a) how many UMC ADSs you bought; (b) how much you paid for the UMC ADSs; (c) when you bought them; (d) whether or when you sold them (and, if so, for how much you sold them); and (e) the amount of Recognized Claims of other Authorized Claimants.

It is unlikely that you will get a payment for your entire Recognized Claim, given the number of potential Class Members. After all Class Members have sent in their Proofs of Claim, the payment any Authorized Claimant will get will be their *pro rata* share of the Net Settlement Fund. An Authorized Claimant's share will be his, her or its Recognized Claim divided by the total of all Authorized Claimants' Recognized Claims and then multiplied by the total amount in the Net Settlement Fund. *See* the Plan of Allocation below for more information.

## HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

### 9.   How can I get a payment?

To qualify for a payment, you must timely send in a valid Proof of Claim with supporting documents (***DO NOT SEND ORIGINALS*** of your supporting documents). A Proof of Claim is enclosed with this Notice. You may also get copies of the Proof of Claim on the Internet at the Claims Administrator's website: www.umcsecuritieslitigation. com. Please read the instructions carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it, and mail it to the Claims Administrator by First-Class Mail, **postmarked on or before January 8, 2021**. The Claims Administrator needs all of the information requested in the Proof of Claim in order to determine if you are eligible to receive a distribution from the Net Settlement Fund.

If the Court approves the Settlement, there may still be appeals which would delay payment, perhaps for more than a year. It also takes time for all the Proofs of Claim to be processed. Please be patient.

### 10. What am I giving up by staying in the Class?

Unless you exclude yourself, you will stay in the Class, which means that as of the date that the Settlement becomes effective under the terms of the Stipulation (the "Effective Date"), you will forever give up and release all "Settled Claims" (as defined below) against the Released Parties. You will not in the future be able to bring a case asserting any Released Claim against any Released Party.

"Settled Claims" means any and all claims, debts, demands, rights, liabilities, and causes of action of every nature and description whatsoever (including, but not limited to, any claims for damages) interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever, whether known or Unknown (as defined below), whether based on federal, state, local, statutory, common or foreign law or any other law, rule or regulation, whether fixed or contingent, suspected or unsuspected, foreseen or unforeseen, ripened or unripened, accrued or un-accrued, liquidated or unliquidated, and whether matured or unmatured whether arising at law or in equity or under the law of contract, tort, malpractice, statutory breach, or any other legal right or duty, whether direct, class, individual representative, derivative, or in any other capacity, and to the fullest extent that the law permits their releases in this lawsuit that Lead Plaintiff, or any other member of the Settlement Class, (i) asserted in the Amended Complaint, or (ii) could have asserted in the Action or any other forum by the Releasing Plaintiff Parties against any of the Released Defendant Parties, which arise out of, or are based upon or related in any way to, the allegations, transactions, facts, reports, communications, matters or occurrences, representations or omissions involved in the Amended Complaint. Excluded from Settled Claims are claims based upon, relating to, or arising out of the interpretation or enforcement of the Settlement.

"Released Defendant Parties" means Defendants, Defendants' Counsel, and their past, present or future directors and officers, employees, partners, insurers, co-insurers, reinsurers, attorneys, advisors, investment advisors, personal or legal representatives, agents, assigns, executors, estates, administrators, related or affiliated Persons or entities, predecessors, successors, parents, subsidiaries, affiliated variable interest entities, divisions and joint ventures; any entity in which any Defendant has a controlling interest; Defendants' immediate family members, spouses and marital communities; and any trust of which any Defendant is the settlor or which is for the benefit of any of their immediate family members.

"Releasing Plaintiff Parties" means individually and collectively Lead Plaintiff and each Class member, whether or not they object to the Settlement set forth in the Stipulation, and whether or not they make a claim for payment from the Net Settlement Fund.

"Settled Defendants Claims" means all claims, debts, demands, rights, liabilities, sanctions, and causes of action of every nature and description whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liabilities whatsoever), whether known or Unknown, whether based on federal, state, local, statutory, common or foreign law or any other law, rule or regulation, whether fixed or contingent, suspected or unsuspected, foreseen or unforeseen, ripened or unripened, accrued or unaccrued, liquidated or unliquidated, and whether matured or unmatured whether arising in equity or under the law of contract, tort, malpractice, statutory breach, or any other legal right or duty, whether direct, class, individual representative, derivative, or in any other capacity, and to the fullest extent that the law permits their releases in this lawsuit that any Released Defendant Party may have against any of the Released Plaintiff Parties that arise out of or relate in any way to the Action or the Settled Claims, the institution, prosecution, settlement or resolution of the Action or the Settled Claims, except claims based upon, relating to, or arising out of the interpretation or enforcement of the Settlement.

"Unknown" means, as to claims, any and all Settled Claims against the Released Defendant Parties, which the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor as of the Effective Date, and any Settled Defendants' Claims against the Released Plaintiff Parties which the Released Defendant Parties do not know or suspect to exist in his, her, or its favor as of the Effective Date, which if known by the Releasing Plaintiff Parties or Released Defendant Parties might have affected his, her, or its decision(s) with respect to the Settlement. With respect to any and all Settled Claims and Settled Defendants' Claims, the Parties stipulate and agree that by operation of the Final Judgment, upon the Effective Date, Lead Plaintiff and the Released Parties shall have expressly waived, and each Class Plaintiff shall be deemed to have waived, and by operation of the Final Judgment shall have expressly waived, the provisions, rights and benefits of Cal. Civ. Code §1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

and any and all provisions, rights and benefits conferred by any law of any state or territory of the United States or any foreign jurisdiction, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code §1542.

The Releasing Plaintiff Parties and Released Defendant Parties may hereafter discover facts other than or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Settled Claims and Settled Defendants' Claims. Nevertheless, Lead Plaintiff and the Released Defendant Parties shall expressly, fully, finally and forever settle and release, and each Class Plaintiff, upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released, any and all Settled Claims and Settled Defendants' Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff and the Released Defendant Parties acknowledge, and Class Plaintiffs shall be deemed to have acknowledged, that the inclusion of Unknown claims in the definition of Settled Claims and Settled Defendants' Claims were separately bargained for and were key elements of the Settlement.

The above description of the proposed Settlement is only a summary. The complete terms may be obtained at www.umcsecuritieslitigation.com. The Court may not approve the Settlement or it may be terminated as outlined in the Stipulation. If the Settlement is not approved, or is terminated, the certification of the Class for settlement purposes will be vacated, and the Action will proceed as if the Stipulation had not been entered into.

**EXCLUDING YOURSELF FROM THE SETTLEMENT**

If you want to keep any right you may have to sue or continue to sue the Released Defendant Parties on your own about the Settled Claims, then you must take steps to exclude yourself from the Class. Excluding yourself is also known as "opting out" of the Class. The Defendants may withdraw from and terminate the Settlement if potential Class Members who purchased in excess of a certain amount of UMC ADSs during the Class Period opt out of the Class.

### 11. How do I "opt out" (exclude myself) from the proposed Settlement?

To "opt out" (exclude yourself) from the Class, you must send a signed letter by First-Class Mail stating that you "request exclusion from the Class in *Meyer v. United Microelectronics Corporation et al.*, No. 1:19-cv-02304-VM (S.D.N.Y.)." Your letter must state the date(s), price(s) and number of UMC ADSs you purchased, acquired and sold during the Class Period. You must also include documents evidencing such purchases, acquisitions and sales, such as brokerage statements or confirmation slips. This information is needed to determine whether you are a Class Member. In addition, you must include your name, address, telephone number, and your signature. You must mail your exclusion request by First-Class Mail, addressed to UMC Securities Litigation – EXCLUSIONS, Claims Administrator, Analytics Consulting LLC, P.O. Box 2007, Chanhassen, MN 55317-2007. The exclusion request must be **received no later than December 16, 2020**. *You cannot exclude yourself or opt out by telephone or by e-mail.* Your exclusion request must comply with these requirements in order to be valid. If you are excluded, you will not be eligible to get any payment from the Settlement proceeds and you cannot object to the Settlement, the proposed Plan of Allocation or the application for attorneys' fees and reimbursement of expenses.

### 12. If I do not exclude myself, can I sue the Defendants and the other Released Parties for the same thing later?

No. Unless you exclude yourself, you give up any rights to sue the Defendants and the other Released Parties for all Settled Claims. If you have a pending lawsuit, speak to your lawyer in that case *immediately*. You must exclude yourself from the Class in this case to continue your own lawsuit. Remember, the exclusion deadline is **December 16, 2020**.

**THE LAWYERS REPRESENTING YOU**

### 13. Do I have a lawyer in this case?

The Court appointed the law firm of Levi & Korsinsky, LLP to represent you and other Class Members. These lawyers are called Lead Counsel. You will not be separately charged for these lawyers. The Court will determine the amount of Lead Counsel's fees and expenses. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 14. How will the lawyers be paid?

Lead Counsel have not received any payment for their services in pursuing the claims against the Defendants on behalf of the Class, nor have they been reimbursed for their litigation expenses. At the Settlement Hearing described below, or at such other time as the Court may order, Lead Counsel will ask the Court for an award of attorneys' fees of no more than 30% of the Settlement Fund, and to reimburse them for their litigation expenses, such as the cost of experts, that they have incurred in pursuing the Action. The request for reimbursement of expenses will be approximately $75,000, plus interest on the expenses from the date of funding at the same rate as may be earned by the Settlement Fund. In addition, Lead Plaintiff may seek reimbursement from the Settlement Fund for time and expenses (including lost wages) incurred in representing the Class.

Court approved attorneys' fees, costs and expenses will be paid from the Settlement Fund. Class Members are not personally liable for any such fees, costs or expenses. The requested attorneys' fees will compensate Lead Counsel

for their work in achieving the Settlement Fund and is within the range of fees awarded to class counsel under similar circumstances in other cases of this type. The Court may award less than the requested amount.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

**15. How do I tell the Court that I do not like the proposed Settlement, the proposed Plan of Allocation, and/or the application by Lead Counsel for attorneys' fees and reimbursement of expenses?**

If you are a Class Member (and you have not excluded yourself), you can object to the Settlement, the request for attorneys' fees, costs and expenses, or the Plan of Allocation if you do not like any part of them. You can give reasons why you think the Court should not approve the settlement, the request for attorneys' fees, costs and expenses, or the Plan of Allocation. The Court will consider your views.

To object, you must send to Lead Counsel and Defendants' Counsel, and file with the Court, a signed notice of objection saying that you object to the proposed settlement in *Meyer v. United Microelectronics Corporation et al.*, No. 1:19-cv-02304-VM (S.D.N.Y.). Be sure to include your name, address, telephone number, your signature, the date(s), price(s) and number of all UMC ADSs purchased, acquired and sold by you during the Class Period, documents evidencing your purchase(s), acquisition(s) and sale(s) of UMC ADSs, such as brokerage statements or confirmation slips, and the reasons you object to the Settlement, the requested attorneys' fees, costs and expenses, or the Plan of Allocation. This information is needed to demonstrate your membership in the Class. Your objection, and all supporting papers and briefs, must be mailed or delivered such that it is *received* by each of the following no later than **December 16, 2020**:

*Lead Counsel:*
Gregory Nespole, Esq.
LEVI & KORSINSKY, LLP
55 Broadway
New York, NY 10006

*Defendants' Counsel:*
James F. Moyle, Esq.
Anna Pia D. Felix, Esq.
LAZARE POTTER GIACOVAS & MOYLE LLP
747 Third Avenue, 16th Floor
New York, NY 10017

-and-

Jason A. D'Angelo, Esq.
HERRICK, FEINSTEIN LLP
Two Park Avenue
New York, NY 10016

Your objection, and all supporting papers and briefs, must also be filed with the Court at the address below no later than **December 16, 2020**:

Clerk of the Court
U.S. District Court for the Southern District of N.Y.
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Attendance at the Settlement Fairness Hearing discussed below is not necessary; however, persons wishing to be heard orally at the hearing are required to indicate in their objection their intention to appear at the hearing and the

identity of any witnesses they may call to testify and exhibits, if any, they intend to introduce into evidence. Unless otherwise ordered by the Court, any Class Member who does not object in the manner described in this Notice will be deemed to have waived any objection and will not be able to make any objection to the Settlement, the proposed Plan of Allocation, and/or the application for attorneys' fees and reimbursement of expenses in the future.

## THE COURT'S SETTLEMENT FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement. You may attend, but you do not have to.

### 16. When and where will the Court decide whether to approve the Settlement?

The Court will hold a Settlement Fairness Hearing on January 15, 2021, at 10:00 a.m. in Courtroom 15B of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court may listen to people who have asked to speak at the hearing. The Court will also decide whether to: (a) award Lead Counsel attorneys' fees and expenses; (b) reimburse Lead Plaintiff the costs and expenses (including lost wages) he incurred in prosecuting this Action on behalf of the Class; and (c) approve the Plan of Allocation as fair, reasonable and adequate. We do not know how long the hearing will take or whether the Court will make its decision on the day of the hearing or sometime later. The Court may adjourn or continue the hearing without further notice to Class Members. If you want to come to the hearing, you should check with Lead Counsel before coming to be sure that the date and/or time has not changed.

### 17. Do I have to come to the hearing?

No. Lead Counsel will answer any questions the Court may have. However, you are welcome to come at your own expense. If you validly submit an objection, it will be considered by the Court and you do not have to come to Court to talk about it. You may also pay your own lawyer to attend, but you are not required to do so.

### 18. May I speak at the hearing and submit additional evidence?

You may ask the Court for permission to speak at the hearing. To do so, you must include with your objection (*see* Question 15 above) a statement that it is your "intention to appear in the *Meyer v. United Microelectronics Corporation et al*., No. 1:19-cv-02304-VM (S.D.N.Y.)." Be sure to include your name, address, telephone number, your signature, the date(s), price(s) and number of all UMC ADSs purchased, acquired and sold by you during the Class Period, and documents evidencing your purchase(s), acquisition(s) and sale(s) of UMC ADSs, such as brokerage statements or confirmation slips. Your notice of intention to appear must be **received** by Lead Counsel and Defendants' Counsel, and filed with the Clerk of Court, at the addresses listed in Question 15 no later than **December 16, 2020**.

Persons who object and want to present evidence at the Settlement Hearing must also include in their written objection the identity of any witness they may call to testify and exhibits they intend to introduce at the Settlement Fairness Hearing. You cannot speak at the hearing if you excluded yourself from the Class or if you have not provided written notice of your intention to speak at the Settlement Fairness Hearing according to the procedures described above and in the answer to Question 15.

## IF YOU DO NOTHING

If you do nothing, you will be a Settlement Class Member. However, you will get no money from this Settlement and you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants and the other Released Defendant Parties about the Settled Claims in this case. To be eligible to share in the Net Settlement Fund you must submit a Proof of Claim (*see* Question 9). To start, continue or be a part of any

other lawsuit against the Defendants and the other Released Defendant Parties about the Settled Claims in this case you must exclude yourself from the Settlement Class (*see* Question 11).

## GETTING MORE INFORMATION

This Notice summarizes the proposed Settlement. More details are in the Stipulation, which can be obtained from the Claims Administrator or from the Settlement Website, www.umcsecuritieslitigation.com, where you can also download copies of this Notice, the Proof of Claim form, and the Stipulation, and also locate other information to help you determine whether you are a Class Member and whether you may be eligible for a payment. ***Please do not call the Court or the Clerk of the Court for additional information about the Settlement.***

## SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased or otherwise acquired UMC ADSs (NYSE symbol: "UMC") between October 28, 2015 and November 1, 2018, inclusive, for the beneficial interest of a person or organization other than yourself, the Court has directed that, ***WITHIN SEVEN (7) CALENDAR DAYS OF YOUR RECEIPT OF THIS NOTICE***, you either: (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased or otherwise acquired UMC ADSs during such time period (preferably in an MS Excel data table, setting forth: (i) title/registration, (ii) street address, (iii) city/state/zip; or electronically in MS Word files; or on computer-generated mailing labels) or; (b) request additional copies of this Notice and the Proof of Claim form, which will be provided to you free of charge, and within seven (7) calendar days of receipt of such copies, send them by First-Class directly to the beneficial owners of those UMC ADSs.

If you choose to follow alternative procedure (b), the Court has directed that, upon such mailing, you send a statement to the Claims Administrator confirming that the mailing was made as directed. You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners. Those expenses will be paid after request and submission of appropriate supporting documentation. All communications concerning the foregoing should be addressed to the Claims Administrator at:

UMC Securities Litigation
Claims Administrator, Analytics Consulting LLC
P.O. Box 2007
Chanhassen, MN 55317-2007

## INJUNCTION

The Court has issued an order enjoining Lead Plaintiff and all Class Members, either directly, representatively, or in any other capacity, from instituting, commencing, assisting, maintaining or prosecuting any action in any court that asserts Settled Claims, pending final determination by the Court of whether the Settlement should be approved.

## PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONGST CLASS MEMBERS

The Plan of Allocation (the "Plan of Allocation") is the plan by which the Net Settlement Fund is distributed to Class Members. The Plan of Allocation set forth herein is being proposed by Lead Plaintiff and Lead Counsel to the Court for approval. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Class. All Orders regarding a modification of the Plan of Allocation will be posted on the settlement website, www.umcsecuritieslitigation.com.

### I.    General Provisions

The $3,000,000 Settlement Amount plus any earnings on any such monies is referred to as the "Settlement Fund." The "Net Settlement Fund" means the Settlement Fund less (i) all taxes on the income of the Settlement Fund and expenses and costs incurred in connection with the taxation of the Settlement Fund (including, without limitation, interest, penalties and the expenses of tax attorneys and accountants); (ii) all fees, costs and expenses paid or

incurred in connection with the notice and administration of the Settlement; (iii) any attorneys' fees and expenses awarded by the Court to Lead Counsel; and (iv) any award by the Court to Lead Plaintiff for reimbursement of their reasonable costs and expenses directly related to his representation of the Class.

The Net Settlement Fund shall be distributed to each Class Member who timely submits a valid Proof of Claim to the Claims Administrator that is accepted for payment by the Court ("Authorized Claimant"). The Net Settlement Fund will not be distributed to Authorized Claimants until the Court has approved a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, of the order approving the plan of allocation has expired.

The Defendants are not entitled to get back any portion of the Settlement Fund once the Effective Date of the Settlement has occurred. The Defendants shall not have any liability, obligation or responsibility for the administration of the Settlement or disbursement of the Net Settlement Fund or the Plan of Allocation.

Approval of the Settlement is independent from approval of the Plan of Allocation. Any determination with respect to the Plan of Allocation will not affect the Settlement, if approved.

Only those persons and entities that purchased or otherwise acquired UMC ADSs during the Class Period **AND WERE DAMAGED AS A RESULT OF SUCH PURCHASES OR ACQUISITIONS,** will be eligible to share in the distribution of the Net Settlement Fund. Each person or entity wishing to participate in the distribution must timely submit a valid Proof of Claim form establishing membership in the Class, including all required documentation, postmarked no later than January 8, 2021, to the address set forth in the Proof of Claim form that accompanies this Notice. Unless the Court otherwise orders, any Class Member who fails to submit a Proof of Claim form postmarked no later than January 8, 2021, shall be forever barred from receiving payments pursuant to the Settlement set forth in the Stipulation but will in all other respects remain a Class Member and be subject to the provisions of the Stipulation, including the terms of any judgment entered and releases given. This means that each Class Member releases the Settled Claims (as defined above) against the Released Parties (as defined above) and is barred and enjoined from commencing, instituting, assisting, prosecuting or maintaining any of the Settled Claims, regardless of whether or not such Class Member submits a Proof of Claim form. The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the claim of any Class Member.

Payment pursuant to the Plan of Allocation approved by the Court shall be conclusive against all Authorized Claimants. No person shall have any claim against Lead Plaintiff, Lead Counsel, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation, or further orders of the Court. Lead Plaintiff, Defendants, their respective counsel, Lead Plaintiff's damages expert(s), and all other Released Parties shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any Proof of Claim or nonperformance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

A "Recognized Loss Amount" will be calculated for each purchase or other acquisition of the UMC ADSs listed in the Proof of Claim form, and for which adequate documentation is provided. The calculation of the Recognized Loss Amount will depend upon several factors, including: (i) when the UMC ADSs were purchased or otherwise acquired; and (ii) whether they were held until the conclusion of the Class Period or sold during the Class Period and, if so, when they were sold.

The Recognized Loss Amount formula set forth below is not intended to be an estimate of the amount that a Class Member might have been able to recover after a trial, nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss Amount formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants.

## II.    Information Required on the Proof of Claim Form

Each Proof of Claim form must state and provide sufficient documentation for each Authorized Claimant's position in UMC ADSs as of the close of trading on October 27, 2015, the day before the first day of the Class Period, and

the closing position in UMC ADSs as of the close of trading on November 1, 2018, the last day of the Class Period. Each Claim Form also must list and provide sufficient documentation for all transactions in UMC ADSs, including all purchases or other acquisitions and sales, made during the Class Period.

The objective of the Plan of Allocation is to equitably distribute the settlement proceeds to those Class Members who suffered economic losses as a result of the alleged fraud, as opposed to losses caused by market or industry factors or other non-fraud-related, Company-specific factors. The Plan of Allocation reflects Lead Plaintiff's determination of potentially recoverable losses based on an analysis undertaken by Lead Plaintiff's damages expert. Lead Plaintiff's damages expert's analysis included a review of publicly available information regarding UMC and statistical analyses of the price movements of UMC ADSs during the Class Period.

Recognized Loss Amounts are based on the level of alleged artificial inflation in the price of UMC ADSs at the time of purchase or other acquisition. For market losses to be compensable damages under the federal securities laws, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of the stock. In this case, Lead Plaintiff alleges that Defendants made false statements and omitted material facts from October 28, 2015 through and including November 1, 2018, which were allegedly corrected, in whole or in part, by subsequent disclosures. The various Recognized Loss Amount described below are based on the timing of trades in UMC ADSs relative to these alleged "Corrective Disclosure" dates.

## III.    <u>Specific Loss Amounts</u>

The Recognized Loss Amount per share, which is based on the daily per share amount of alleged artificial inflation present in the price of UMC ADSs set forth below, shall be calculated as follows, and cannot be less than zero:

1. **For Each ADS Purchased Between 10/28/15 and 7/27/17 ("Period 1")**

    a. Sold prior to the close on 11/1/18, the recognized loss is zero.

    b. Sold on or retained beyond 11/1/18, the recognized loss shall be the lesser of: i) $0.03; or ii) the purchase price minus $1.90 (the closing price of ADSs on 11/1/18, at which point the inflation in the price of ADSs due to the alleged fraud is assumed to have completely dissipated).

2. **For Each ADS Purchased Between 7/28/17 and 3/7/18 ("Period 2")**

    a. Sold prior to the close on 11/1/18, the recognized loss is zero.

    b. Sold on or retained beyond 11/1/18, the recognized loss shall be the lesser of: i) $0.59; or ii) the purchase price minus $1.90 (the closing price of ADSs on 11/1/18, at which point the inflation in the price of ADSs due to the alleged fraud is assumed to have completely dissipated).

3. **For Each ADS Purchased Between 3/7/18 and 7/3/18 ("Period 3")**

    a. Sold prior to the close on 7/3/18, the recognized loss is zero.

    b. Sold on or after 7/4/18 prior to the close on 11/1/18, the recognized loss is the lesser of the investment loss (see **NOTE** below) and $0.15.

    c. Sold on or retained beyond 11/1/18, the recognized loss shall be the lesser of: i) $0.82; or ii) the purchase price minus $1.90 (the closing price of ADSs on 11/1/18, at which point the inflation in the price of ADSs due to the alleged fraud is assumed to have completely dissipated).

4. **For Each ADS Purchased Between 7/4/18 – 11/1/18 ("Period 4")**

    a. Sold prior to the close on 11/1/18, the recognized loss equal to the investment loss (see **NOTE** below).

    b. Sold on or retained beyond 11/1/18, the recognized loss shall be the lesser of: i) $0.67; or ii) the purchase price minus $1.90 (the closing price of ADSs on 11/1/18, at which point the inflation in the price of ADSs due to the alleged fraud is assumed to have completely dissipated).

**NOTE:** For purposes of determining investment loss, the Claims Administrator shall determine the difference between: a) the total amount the claimant paid for all ADSs purchased or acquired during Period 3 or Period 4, as

14

the case may be; and b) the sum of "Sales Proceeds" (defined below) and a $1.89 per ADS holding value for the number of ADSs purchased or acquired during Period 3 or Period 4, as the case may be, and still held as of the close of business on 11/1/18. To determine "Sales Proceeds," the Claims Administrator shall match any sales of ADSs prior to the close on 11/1/18, first against the Authorized Claimant's opening position in ADSs (the proceeds of those sales will not be considered for purposes of calculating market gains or losses). The total amount received for sales of the remaining ADSs sold prior to the close on 11/1/18 is the "Sales Proceeds."

The Recognized Loss Amount for each purchase will be calculated by multiplying the number of UMC ADSs purchased by the respective Recognized Loss Amount per share. Each Authorized Claimant's "Recognized Claim" shall be the total of his, her or its Recognized Loss Amounts. As indicated above, an Authorized Claimant who did not hold UMC ADSs over an alleged "Corrective Disclosure" date will have no Recognized Loss Amount with respect to those UMC ADSs.

## IV.    Additional Provisions

The Net Settlement Fund will be distributed to Authorized Claimants who have a Recognized Claim greater than $10.00. Each Authorized Claimant shall recover his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share shall be the Authorized Claimant's Recognized Claim divided by the total of all Recognized Claims to be paid from the Net Settlement Fund, multiplied by the total amount in the Net Settlement Fund.

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. All checks shall become stale one hundred and twenty (120) calendar days from the date of issuance, at which time all funds remaining for such stale checks shall be irrevocably forfeited and such funds shall be made available to be redistributed if economically feasible. Subsequent to the passage of six (6) months from the distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator will conduct a redistribution of any funds remaining in the Net Settlement Fund by reason of tax refunds, uncashed checks or otherwise, to Authorized Claimants who have cashed their initial distribution checks, after payment from the Net Settlement Fund of any unpaid costs or fees incurred in administering the funds, including for such re-distribution. After any redistribution, or if a redistribution is not undertaken, any balance that still remains in the Settlement Fund shall be donated to a non-sectarian, §501(c)(3) non-profit organization.

If a Class Member has more than one purchase/acquisition or sale of UMC ADSs during the Class Period, all purchases/acquisitions and sales shall be matched on a First In, First Out ("FIFO") basis. Class Period sales will be matched first against any UMC ADSs held at the beginning of the Class Period, and then against purchases/ acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period. Class Period Sales matched to UMC ADSs held at the beginning of the Class Period shall be excluded from the calculation of Recognized Claims. Purchases or acquisitions and sales of UMC ADSs shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of UMC ADSs during the Class Period shall not be deemed a purchase, acquisition or sale of these UMC ADSs for the calculation of an Authorized Claimant's Recognized Loss Amount for these ADSs, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/ acquisition of such UMC ADSs unless: (i) the donor or decedent purchased or otherwise acquired such UMC ADSs during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such UMC ADSs; and (iii) the assignment is specifically provided for in the instrument of gift or assignment.

The date of covering a "short sale" is deemed to be the date of purchase or other acquisition of UMC ADSs. The date of a "short sale" is deemed to be the date of sale of UMC ADSs. The Recognized Loss Amount for "short sales" is zero. In the event that there is an opening short position in UMC ADSs, the earliest Class Period purchases shall be matched against such opening short position, and not be matched against sales, until that short position is fully covered. To the extent an Authorized Claimant had a market gain from his, her, or its overall transactions in UMC ADSs during the Class Period, the value of the Recognized Claim will be zero. Such Authorized Claimants will in

any event be bound by the Settlement. To the extent that an Authorized Claimant suffered an overall market loss on his, her, or its overall transactions in UMC ADSs during the Class Period, but that market loss was less than the total Recognized Claim calculated above, then the Authorized Claimant's Recognized Claim shall be limited to the amount of the actual market loss, which shall be determined by the Claims Administrator as explained in the **NOTE** at Point III above.

Option contracts are not securities eligible to participate in the Settlement. With respect to UMC ADSs purchased or sold through the exercise of an option, the purchase/sale date is the date of the exercise of the option and the purchase/sale price of the share is the exercise price of the option.

THE COURT IN CHARGE OF THIS CASE MUST DECIDE WHETHER TO APPROVE THE SETTLEMENT. PAYMENTS WILL BE MADE IF THE COURT APPROVES THE SETTLEMENT AND, IF THERE ARE ANY APPEALS, AFTER APPEALS ARE RESOLVED. PLEASE BE PATIENT.

Each Authorized Claimant shall be deemed to have submitted to the jurisdiction of the United States District Court for the Southern District of New York with respect to his, her or its Claim Form.

**PLEASE DO *NOT* CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.**

Dated: August 28, 2020

BY ORDER OF THE COURT
HON. VICTOR MARRERO
UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

**UMC Securities Litigation**
**Claims Administrator, Analytics Consulting LLC**
**P.O. Box 2007**
**Chanhassen, MN 55317-2007**

**Toll-Free Number: 1-855-917-4968**
**Website: www.umcsecuritieslitigation.com**

## PROOF OF CLAIM AND RELEASE

**Deadline for Submission: JANUARY 8, 2021**

IF YOU PURCHASED OR OTHERWISE ACQUIRED UNITED MICROELECTRONICS CORPORATION AMERICAN DEPOSITARY SHARES DURING THE PERIOD FROM OCTOBER 28, 2015 TO NOVEMBER 1, 2018, INCLUSIVE (THE "CLASS PERIOD"), YOU ARE A "CLASS MEMBER" AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT PROCEEDS.

IF YOU ARE A CLASS MEMBER, YOU MUST COMPLETE AND SUBMIT THIS FORM IN ORDER TO BE ELIGIBLE FOR ANY SETTLEMENT BENEFITS.

YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND RELEASE ("PROOF OF CLAIM") AND MAIL IT BY FIRST CLASS MAIL, **POSTMARKED NO LATER THAN JANUARY 8, 2021** TO ANALYTICS CONSULTING LLC, THE CLAIMS ADMINISTRATOR, AT THE FOLLOWING ADDRESS:

UMC Securities Litigation
Claims Administrator, Analytics Consulting LLC
P.O. Box 2007
Chanhassen, MN 55317-2007

YOUR FAILURE TO SUBMIT YOUR CLAIM BY JANUARY 8, 2021 WILL SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOUR RECEIVING ANY MONEY IN CONNECTION WITH THE SETTLEMENT OF THIS ACTION. DO NOT MAIL OR DELIVER YOUR CLAIM TO THE COURT OR TO ANY OF THE PARTIES OR THEIR COUNSEL AS ANY SUCH CLAIM WILL BE DEEMED NOT TO HAVE BEEN SUBMITTED. SUBMIT YOUR CLAIM ONLY TO THE CLAIMS ADMINISTRATOR.

## CLAIMANT'S STATEMENT

1. I (we) purchased or otherwise acquired United Microelectronics Corporation ("UMC") American Depositary Shares ("ADSs") and was (were) damaged thereby. (Do not submit this Proof of Claim if you did not purchase UMC ADSs during the designated Class Period).

2. By submitting this Proof of Claim, I (we) state that I (we) believe in good faith that I am (we are) a Class Member as defined above and in the Notice of Pendency and Settlement of Class Action (the "Notice"), or am (are) acting for such person(s); that I am (we are) not a Defendant in the Action or anyone excluded from the Class; that I (we) have read and understand the Notice; that I (we) believe that I am (we are) entitled to receive a share of the Net Settlement Fund, as defined in the Notice; that I (we) elect to participate in the proposed Settlement described in the Notice; and that I (we) have not filed a request for exclusion. (If you are acting in a representative capacity on behalf of a Class Member [e.g., as an executor, administrator, trustee, or other representative], you must submit evidence of your current authority

1

to act on behalf of that Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.)

3.  I (we) consent to the jurisdiction of the Court with respect to all questions concerning the validity of this Proof of Claim. I (we) understand and agree that my (our) claim may be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to my (our) status as a Class Member(s) and the validity and amount of my (our) claim. No discovery shall be allowed on the merits of the Action or Settlement in connection with processing of the Proof of Claim.

4.  I (we) have set forth where requested below all relevant information with respect to each purchase of UMC ADSs during the Class Period, and each sale, if any, of such securities. I (we) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.

5.  I (we) have enclosed photocopies of the stockbroker's confirmation slips, stockbroker's statements, or other documents evidencing each purchase, sale or retention of UMC ADSs listed below in support of my (our) claim. (IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR BROKER BECAUSE THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM.)

6.  I (we) understand that the information contained in this Proof of Claim is subject to such verification as the Claims Administrator may request or as the Court may direct, and I (we) agree to cooperate in any such verification. (The information requested herein is designed to provide the minimum amount of information necessary to process most simple claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your recognized claim. In some cases, the Claims Administrator may condition acceptance of the claim based upon the production of additional information, including, where applicable, information concerning transactions in any derivatives securities such as options.)

7.  Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a full and complete release, remise and discharge by me (us) and my (our) heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, predecessors, successors, attorneys, insurers and assigns (or, if I am (we are) submitting this Proof of Claim on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their heirs, executors, administrators, predecessors, successors, and assigns) of each of the "Released Defendant Parties" of all "Settled Claims," as defined in the Notice.

8.  NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. All Claimants MUST submit a manually signed paper Proof of Claim form listing all their transactions whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the Claims Administrator by toll-free phone at 1-855-917-4968 or visit the website at www.umcsecuritieslitigation.com to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

## I. <u>CLAIMANT INFORMATION</u>

*Please Type or Print*

Beneficial Owner's Name (*as it appears on your brokerage statement*)

First Name                                              M.I.    Last Name

Joint Beneficial Owner's Name (*as it appears on your brokerage statement*)

First Name                                              M.I.    Last Name

Record Owner's Name (*if different from beneficial owner listed above*)

Street Address

City                                                       State/Province   ZIP Code

Foreign Postal Code (*if applicable*)        Foreign Country (*if applicable*)

Day Phone                                    Evening Phone

Email Address

Social Security Number (*for individuals*)        Tax Payer Identification Number (*for estates, trusts, corporations, etc.*)

**OR**

## II. SCHEDULE OF TRANSACTIONS IN UMC AMERICAN DEPOSITARY SHARES

**Beginning Holdings:**

Confirm Proof of Position Enclosed

A.   State the total number of shares of UMC ADSs owned at the close of trading on October 27, 2015. (*Must be documented*) If none, write "zero" or "0."

**Purchases:**

B.   Separately list each and every purchase or acquisition of UMC ADSs during the period from October 28, 2015 through November 1, 2018, inclusive, and provide the following information (*Must be documented*):

| Trade Date (*List Chronologically*) M M / D D / Y Y | Number of ADSs Purchased | Price per ADS | Total Cost (*Excluding Commissions, Taxes and Fees*) | Confirm Proof of Purchase Enclosed |
|---|---|---|---|---|
| | | $ | $ | |
| | | $ | $ | |
| | | $ | $ | |
| | | $ | $ | |
| | | $ | $ | |

**Sales:**

C.   Separately list each and every sale of UMC ADSs during the period from October 28, 2015 through November 1, 2018, inclusive, and provide the following information (*Must be documented*):

| Trade Date (*List Chronologically*) M M / D D / Y Y | Number of ADSs Sold | Price per ADS | Amount Received (*Excluding Commissions, Taxes and Fees*) | Confirm Proof of Sale Enclosed |
|---|---|---|---|---|
| | | $ | $ | |
| | | $ | $ | |
| | | $ | $ | |
| | | $ | $ | |
| | | $ | $ | |

**Ending Holdings:**

Confirm Proof of Position Enclosed

D.   State the total number of American Depositary Shares of UMC owned at the close of trading on November 1, 2018. (*Must be documented*) If none, write "zero" or "0."

**If additional space is needed, attach separate, numbered sheets, giving all required information, substantially in the same format, and print your name and Social Security or Taxpayer Identification number at the top of each sheet.**

4

## III. <u>SUBSTITUTE FORM W-9</u>

**Request for Taxpayer Identification Number:**

Enter taxpayer identification number below for the Beneficial Owner(s). For most individuals, this is your Social Security Number. The Internal Revenue Service ("I.R.S.") requires such taxpayer identification number. If you fail to provide this information, your claim may be rejected.

Social Security Number (*for individuals*)

☐☐☐ — ☐☐ — ☐☐☐☐        **OR**

Tax Payer Identification Number (*for estates, trusts, corporations, etc.*)

☐☐ — ☐☐☐☐☐☐☐

## IV. <u>CERTIFICATION</u>

I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(c) of the Internal Revenue Code because: (a) I am (We are) exempt from backup withholding, or (b) I (We) have not been notified by the I.R.S. that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE: If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

UNDER THE PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES, I (WE) CERTIFY THAT ALL OF THE INFORMATION I (WE) PROVIDED ON THIS PROOF OF CLAIM AND RELEASE FORM IS TRUE, CORRECT AND COMPLETE.

Today's Date: _____

_____        _____
Signature of Claimant                            Signature of Joint Claimant, if any

_____        _____
(Type or print your name here)                   (Type or print your name here)

_____        _____
Capacity of person(s) signing (e.g. beneficial      Capacity of person(s) signing (e.g. beneficial
purchaser(s), executor, administrator, trustee, etc.)   purchaser(s), executor, administrator, trustee, etc.)

☐ Check here if proof of authority to file is enclosed.    ☐ Check here if proof of authority to file is enclosed.
(*See Item 2 under Claimant's Statement*)              (*See Item 2 under Claimant's Statement*)

**THIS PROOF OF CLAIM MUST BE POSTMARKED NO LATER THAN JANUARY 8, 2021 AND MUST BE MAILED TO:**

UMC Securities Litigation
Claims Administrator, Analytics Consulting LLC
P.O. Box 2007
Chanhassen, MN 55317-2007

A Proof of Claim received by the Claims Administrator shall be deemed to have been submitted when posted, if mailed by January 8, 2021 and if a postmark is indicated on the envelope and it is mailed first class and addressed in accordance with the above instructions. In all other cases, a Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to process fully all of the Proofs of Claim and to administer the Settlement. This work will be completed as promptly as time permits, given the need to investigate and tabulate each Proof of Claim. Please notify the Claims Administrator of any change of address.

## <u>REMINDER CHECKLIST</u>

- Please be sure to sign this Proof of Claim on page 5. If this Proof of Claim is submitted on behalf of joint claimants, then both claimants must sign.

- Please remember to attach supporting documents. Do NOT send any stock certificates. Keep copies of everything you submit.

- Do NOT use red pen or highlighter on the Proof of Claim or any supporting documents.

- If you desire an acknowledgement of receipt of your Proof of Claim, please send it Certified Mail, Return Receipt Requested.

- If you move after submitting this Proof of Claim, please notify the Claims Administrator of the change in your address.