**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KEVIN D. MEYER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>UNITED MICROELECTRONICS CORPORATION, SHAN-CHIEH CHIEN, JASON WANG, PO-WEN YEN, and CHITUNG LIU,<br><br>Defendants. | No. 19-cv-02304-VM<br><br>CLASS ACTION<br><br>Hon. Victor Marrero, U.S.D.J. |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORTOF (i) LEAD PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION, AND (ii) LEAD COUNSEL'S MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND INCENTIVE AWARD TO LEAD <u>PLAINTIFF</u>**

LEVI & KORSINSKY, LLP
55 Broadway, 10th Floor
New York, New York 10006
(212) 363-7500

*Attorneys for Lead Plaintiff and the Class*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ......................................................................................................1

ARGUMENT..................................................................................................................................2

     I.      The Reaction of the Settlement Class Strongly Supports Approval of the Settlement and Plan of Allocation ............................................................................2

     II.     The Reaction of the Settlement Class Strongly Supports Approval of the Attorneys' Fee and Expense Application ...............................................................5

CONCLUSION...............................................................................................................................6

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, Court-appointed Lead Plaintiff Mark Nelson and Court-appointed Lead Counsel Levi & Korsinsky, LLP respectfully submit this reply memorandum of law in further support of (i) Lead Plaintiff's motion for Final Approval of Class Action Settlement and Plan of Allocation (ECF 58), and (ii) Lead Counsel's motion for an Award of Attorneys' Fees and Expenses and Incentive Award to Lead Plaintiff (ECF 59) (together, the "**Motions**").[1]

## PRELIMINARY STATEMENT

Lead Plaintiff and Lead Counsel are pleased to report that the deadline for objections and requests for exclusion has passed and there are ***no objections*** to the proposed Settlement, Plan of Allocation, the Fee and Expense Application, or the application for an incentive award to Lead Plaintiff. *See* Supplemental Nespole Decl. at ¶ 3; Supplemental Schmidt Decl. at ¶ 4. Additionally, while 25,202 Notices have been mailed to potential Settlement Class Members and nominees and the summary notice was published over *PR Newswire*, ***only one*** request for exclusion has been received. *See* Supplemental Schmidt Decl. at ¶ 5. Accordingly, Lead Plaintiff and Lead Counsel respectfully submit that this reaction by the Settlement Class further demonstrates the fairness, adequacy, and reasonableness of the Settlement, Plan of Allocation, and Lead Counsel's request for attorneys' fees and payment of expenses and an incentive award to Lead Plaintiff.

---

[1] Capitalized terms which are not defined in this memorandum have the same meaning as in the Stipulation of Settlement dated June 30, 2020 and filed on July 27, 2020 (ECF 55-1, the "**Stipulation**"). Reference is made to the accompanying Supplemental Declaration of Gregory M. Nespole (the "**Supplemental Nespole Declaration**") and the accompanying Supplemental Declaration of Kari L. Schmidt (the "**Supplemental Schmidt Declaration**").

## ARGUMENT

**I.    The Reaction of the Settlement Class Strongly Supports Approval of the Settlement and Plan of Allocation**

Pursuant to the Court's July 28, 2020 Order for Hearing and Notice Directing: (A) Issuance of Notice of Proposed Class Action Settlement; and (B) Setting Date for Final Settlement Fairness Hearing (ECF 57, the "**Preliminary Approval Order**"), the Claims Administrator has mailed 25,202 copies of the notice packet to all potential Settlement Class Members identified to date. *See* Supplemental Schmidt Decl. at ¶ 2. The Notice informed Settlement Class Members of the terms of the proposed Settlement and Plan of Allocation, and that Lead Counsel would apply for an award of attorneys' fees in an amount not to exceed 30% of the Settlement Fund and payment of litigation expenses of approximately $75,000 which may include a request for an award to Lead Plaintiff for his time and expenses (including lost wages) incurred in representing the Class. The Notice also apprised Settlement Class Members of their right to object to the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and payment of litigation expenses, and the December 16, 2020 deadline for filing such objections.

In addition, copies of the Notice, Proof of Claim form, Stipulation, Preliminary Approval Order, and other documents relevant to the contemplated Settlement were posted on www.UMCSecuritiesLitigation.com to assist Class Members and the website address was set forth in the Notice and Postcard Notice. ECF 62 at ¶ 11. Further, on August 28, 2020, the Claims Administrator published the Postcard Notice over *PR Newswire*, *id.* ¶ 10, informing readers of the proposed Settlement, how to obtain copies of the Notice, and the deadlines for the submission of Proof of Claim forms, objections, and exclusion requests.

On July 27, 2020, pursuant to the schedule approved by the Court in the Preliminary Approval Order, Lead Plaintiff and Lead Counsel filed their opening papers in support of the Motions. These papers – which are publicly available on the docket (ECF 58 – 64) and the Claims Administrator's website (www.UMCSecuritiesLitigation.com) – described Lead Plaintiff's and Lead Counsel's views of the Settlement, work performed in the Action, the Fee and Expense Application, and the requested incentive award to Lead Plaintiff.

Following this extensive notice program, **no Settlement Class Member** objected to any aspect of the Settlement. Supplemental Nespole Decl. ¶ 3; Supplemental Schmidt Decl. ¶ 4. This "favorable reaction of the overwhelming majority of class members to the Settlement is perhaps the most significant factor in [the] *Grinnell* inquiry," and accordingly strongly supports a finding that the Settlement is fair, reasonable, and adequate. *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 119 (2d Cir. 2005); *see also In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 343 F. Supp. 3d 394, 410 (S.D.N.Y. 2018) ("The overwhelmingly positive reaction – or absence of a negative reaction – weighs strongly in favor of confirming the Proposed Settlement."); *In re Veeco Instruments Inc. Sec. Litig.*, No. 05 MDL 01695 (CM), 2007 WL 4115809, at *7 (S.D.N.Y. Nov. 7, 2007) ("The lack of objections provides effective evidence of the fairness of the Settlement.") (citation omitted); *Maley v. Del Glob. Techs. Corp.*, 186 F. Supp. 2d 358, 374 (S.D.N.Y. 2002) (the "overwhelmingly positive response by the Class attests to the approval of the Class with respect to the Settlement and the fee and expense application"). As the Second Circuit reasoned in *Wal-Mart*, "'[i]f only a small number of objections are received, that fact can be viewed as indicative of the adequacy of the settlement.'" 396 F.3d at 118 (citation omitted); *see also In re Bear Stearns Cos., Inc. Sec., Derivative & ERISA Litig.*, 909 F. Supp. 2d 259,

266-67 (S.D.N.Y. 2012) (the fact that "just two objections" to the settlement were made weighs strongly in favor of approval).

The absence of objections is even more noteworthy because of the absence of objections from institutional investors or pension funds. The absence of objections by these sophisticated Settlement Class Members – who have the resources to carefully evaluate the Settlement and object if it were appropriate to do so – provides further evidence of the fairness of the Settlement. *See, e.g.*, *In re Citigroup Inc. Sec. Litig.*, 965 F. Supp. 2d 369, 382 (S.D.N.Y. 2013) (that "not a single objection was received from any of the institutional investors" supported settlement); *In re AOL Time Warner, Inc. Sec. & "ERISA" Litig.*, No. MDL 1500, 2006 WL 903236, at *10 (S.D.N.Y. Apr. 6, 2006) (the lack of objections from institutional investors supported approval of settlement).

The lack of objections from Settlement Class Members also supports approval of the Plan of Allocation. *See In re EVCI Career Colls. Holdings Corp. Sec. Litig.*, No. 05 Civ. 10240 (CM), 2007 WL 2230177, at *11 (S.D.N.Y. July 27, 2007) (noting that "[c]ourts… [should] consider the reaction of a class to a plan of allocation" and, where there are no objections, "the Plan of Allocation should be approved") (citation omitted); *Veeco*, 2007 WL 4115809, at *14 (that "not one class member has objected to the Plan of Allocation which was fully explained in the Notice of Settlement sent to all Class Members . . . supports approval of the Plan of Allocation").

Similarly, the scarcity of requests for exclusion reflects the Settlement Class's approval of the Settlement and offers clear support for the Court's final approval thereof. *See, e.g.*, *Bear Stearns*, 909 F. Supp. 2d at 266-67 (noting the absence of significant exclusion requests weighs "strongly in favor of approval" where 115 requests for exclusion were received); *In re Am Int'l Grp. Inc. Sec. Litig.*, No. 04 Civ. 8141(DAB), 2010 WL 5060697, at *2 (S.D.N.Y. Dec. 2, 2010),

4

*aff'd*, 452 F. App'x. 75 (2d Cir. 2012) (noting the "extremely positive" reaction to the settlement where there were "only 105 requests for exclusion received, out of which 61 were timely and valid"). Here, in response to the 25,202 notice packets mailed to date, the Claims Administrator has received only one request for exclusion from the Settlement Class. Supplemental Schmidt Decl. at ¶ 5.

## II.    The Reaction of the Settlement Class Strongly Supports Approval of the Attorneys' Fee and Expense Application

As to Lead Counsel's request for an award of attorneys' fees and for payment of expenses, including the payment of a modest incentive award to Lead Plaintiff, the Notice reported that Lead Counsel would request a fee award not to exceed 30% of the Settlement Fund and payment of expenses of approximately $75,000.[2] The absence of *any objections* to the requested fee or expense award weighs strongly in favor of approval. *See, e.g.*, *Vaccaro v. New Source Energy Partners L.P.*, No. 15 CV 8954 (KMW), 2017 WL 6398636, at *8 (S.D.N.Y. Dec. 14, 2017) ("The fact that no class members have explicitly objected to these attorneys' fees supports their award.") (citation omitted); *In re Veeco Instruments Inc. Sec. Litig.*, No. 05 MDL 01695 (CM), 2007 WL 4115808, at *10 (S.D.N.Y. Nov. 7, 2007) (reaction of class members to fee and expense requests "'is entitled to great weight by the Court'" and absence of any objections "suggests that [a] fee request is fair and reasonable") (citation omitted); *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, No. 02-CV-3400 (CM), 2010 WL 4537550, at *29 (S.D.N.Y. Nov. 8, 2010) (absence of objections to counsel's fee and expense request "attests to the approval of the Class" and supports approval). The absence of any objections to a modest $5,000 incentive award to Lead Plaintiff likewise strongly weighs in favor of its approval.

---

[2] In fact, Lead Plaintiff seeks reimbursement of $22,300.51 in expenses. *See* ECF 64.

**CONCLUSION**

For the reasons above and the opening papers in support of the Motions, Lead Plaintiff and Lead Counsel respectfully request that the Court approve the proposed Settlement and Plan of Allocation as fair, reasonable and adequate, approve the request for attorneys' fees and expenses and a $5,000 incentive award to Lead Plaintiff, and grant such other and further relief as the Court deems just and proper. The proposed Final Judgment is attached to the Stipulation as Exhibit B thereto (ECF 55-1.)

Dated: New York, New York
January 8, 2021

**LEVI & KORSINSKY, LLP**

*/s/ Gregory M. Nespole*
Joseph E. Levi
Gregory Mark Nespole
55 Broadway, 10th Floor
New York, NY 10006
T: (212) 363-7500
F: (212) 363-7171
E: jlevi@zlk.com
  gnespole@zlk.com

*Attorneys for Lead Plaintiff and the Class*

6