UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: May 3, 2021

KEVIN D. MEYER, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

UNITED MICROELECTRONICS CORPORATION, SHAN-CHIEH CHIEN, JASON WANG, PO-WEN YEN, and CHITUNG LIU,

Defendants.

No. 19-cv-2304-VM

**FINAL JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF SETTLEMENT, AWARDING ATTORNEYS' FEES AND EXPENSES AND INCENTIVE AWARD, <u>AND DISMISSAL WITH PREJUDICE</u>**

On the 3 day of May, 2021, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated June 30, 2020 (the "Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Settlement Class against (Defendants United Microelectronics Corporation ("UMC" or the "Company") and certain of its current and former officers and/or directors, including Shan-Chieh Chien, Jason Wang, Po-Wen Yen, and Chitung Liu (collectively with UMC, "Defendants"); and (2) whether to approve the proposed Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund among members of the Settlement Class; and

The Court having considered all matters submitted to it at the hearing and otherwise being fully informed of the pending matters and good cause appearing therefor; and

It appearing that the Notice substantially in the form approved by the Court in the Court's Order for Hearing and Notice Directing: (A) Issuance of Notice of Proposed Class Action Settlement; and (B) Setting Date for Final Settlement Fairness Hearing (the "Preliminary Approval Order") was mailed to all reasonably identifiable members of the Class; and

It appearing that the Postcard Notice substantially in the form approved by the Court in the Preliminary Approval Order was published in accordance with that Order and the specifications of the Court;

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. This Final Judgment incorporates by reference the definitions in the Stipulation and all capitalized terms used herein have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2. The Court has jurisdiction over the subject matter of the Action, Lead Plaintiff, all members of the Settlement Class and Defendants.

3. The Court finds that the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Lead Plaintiff are typical of the claims of the Settlement Class they seek to represent; (d) Lead Plaintiff fairly and adequately represents the interests of the Settlement Class; (e) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available

methods for the fair and efficient adjudication of this Action. The Settlement Class is being certified for settlement purposes only.

4. Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court hereby certifies this action as a class action for settlement purposes only, and certifies as the Settlement Class all Persons or entities that purchased or otherwise acquired UMC American Depositary Shares ("ADSs") between October 28, 2015 and November 1, 2018, inclusive, and that were allegedly damaged thereby. Excluded from the Settlement Class are:

    a. Defendants, and all current and former officers, directors or partners of UMC, its affiliates, parents, or subsidiaries; any corporation, trust or other entity in which any Defendant has or had a controlling interest; and the members of the immediate families of the Defendants, and Defendants' legal representatives, heirs, successors and assigns, any entity in which any excluded person has or has had a controlling interest, and UMC predecessors; and

    b. Those persons who excluded themselves by filing timely and valid requests for exclusion in accordance with the Preliminary Approval Order, a list of whom is attached to this Order as Exhibit A.

    c. Persons who have a net profit in purchases and sales of UMC ADSs or otherwise suffered no compensable damages during the Class Period.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby approves the Settlement set forth in the Stipulation and finds that in light of the benefits of the Settlement Class, the complexity and expense of further litigation, the Settlement is, in all respects, fair, reasonable, and adequate, having considered and found that: (a) Lead Plaintiff and Lead Counsel have adequately represented the Settlement Class; (b) the proposal was negotiated at arm's length; (c) the relief provided for the Settlement Class is adequate, having taken into account

(i) the costs, risk, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Class Plaintiffs' claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (d) the proposed Plan of Allocation treats Class Plaintiffs equitably relative to each other.

6. Accordingly, Mark Nelson, previously appointed by the Court as Lead Plaintiff, is certified as class representative; and the law firm of Levi & Korsinsky, LLP, previously appointed by the Court as Lead Counsel, is hereby appointed counsel for the Settlement Class ("Class Counsel").

7. The Court hereby finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions met the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all persons entitled to such notice. No Class Plaintiff is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Class Plaintiff failed to receive actual or adequate notice. A full opportunity has been offered to Class Plaintiffs to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Settlement Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged. Thus, it is hereby determined that all Class Plaintiffs are bound by this Order and Final Judgment except those persons listed on Exhibit A to this Order and Final Judgment.

8. The Settlement is approved as fair, reasonable and adequate, and in the best interests of the Settlement Class. Lead Plaintiff and Defendants are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

9. The Action is hereby dismissed with prejudice and without costs, except as provided for in the Stipulation.

10. Upon the Effective Date, Lead Plaintiff and all Class Plaintiffs, on behalf of themselves, their current and former heirs, executors, administrators, successors, attorneys, legal representatives, insurers, and assigns, hereby forever release and discharge the Released Defendant Parties from any and all Settled Claims. Lead Plaintiff and the Class Plaintiffs, and anyone acting or purporting to act for any of them, are hereby permanently and forever enjoined from prosecuting, attempting to prosecute, or assisting others in the prosecution of the Settled Claims.

11. Upon the Effective Date, Defendants and their successors in interest or assigns, hereby forever release and discharge any and all of the Settled Defendants' Claims against Lead Plaintiff, any of the Class Plaintiffs and any of their counsel, including Class Counsel and any counsel working under Class Counsel's direction.

12. All Class Plaintiffs are hereby forever barred and enjoined from prosecuting any of the Released Claims against any of the Released Defendant Parties.

13. The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Class Plaintiffs.

14. In accordance with 15 U.S.C. § 78u-4(f)(7) and any other applicable law or regulation, any and all claims which are brought by any person or entity against the Released Parties (a) for contribution or indemnification arising out of any Settled Claim, or (b) where the

damage to the claimant is measured by reference to the claimant's liability to the Lead Plaintiff or the Settlement Class, are hereby permanently barred and discharged.

15. The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

16. Neither this Order and Final Judgment, the Stipulation, nor any of the negotiations, documents or proceedings connected with them shall be:

  a. referred to or used against the Released Defendant Parties or against the Lead Plaintiff or the Settlement Class as evidence of wrongdoing by anyone;

  b. construed against the Released Defendant Parties or against the Lead Plaintiff or the Settlement Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

  c. construed as, or received in evidence as, an admission, concession or presumption against the Settlement Class or any of them, that any of their claims are without merit or that damages recoverable under the Amended Complaint would not have exceeded the Settlement Fund; or

  d. used or construed as an admission of any fault, liability or wrongdoing by any person or entity, or offered or received in evidence as an admission, concession, presumption or inference against any of the Released Defendant Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal, other than such proceedings as may be necessary to consummate or enforce the Stipulation. Defendants and/or their respective Released Defendant Parties may file the Stipulation and/or this Judgment in any other action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, statute of limitations, statute of repose,

good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

17. Class Counsel are hereby awarded  30  % of the Settlement Fund in fees, which sum the Court finds to be fair and reasonable, and $ 22,300.51  in reimbursement of expenses, which shall be paid to Class Counsel from the Settlement Fund. Lead Plaintiff Mark Nelson is hereby awarded $ 5,000  as a service award in recognition of his substantial assistance in prosecuting this case.

18. In making this award of fees and expenses to be paid from the Settlement Fund, the Court has considered and found that:

   a. the Settlement has resulted in the creation of the Settlement Fund of $3,000,000 that is already on deposit, and that numerous Class Plaintiffs who submit valid Proofs of Claim will benefit from the Settlement achieved by Class Counsel;

   b. the Notice that was distributed to putative Class members explained that Class Counsel was moving for attorneys' fees in an amount not to exceed 30% of the Settlement Fund and for reimbursement of actual expenses, and  0  objections were filed against the terms of the proposed Settlement or the ceiling on the fees and expenses to be requested as disclosed in the Notice;

   c. Class Counsel have conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

   d. the Action involves complex legal and factual issues and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of these complex issues;

  e. had Class Counsel not achieved the Settlement, there would remain a significant risk that the Class may have recovered less or nothing from the Defendants; and

  f. the amount of Counsel Fees and Expenses reimbursed from the Settlement Fund is fair and reasonable and consistent with awards in similar cases.

19. Exclusive jurisdiction is hereby retained over Defendants and the Class Plaintiffs for all matters relating to the Action, including the administration, interpretation, effectuation or enforcement of the Stipulation or Settlement and this Order and Final Judgment.

20. Without further order of the Court, Defendants and Lead Plaintiff may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

21. The finality of this Order and Final Judgment shall not be affected, in any manner, by rulings that the Court may make on Class Counsel's application for an award of Attorneys' Fees and Expenses.

22. In the event that the Settlement does not become final and effective in accordance with the terms and conditions set forth in the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the funder(s), then this Order and Final Judgment shall be rendered null and void and be vacated and the Settlement and all orders entered in connection therewith shall be rendered null and void (except as provided in paragraphs 13, and 36-37 in the Stipulation), and the parties shall be deemed to have reverted to their respective status prior to the execution of this Stipulation, and they shall proceed in all respects as if the Stipulation had not been executed and the related orders had not been entered, preserving in that event all of their respective claims and defenses in the Action, and shall revert to their respective positions in the Action as at September 27, 2019.

23. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Dated: April 30, 2021
      New York, New York

_____
Victor Marrero
U.S.D.J.